### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **CESIUMASTRO, INC.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CASE NO. 1:24-CV-314** |
| | § | |
| **ERIK LUTHER and ANYSIGNAL, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

---

## DEFENDANT ERIK LUTHER'S VERIFIED ANSWER TO PLAINTIFF'S COMPLAINT

---

Defendant Erik Luther, by and through counsel, and files this Verified Answer to Plaintiff's Complaint and Jury Demand (Doc. 1). As shown below, this lawsuit is frivolous; unsupported by, and in many instances contrary to, the facts, the law and/or the evidence, most of which is already available to Plaintiff; and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Texas Rule of Civil Procedure 11 ("Rule 11"). As such, Plaintiff is not entitled to any of the relief it seeks. Although not required, Defendant has verified his Answer to further buttress his responses and lay bare Plaintiff's wrongdoing.

### I.       DEFENDANT'S ANSWER

### INTRODUCTION

1.       Defendant admits that he was the Vice President of Product at CesiumAstro. The remaining allegations in paragraph 1 are false, unsupported by any legitimate evidence, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11 and are, therefore, denied.

2.       Defendant admits that he was the Vice President of Product at CesiumAstro and

had access to confidential information during his employment. Defendant denies the remaining allegations in paragraph 2.

3.      The allegations in paragraph 3 are knowingly false, unsupported by evidence already in Plaintiff's possession, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11 and are, therefore, denied.

4.      The allegations in the first and third sentences of paragraph 4 are not only false, unsupported by any evidence and brought in bad faith in violation of Rule 11, but invented out of whole cloth and are, therefore, denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 4. Defendant denies the remaining allegations in paragraph 4.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 related to AnySignal's investors, products, or business operations. The remaining allegations in paragraph 5 are not only false, unsupported by any evidence and brought in bad faith in violation of Rule 11, but invented out of whole cloth and are, therefore, denied.

6.      Defendant denies any liability whatsoever for any of Plaintiff's causes of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

## **PARTIES**

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      Defendant admits the allegations in paragraph 8.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

## VENUE AND JURISDICTION

10.     Defendant admits that the Court has subject-matter jurisdiction over Plaintiff's cause of action under the Defend Trade Secrets Act, but denies that the Court should exercise supplemental jurisdiction over Plaintiff's remaining claims.

11.     Defendant admits that the Court has personal jurisdiction over Defendant and that, to the extent the Court has jurisdiction, venue is proper in the Western District of Texas. To the extent necessary, Defendant denies the remaining allegations in paragraph 11.

12.     The allegations in the first sentence of paragraph 12 state legal conclusions as to an unrelated co-defendant but, to the extent necessary, Defendant denies them. The remaining allegations in paragraph 12 are not only false, unsupported by any evidence and brought in bad faith in violation of Rule 11, but invented out of whole cloth and are, therefore, denied.

## FACTUAL BACKGROUND

13.     Defendant denies the allegation in paragraph 13 that Plaintiff is an industry leader. Defendant admits the remaining allegations in paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16.     Many of the allegations in paragraph 16, including whether certain information or documents constitute protected intellectual property, confidential information or trade secrets, are

legal conclusions for which no response is required but, to the extent necessary, Defendant denies them. Defendant denies the remaining allegations in paragraph 16.

17.    Many of the allegations in paragraph 17, including whether certain information or documents constitute protected intellectual property, confidential information or trade secrets, are legal conclusions for which no response is required but, to the extent necessary, Defendant denies them. Defendant denies the remaining allegations in paragraph 17.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20.    Defendant denies the allegations in paragraph 20.

21.    Defendant admits the allegations in paragraph 21.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23.    Defendant admits he signed the PIIA in December 2020, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant denies the remaining allegations in paragraph 23.

24.    Defendant admits that most of the language quoted by Plaintiff in paragraph 24 is from the PIIA, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant denies the remaining allegations in paragraph 24.

25.    Defendant admits that most of the language quoted by Plaintiff in paragraph 25 is from the PIIA, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant denies the remaining allegations in paragraph 25.

26.     Defendant admits that most of the language quoted by Plaintiff in paragraph 26 is from the PIIA, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant denies the remaining allegations in paragraph 26.

27.     Defendant admits that most of the language quoted by Plaintiff in paragraph 27 is from the PIIA, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant denies the remaining allegations in paragraph 27.

28.     Defendant admits that most of the language quoted by Plaintiff in paragraph 28 that is attributed to the PIIA is from the PIIA, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 related to the Employee Handbook and therefore denies them. Defendant denies the remaining allegations in paragraph 28.

29.     Defendant admits that most of the language quoted by Plaintiff in paragraph 29 is from the PIIA, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant denies the remaining allegations in paragraph 29.

30.     Defendant admits that most of the language quoted by Plaintiff in paragraph 30 is from the PIIA, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant denies the remaining allegations in paragraph 30.

31.     Defendant admits that most of the language quoted by Plaintiff in paragraph 31 is from the PIIA, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant denies the remaining allegations in paragraph 31.

32.     Defendant admits that most of the language quoted by Plaintiff in paragraph 32 is from the PIIA, but notes that the PIIA is not attached as an exhibit to the Complaint as alleged. Defendant denies the remaining allegations in paragraph 32.

33.     Defendant denies the allegations in paragraph 33.

34.     Defendant admits that his initial title at Plaintiff was Director of Business Development, Commercial Programs; that he was eventually given the title Vice President of Product; and that he had access to some of Plaintiff's confidential information and trade secrets during his employment. Defendant denies the remaining allegations in paragraph 34.

35.     Defendant admits that he has known John Malsbury and other individuals who now work at AnySignal since before Defendant worked at Plaintiff or AnySignal was formed; and that, prior to beginning his employment at Plaintiff, Defendant disclosed (and Plaintiff approved) his advisory role with Qoherent. Defendant denies the remaining allegations in paragraph 35.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37.     Defendant admits that he had access to some of Plaintiff's confidential information and trade secrets during his employment. Defendant denies the remaining allegations in paragraph 37.

38.     Defendant admits that he had access to some of Plaintiff's confidential information and trade secrets during his employment. Defendant denies the remaining allegations in paragraph 38.

39.     The allegations in paragraph 39 are knowingly false, unsupported by evidence already in Plaintiff's possession, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11 and are, therefore, denied.

40.     Defendant admits the allegations in the first, second, and third sentences of paragraph 40. Defendant also admits that at the time of his resignation he stated a desire to join a

smaller company following his employment at Plaintiff, but denies that he was referring to AnySignal. Defendant denies the remaining allegations in paragraph 40.

41.     Defendant admits that he accessed files on August 18, 2023, but denies that he did so for any purpose other than to properly carry out his employment duties and responsibilities and complete tasks to assist Plaintiff's business. Defendant denies the remaining allegations in paragraph 41.

42.     Defendant admits that he resigned his position at Plaintiff on August 21, 2023; that he requested a modification of the non-competition covenant in the PIIA; and that Plaintiff denied his request. Defendant denies the remaining allegations in paragraph 42.

43.     Defendant admits that August 21, 2023, was his last day of employment at Plaintiff even though he requested an end date of September 1, 2023; that he requested a modification of the non-competition covenant in the PIIA; and that Plaintiff denied his request. Defendant denies the remaining allegations in paragraph 43.

44.     Defendant admits that he inadvertently left his company laptop at home on August 21, 2023; and that he immediately made several trips to his home to retrieve the laptop and other items as quickly as possible. The remaining allegations in paragraph 44 are not only false, unsupported by any evidence and brought in bad faith in violation of Rule 11, but invented out of whole cloth and are, therefore, denied.

45.     Defendant admits that he reset his company iPad before returning it, but denies that he did so for any purpose other than to ensure his AppleID was disconnected and protect his personal information. The remaining allegations in paragraph 45 are not only false, unsupported by any evidence and brought in bad faith in violation of Rule 11, but invented out of whole cloth and are, therefore, denied.

46.     Defendant admits that he accessed files on August 21, 2023, but denies that he did so for any purpose other than to properly carry out his employment duties and responsibilities, including to complete tasks and help his team with the transition. Defendant denies the remaining allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47, including that he has violated the "Termination Certificate" in any way. Defendant further notes that the "Termination Certificate" is not attached as an exhibit to the Complaint as alleged.

48.     The allegations in paragraph 48 are not only false, unsupported by any evidence and brought in bad faith in violation of Rule 11, but invented out of whole cloth and are, therefore, denied.

49.     Defendant denies the allegations in paragraph 49. Moreover, to the extent Defendant used his personal email account for work purposes, he did so solely to assist in carrying out his employment duties and responsibilities for Plaintiff with Plaintiff's explicit or tacit knowledge and approval.

50.     Defendant denies the allegations in paragraph 50. To the extent Defendant used his personal email account for work purposes, he did so solely to assist in carrying out his employment duties and responsibilities for Plaintiff with Plaintiff's explicit or tacit knowledge and approval.

51.     Defendant denies the allegations in paragraph 51 because they are not only false, unsupported by any evidence and brought in bad faith in violation of Rule 11. Moreover, to the extent Defendant used his personal email account for work purposes, he did so solely to assist in carrying out his employment duties and responsibilities for Plaintiff with Plaintiff's explicit or tacit knowledge and approval.

52.     Defendant denies the allegations in paragraph 52. To the extent Defendant used his

personal email account for work purposes, he did so solely to assist in carrying out his employment duties and responsibilities for Plaintiff with Plaintiff's explicit or tacit knowledge and approval.

53.     Defendant admits that he had access to some of Plaintiff's confidential information and trade secrets during his employment, but denies that he communicated any such information to AnySignal. Plaintiff's allegations to the contrary are not only false, unsupported by any evidence and brought in bad faith in violation of Rule 11, but invented out of whole cloth and are, therefore, denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 related to AnySignal and therefore denies them. Defendant denies all remaining allegations.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55.     Defendant admits that he had access to some of Plaintiff's confidential information and trade secrets during his employment, but denies that he communicated any such information to AnySignal. Plaintiff's allegations to the contrary are not only false, unsupported by any evidence and brought in bad faith in violation of Rule 11, but invented out of whole cloth and are, therefore, denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 related to AnySignal and therefore denies them. Defendant denies all remaining allegations.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

57.     Defendant admits that he had access to some of Plaintiff's confidential information and trade secrets during his employment, but denies that he communicated any such information to AnySignal. Plaintiff's allegations to the contrary are not only false, unsupported by any evidence

and brought in bad faith in violation of Rule 11, but invented out of whole cloth and are, therefore, denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 related to AnySignal and therefore denies them. Defendant denies all remaining allegations.

58.     The allegations in paragraph 58 are knowingly false, contrary to the evidence already in Plaintiff's possession, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11 and are, therefore, denied.

59.     Defendant admits the allegations in the first sentence of paragraph 59. Defendant denies the allegations in the second sentence of paragraph 59. The allegations in the third sentence of paragraph 59 are knowingly false, contrary to the evidence already in Plaintiff's possession, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11 and are, therefore, denied.

60.     Defendant admits that he sent Plaintiff a letter on September 5, 2023, but denies all remaining allegations in paragraph 60.

61.     Plaintiff's allegations in paragraph 61 knowingly and deliberately misstate the communications between Plaintiff and Defendant in flagrant violation of Rule 11. These allegations are, therefore, denied.

62.     Plaintiff's allegations in paragraph 62 knowingly and deliberately misstate the communications between Plaintiff and Defendant in flagrant violation of Rule 11. These allegations are, therefore, denied.

63.     Plaintiff's allegations in paragraph 63 knowingly and deliberately misstate the communications between Plaintiff and Defendant and the parties' agreed forensic protocol in

flagrant violation of Rule 11. These allegations are, therefore, denied.

64.     Plaintiff's allegations in paragraph 64 knowingly and deliberately misstate the communications between Plaintiff and Defendant and are contrary to the evidence already in Plaintiff's possession in flagrant violation of Rule 11. These allegations are, therefore, denied.

65.     Plaintiff's allegations in paragraph 65 knowingly and deliberately misstate the communications between Plaintiff and Defendant and are contrary to the evidence already in Plaintiff's possession in flagrant violation of Rule 11. These allegations are, therefore, denied.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Misappropriation Under and Violation of Defend Trade Secrets Act ("DTSA") 18 U.S.C. § 1836 Against Both Defendants**

66.     Defendant incorporates by reference each and every answer set forth herein.

67.     Defendant denies any liability whatsoever for Plaintiff's causes of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

68.     Defendant denies any liability whatsoever for Plaintiff's causes of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

69.     Defendant denies any liability whatsoever for Plaintiff's causes of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

70.     Defendant denies any liability whatsoever for Plaintiff's causes of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

71.     Defendant denies any liability whatsoever for Plaintiff's causes of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

72.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

73.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

74.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

75.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him

unnecessary legal expenses in flagrant violation of Rule 11.

76.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

## SECOND CAUSE OF ACTION

### Misappropriation Under and Violation of the Texas Uniform Trade Secrets Act Tex. Civ. Prac. & Rem. Code § 134A Against Both Defendants

77.    Defendant incorporates by reference each and every answer set forth herein.

78.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

79.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

80.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

81.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff,

and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

82.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

83.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

84.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

85.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

86.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

87.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This

lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

## THIRD CAUSE OF ACTION

### Breach of Contract (PIIA) Against Luther

88.     Defendant incorporates by reference each and every answer set forth herein.

89.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

90.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

91.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

92.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

93.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This

lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

94.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

95.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

96.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

97.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

98.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

99.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

100.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

## **FOURTH CAUSE OF ACTION**

### **Breach of Fiduciary Duty and Duty of Loyalty [sic] Against Luther**

101.     Defendant incorporates by reference each and every answer set forth herein.

102.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

103.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

104.     Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

105.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

106.    Defendant denies any liability whatsoever for Plaintiff's cause of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11.

### FIFTH CAUSE OF ACTION

### Tortious Interference with Contract (PIIA) Against AnySignal

107.    Defendant incorporates by reference each and every answer set forth herein.

108.    The allegations in this paragraph state claims and legal conclusions against an unrelated co-defendant but, to the extent necessary, Defendant denies them.

109.    The allegations in this paragraph state claims and legal conclusions against an unrelated co-defendant but, to the extent necessary, Defendant denies them.

110.    The allegations in this paragraph state claims and legal conclusions against an unrelated co-defendant but, to the extent necessary, Defendant denies them.

111.    The allegations in this paragraph state claims and legal conclusions against an unrelated co-defendant but, to the extent necessary, Defendant denies them.

112.    The allegations in this paragraph state claims and legal conclusions against an unrelated co-defendant but, to the extent necessary, Defendant denies them.

113.    The allegations in this paragraph state claims and legal conclusions against an unrelated co-defendant but, to the extent necessary, Defendant denies them.

## DEMAND FOR JURY TRIAL

114.     As stated above, because this lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11, there are no issues triable to a jury.

## PRAYER FOR RELIEF

Defendant denies any liability whatsoever for Plaintiff's claims and causes of action. This lawsuit is frivolous, unsupported by the facts, the law and/or the evidence available to Plaintiff, and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11. As such, Plaintiff is not entitled to any of the relief it seeks.

## II.     GENERAL DENIAL

Defendant denies all allegations and inferences of the Complaint not expressly admitted in this Answer, denies acting unlawfully with respect to Plaintiff, and denies causing recoverable damages to Plaintiff, as alleged in the Complaint or at all.

## III.    AFFIRMATIVE DEFENSES

For the following defenses, including affirmative defenses, Defendant incorporates by reference each and every answer set forth herein.

1.     Plaintiff's claims should be dismissed in their entirety because Plaintiff's fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part because, at all relevant times, Defendant has acted in good faith.

3.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not sustain

any injuries or damages as a result of any acts or omissions by Defendant.

4.      Plaintiff's claims are barred, in whole or in part, by its failure to mitigate or minimize the alleged damages.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

7.      Plaintiff's claims are barred to the extent the confidential and/or proprietary business information that Plaintiff claims Defendant misappropriated does not qualify as trade secrets under the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, or common law.

8.      Plaintiff's claims are barred, in whole or in part, because Defendant's alleged acts or omissions were legally privileged and/or justified.

9.      Plaintiff is not entitled to injunctive relief because more reasonable actions that are less prejudicial and harmful to Defendant would adequately protect any legitimate business interests of Plaintiff regarding the use or disclosure of any confidential information or trade secrets. Such actions include without limitation Plaintiff reversing its bad faith decision to withdraw from the forensic analysis and remediation process that Plaintiff and Defendant agreed to through the agreed forensic protocol.

10.     Plaintiff is not entitled to injunctive relief because Plaintiff has not identified any confidential information or trade secrets in Defendant's possession that Defendant has not already produced as part of the forensic analysis and remediation process that Plaintiff and Defendant agreed to through the agreed forensic protocol.

11.     Plaintiff is not entitled to injunctive relief because Plaintiff cannot satisfy the

standards for injunctive relief, including: because Plaintiff has no likelihood of success on the merits of its claims against Defendant; without conceding any wrongdoing, Plaintiff has an adequate remedy at law; without conceding any wrongdoing, Plaintiff has not suffered irreparable harm; without conceding any wrongdoing, the harm to Defendant if he is enjoined far outweighs any purported harm to Plaintiff; and any injunction against Defendant would be contrary to the public interest and only encourage Plaintiff and its counsel to continue violating Rule 11.

12.     Plaintiff is not entitled to injunctive relief because Plaintiff failed to use reasonable efforts to protect its confidential information or trade secrets, including without limitation by explicitly allowing employees to use their personal mobile devices for work purposes. CesiumAstro also explicitly or tacitly allowed Defendant to use his personal email account to assist in carrying out his employment duties and responsibilities for Plaintiff.

13.     Plaintiff's common law claim for attorneys' fees fails because the Covenants Not to Compete Act provides that, in contract actions involving covenants not to compete, the remedies in Texas Business & Commerce Code § 15.51 are exclusive and preempt any other remedies, including the award of attorneys' fees. *See, e.g.,* Tex. Bus. & Com. Code § 15.52(a); *Franlink, Inc. v. GJMS Unlimited, Inc.*, 401 S.W.3d 705, 708-09 (Tex. App.—Houston [14th Dist.] 2003, pet. denied); *Glattly v. Air Starter Components, Inc.*, 332 S.W.3d 620, 645 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Perez v. Texas Disposal Sys.*, 103 S.W.3d 591, 593-94 (Tex. App.—San Antonio 2003, pet. denied).

Defendant specifically reserves the right to assert additional defenses, claims, counterclaims, cross-claims, and/or causes of action that may become appropriate based upon investigation or other discovery that may occur during the course of the litigation.

## IV.   ATTORNEYS' FEES

1.      Defendant seeks recovery of his reasonable attorneys' fees and costs against Plaintiff pursuant to the Defend Trade Secrets Act (DTSA)—18 U.S.C. § 1836(b)(3)(D)—and the Texas Uniform Trade Secrets Act (TUTSA)—Tex. Civ. Prac. & Rem. Code § 134A.005—because Plaintiff has brought its DTSA and/or TUTSA claims against Defendant in bad faith.

2.      Defendant seeks recovery of his reasonable attorneys' fees and costs against Plaintiff pursuant to Tex. Bus. and Comm. Code § 15.51(c). Defendant will show that the primary purpose of the PIIA (allegedly attached to Plaintiff's Complaint as Exhibit A), which is the basis of some of Plaintiff's allegations, was to obligate Defendant to render personal services; Plaintiff knew at the time of the execution of the PIIA that the non-competition restrictive covenants therein did not contain limitations as to time, geographical area, and scope of activity to be restrained that were reasonable and the limitations imposed a greater restraint than necessary to protect Plaintiff's goodwill or other business interest; and Plaintiff is seeking to enforce the non-competition restrictive covenants to a greater extent than is necessary to protect Plaintiff's goodwill or other business interest based on the facts and evidence.

## V.   PRAYER FOR RELIEF

Defendant requests the following relief:

1.      That Plaintiff the Complaint be dismissed with prejudice or judgment be entered against Plaintiff in favor of Defendant with Plaintiff taking nothing by reason of its claims;

2.      That the Court award Defendant monetary sanctions against Plaintiff and Plaintiff's counsel for violating Rule 11;

3.      That the Court award Defendant his reasonable attorneys' fees and costs, along with post-judgment interest at the maximum rate permitted by law; and

4.      That Defendant be awarded other and further relief, at law or in equity, to which he is justly entitled.

Respectfully submitted,

/s/ *Collin K. Brodrick*
Collin K. Brodrick
TX State Bar No. 24087212
OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.
collin.brodrick@ogletree.com
8117 Preston Road, Suite 500
Dallas, TX  75225
214-692-0168 (phone)
214-987-3927 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2024, a true and correct copy of the foregoing document was served via the Court's ECF system on the following:

David S. Almeling
dalmeling@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111

Kristin C. Cope
kcope@omm.com
Patrick V. Plassio
pplassio@omm.com
O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, Texas 75201

/s/ *Collin K. Brodrick*
Collin K. Brodrick

## **VERIFICATION**

My name is Erik Luther. I have read section "I. Defendant's Answer" of the foregoing

Verified Answer and declare under penalty of perjury under the laws of the United States of

America that the information contained in that section is true and correct.

Executed on ___3/29/2024_____.

DocuSigned by:

*Erik Luther*

─────────────────────────
4CE80D5F6D374A1...

ERIK LUTHER

61447615.v2-OGLETREE