### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **CESIUMASTRO, INC.,** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CASE NO. 1:24-CV-314** |
| | § | |
| **ERIK LUTHER and ANYSIGNAL, INC.,** | § | |
| *Defendants*. | § | |

---

### DEFENDANT ERIK LUTHER'S EMERGENCY REQUEST FOR JUDICIAL CONFERENCE, MOTION TO STAY, AND MOTION FOR RULE 11 SANCTIONS

---

For the reasons stated below, Defendant Erik Luther respectfully requests an emergency conference with Judge Pitman; for an immediate stay of this lawsuit; and for an award of monetary sanctions against Plaintiff and Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11 . Upon review of Plaintiff's Complaint (Doc. 1), Luther's Answer (Doc. 9), and the attached evidence, the Court will no doubt agree that this lawsuit is frivolous and baseless; unsupported by, and in many instances contrary to, the facts, the law, and the evidence already available to Plaintiff; and brought in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in flagrant violation of Rule 11. As such, before Luther is forced to needlessly expend even more of his limited resources, Luther urgently asks the Court to conduct an emergency conference to consider whether this case  should be stayed, whether Plaintiff should be ordered to re-engage in the forensic analysis and data remediation process the parties agreed upon, and whether Plaintiff and/or Plaintiff's counsel should be sanctioned under Rule 11.

### I.     ATTACHED EVIDENCE

**Exhibit A**     Declaration of Erik Luther

**Exhibit B**     Letter from Plaintiff's counsel to Luther on August 31, 2023

**Exhibit C**    Letter from Luther to Plaintiff's counsel on September 5, 2023

**Exhibit D**    All emails exchanged with Plaintiff's prior attorneys at Littler Mendelson P.C. regarding this dispute

**Exhibit E**    The Forensic Protocol agreed to by Plaintiff and Luther

## II.    <u>SUMMARY OF RELEVANT FACTS</u>

Luther was an employee at Plaintiff from early February 2021 until his resignation on August 21, 2023.[1] Luther's positions with the Plaintiff—which eventually ended with the title "Vice President of Product"—were dedicated to marketing and business development.[2] Luther has been employed at Saleae, Inc. as the Head of Marketing since September 5, 2023.[3] Immediately after Luther's resignation, Plaintiff embarked on a concerted campaign of harassment supposedly to enforce Luther's Proprietary Information and Inventions Agreement ("PIIA") (Exhibit B).

Luther attempted to cooperate with Plaintiff to return any files or data that belonged to Plaintiff, while also protecting his personal information, limit his legal fees, and asserting his contractual right to exercise his stock purchase option.[4] Upon receiving Plaintiff's initial cease and desist letter from one of Plaintiff's prior attorneys, Michael Royal of Littler Mendelson, dated August 31, 2023, Luther immediately performed a diligent search for any of Plaintiff's property in his possession, custody, or control.[5] He located some emails and other data, which he detailed in a letter to Plaintiff's counsel on September 5, 2023 (Exhibit C).[6] Upon retaining counsel, and

---

[1] Ex. A at ¶ 3.

[2] *Id.*

[3] *Id.* at ¶ 2.

[4] *Id.* at ¶¶ 9-11.

[5] *Id.* at ¶ 10.

[6] *See also, id.* at ¶ 10.

after Mr. Royal sent a list of data storage devices that had allegedly been connected to Luther's company laptop sometime during his employment, Luther conducted another search and discovered several portable hard drives that contained data that might belong to Plaintiff that he had inadvertently overlooked.[7]

Luther repeatedly stated his willingness to cooperate with remediation efforts, including offering to provide Plaintiff with a sworn declaration attesting to his diligent searches and compliance with the PIIA.[8] Plaintiff rejected these offers and ignored Luther's many inquiries about the stock purchase transaction.[9] Plaintiff continued to insist that Luther give Plaintiff access to all of his personal electronic devices, email accounts, and cloud accounts, even the ones that did not contain Plaintiff's property.[10] Plaintiff and Luther eventually agreed on a forensic analysis and remediation process that was memorialized in the Forensic Inspection Protocol Agreement (Exhibit E; hereafter, "Forensic Protocol") executed on January 30, 2024.[11]

Per the Forensic Protocol, Luther turned over several portable data storage devices, and granted access to several email accounts (including accounts belonging to his teenaged son who was a one-time video editor for Plaintiff), to a third-party vendor called TransPerfect on February 5 and 6, 2024.[12] TransPerfect searched the devices/accounts using certain search terms and uploaded the 2,402 "hits" to a Relativity database on February 15, 2024.[13] Once the database was

---

[7] *Id*. at ¶ 10; Ex. D-2 at pg. 6.

[8] Exs. D-2 at pgs. 6, D-4 at pg. 2, D-5 at pg. 7.

[9] Exs. D-2 at pgs. 1 and 3-6, D-4 at pgs. 1 and 4, D-5 at pgs. 4 and 7-10.

[10] Exs. A at ¶ 10, D-2 at pg. 3-7, D-4 at pgs. 1-5.

[11] *See also,* Exs. D-5 at pgs. 1-11, D-7 at pgs. 1-3.

[12] Exs. A at ¶¶ 10-11, D-5 at 1.

[13] Exs. E; D-6, D-7, D-8.

ready, *Plaintiff's counsel* conducted the initial review to determine which files Plaintiff believed should be remediated.[14] Littler completed the review on February 23 and identified 160 files.[15] After working through some technical issues regarding Relativity with TransPerfect, Luther's attorney completed his review on February 23.[16] However, Mr. Luther could not review the files because he was not allowed to see which ones Littler identified as "responsive."[17] Luther's counsel diligently communicated with TransPerfect to correct the issue without any resolution, so Luther's counsel sent Plaintiff's counsel an email on March 1 (Exhibit D-9) asking him to intervene quickly so the process could keep moving.[18] Plaintiff's counsel never responded and Plaintiff filed this lawsuit three weeks later.

### III.    PLAINTIFF'S ALLEGATIONS

The gist of Plaintiff's case is that because Luther, as the head of marketing and business development, had access to confidential information during his employment and assisted with presentations to investors, because Luther has known the CEO of AnySignal for years, and because (apparently, according to Plaintiff at least) AnySignal has contacted one of Plaintiff's investors and is developing competitive products, then it must be that Luther connected AnySignal with the investor and is feeding them Plaintiff's trade secrets.[19] Plaintiff's allegations are farcical.

Plaintiff does not cite any facts or evidence whatsoever linking Luther and any of

---

[14] *Id.*

[15] Ex. D-8 at pgs. 6-11.

[16] Ex. D-8 at pg. 8-11.

[17] Ex. D-9.

[18] Ex. D-9.

[19] *See* Plaintiff's Complaint and Jury Demand (Doc. 1; hereafter, "Plaintiff's Complaint") at ¶¶ 1-4, 34-57.

AnySignal's business efforts and the alleged evidence that Plaintiff does cite do not support Plaintiff's contentions. Plaintiff describes a few emails that Luther sent to his personal account, even though those emails were sent 5-18 months before he resigned.[20] Plaintiff asserts that Luther wrongfully connected flash drives to his company computer[21], even though connecting such drives was a routine and necessary part of the marketing team's work.[22] Plaintiff omits any mention as to *when* the flash drives were connected (presumably because it was months before his resignation). Plaintiff asserts that Luther must have been covering his tracks when he wiped his company iPad[23], even though resetting the iPad was necessary to ensure Luther's AppleID was disconnected and his personal data was protected from prying eyes.[24] Even so, wiping the iPad but not his company laptop does not make sense for someone supposedly trying to cover their tracks. Plaintiff's final allegation is that Luther accessed an unusual number of files in the days before his resignation[25], even though (as Plaintiff was no doubt aware) Luther was working hard to quickly complete outstanding tasks, including updating an investor pitch presentation, and to organize files and action items to assist his team with the transition.[26] Noticeably missing is any mention of metadata showing that Luther removed or downloaded the data to a flash drive or by any other means.

In addition to the obvious gaps in Plaintiff's assertions from the beginning, Plaintiff's allegations revealed that Plaintiff was fishing for a reasons to continue pursuing Luther. On

---

[20] Plaintiff's Complaint at ¶¶ 3, 49-51.

[21] Plaintiff's Complaint at ¶ 3.

[22] Ex. A at ¶ 3.

[23] *Id.*

[24] Ex. A at ¶ 7.

[25] *Id.*

[26] *Id.* at ¶ 6.

October 5, Michael Royal charged that Luther hiring a firm like Ogletree Deakins "indicates a competitor… has agreed to pay for Mr. Luther's legal expenses."[27] The day prior, Mr. Royal argued that Luther was violating his customer non-solicitation covenant by liking someone's LinkedIn post.[28] Plaintiff continued its bizarre allegations in this suit. For example, Plaintiff avers that Luther neglecting to bring his laptop to work on the day he resigned and apparently taking too long to retrieve it must have been "manufactured" so he could spoliate evidence,[29] even though Luther uses his laptop at the office and Plaintiff unexpectedly terminated him effective immediately.[30]

Plaintiff then takes the gigantic, Grand Canyon-sized leap from the paltry, easily-explainable evidence it cites to the remarkable allegation that Luther has been secretly assisting AnySignal and feeding them Plaintiff's trade secrets without citing ***any evidence whatsoever***.[31]

Plaintiff's house of cards falls apart completely when confronted with the rest of the context, namely Luther's cooperation in the remediation process and Plaintiff's counsel's possession of all of Luther's email accounts. If a smoking gun existed, such as evidence that Luther sent information or documents to AnySignal (or any third parties for that matter), communicated with Plaintiff's investors, or otherwise misappropriated Plaintiff's data, Plaintiff surely would have discovered it during the forensic analysis and mentioned it front and center in the Complaint. Instead, Plaintiff invents a grand conspiracy "upon information and belief" without any hard facts or supporting evidence.

---

[27] Ex. D-2 at pg. 5.

[28] Ex. D-3.

[29] Plaintiff's Complaint at ¶ 44.

[30] Ex. A at ¶ 6.

[31] Plaintiff's Complaint at ¶¶ 4, 48-57.

Regarding the forensic analysis, Plaintiff alleges that Luther obstructed the process and spoliated information.[32] Whereas the AnySignal claims are entirely baseless, these allegations are objectively false and directly contrary to the evidence in Plaintiff's possession. Luther's counsel exchanged at least 60 pages with Littler in the six months this dispute has been ongoing.[33] From the day the parties finalized the Forensic Protocol on January 31, 2024, to the day Littler went radio silent on March 1, 2024, Luther's attorney and Littler exchanged at least 61 emails with each other and TransPerfect.[34] Luther's attorney exchanged even more emails directly with TransPerfect. Further, Luther worked diligently to review the data and was waiting on Plaintiff and TransPerfect to fix technical issues in order to finish.[35]

Further, Plaintiff states that Luther wrongfully designated data as "attorneys' eyes only."[36] This too is false. Pursuant to the _agreed_ Forensic Protocol, all emails and related attachments that contained an @cesiumastro.com email address would be automatically designated as "confidential" and thereby shared with Plaintiff's personnel, while everything else would be automatically designated "attorneys' eyes only."[37] The purpose was to ensure that Luther's personal data was protected from Plaintiff's prying eyes. Per the Forensic Protocol, if Plaintiff needed to show a file to its employees to determine whether it belonged to the company, Plaintiff's

---

[32] _Id_. at ¶¶ 58-65.

[33] _See generally_, Exs. D-1, D-2, D-3, D-4, D-5, D-6, D-7, D-8, D-8. Plaintiff also accuses Luther of delaying resolution, even though, to the extent there was material delay, Littler caused much of it. At several points, Michael Royal went radio silent for weeks at a time. _Compare_ Exhibits D-1 at pg. 1 and D-2 at pg. 6; Exhibits D-2 at pg. 1 and D-4 at pg. 4; _see also_, Exhibit D-2 at pgs. 1-3.

[34] Exs. D-5, D-6, D-7, D-8, D-9.

[35] Ex. D-9.

[36] Plaintiff's Complaint at ¶¶ 12, 39, 64-65.

[37] Ex. E at ¶¶ 6-7; _see also_, Ex. D-8 at pgs. 7-8, 14, 18-19.

counsel could ask Luther.[38] Plaintiff apparently did not need Luther to downgrade any files for the review given that Littler stated on February 23 that they had completed the review.[39] Littler nevertheless asked on February 29 whether Luther would downgrade all of the files to "confidential" without stating a reason.[40] Given that much of the data was personal and Plaintiff had no right to it, Luther's attorneys rejected the request but offered to consider downgrading specific files if Plaintiff's counsel sent a list.[41] Plaintiff's counsel sent a list of 49 files, again without any justification for why they should be downgraded.[42] Contrary to Plaintiff's allegation in paragraph 65 of the Complaint—in which Plaintiff blatantly mischaracterizes the email exchange—Luther's attorney responded: "I'll take a look when I can, probably next week as I'm prioritizing the initial review."[43] Plaintiff's counsel never followed up.

Plaintiff also emphasizes Luther's supposed failure to produce a privilege log.[44] Plaintiff's contention is, again, directly contrary to the evidence. Luther's attorney communicated to Plaintiff's counsel on February 26 that he would a privilege log;[45] Luther's attorney was working with TransPerfect to create one; and Plaintiff's counsel never once asked about it.[46]

Despite these indisputable facts, Plaintiff inexplicably abandoned the process and moved

---

[38] Ex. E at ¶¶ 6-7.

[39] Ex. D-8 at pg. 11.

[40] Ex. D-8 at pgs. 1-5.

[41] *Id.*

[42] *Id.*

[43] *Id.*

[44] Plaintiff's Complaint at ¶ 64.

[45] Ex. D-8 at pg. 8.

[46] *See generally,* Exs. D-6, D-7, D-8, D-9.

forward with litigation.

## IV.    REQUEST FOR JUDICIAL CONFERENCE

Before being forced to continue wasting his family's precious resources dealing with Plaintiff's seemingly-endless harassment and fabricated accusations, Luther asks the Court to intervene now by conducting a conference with the parties to discuss the parties' next steps and Luther's motions below. Luther is also aware that Plaintiff intends to seek expedited discovery. In addition to being part and parcel of Plaintiff's bad faith and harassment, authorizing expedited discovery would give tacit legitimacy to Plaintiff's frivolous claims. Further, any such discovery is mooted by Luther's Declaration which addresses every possible issue and would be redundant to the remediation process that the parties already agreed to.

In scheduling a judicial conference, Luther notes that the undersigned attorney's wife is currently in early labor and could deliver a baby at any moment, after which counsel plans to take leave. Therefore, counsel humbly asks that the Court set the conference at least three weeks from today and stay the case in the meantime. Waiting to conduct the conference may also have the added benefit of allowing AnySignal the opportunity to participate.

## V.    MOTION TO STAY

Luther further requests that the Court immediately stay this lawsuit and order Plaintiff to re-engage in the forensic analysis and data remediation process according to the agreed Forensic Protocol. Completing the remediation process—combined with Luther's Declaration—should more than satisfy any legitimate concerns Plaintiff may have regarding Luther's potential use or disclosure of its confidential information and trade secrets.[47]

---

[47] Luther's Declaration at ¶¶ 9, 13

## VI.    <u>MOTION FOR RULE 11 SANCTIONS</u>

The conduct of Plaintiff and Plaintiff's attorneys since Luther's resignation, including their unreasonable demands, baseless accusations, abandonment of the agreed-upon forensic process despite Luther's good faith cooperation, and pursuit of a facially frivolous lawsuit with allegations that are baseless and contrary to the evidence in Plaintiff's possession, clearly demonstrate that Plaintiff is prosecuting this case in bad faith for the purpose of further harassing Defendant and causing him unnecessary legal expenses in violation of Rule 11.

Under Rule 11 and applicable Fifth Circuit precedent, the Court can impose sanctions if a document has been presented for an improper purpose (e.g., to harass or to cause unnecessary delay or expense) and if the factual contentions lack evidentiary support or are unlikely to have evidentiary support after a reasonable opportunity for investigation or discovery.[48] The Court also has inherent power to impose sanctions for bad-faith conduct.[49] Whether to impose sanctions is an objective test determined by whether the attorney made a reasonable inquiry into the facts and law before signing and presenting the offending document.[50] The factors the Court may consider when evaluating pre-filing conduct include (1) the time available for investigation; (2) the extent to which the attorney relied on the client for facts; (3) the factual or legal complexity of the case; (4) the feasibility of investigation; and (5) whether discovery is necessary.[51]

All of the factors weigh in favor of sanctions. Plaintiff not only had more than enough time to conduct an investigation, but spent more than six months actually doing so, including reviewing

---

[48] *E.g.,* Fed. R. Civ. P. 11(b); *Mercury Air Grp. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2011).

[49] *In re First City Bancorporation*, 282 F.3d 864, 867 (5th Cir. 2002).

[50] Fed. R. Civ. P. 11(b); *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016).

[51] *Thornton v. General Motors Corp.*, 136 F.3d 450, 454 (5th Cir. 1998).

thousands of files obtained from Luther's electronic devices and email accounts. Luther is not aware of the extent to which Plaintiff's counsel relied on Plaintiff for facts, but any such reliance was unjustified considering counsel had access to hard evidence, including forensic data, prior counsel's emails and the Forensic Protocol. This case is not factually or legally complex and, even so, Plaintiff's attorneys have vast experience in the applicable legal areas according to their online biographies. Finally, discovery is decidedly unnecessary given that, again, Plaintiff's counsel had access to forensic data, prior counsel's emails and the Forensic Protocol.

These facts, combined with Plaintiff's overzealous pursuit of Plaintiff, unreasonable demands, wild accusations, yawning evidentiary gaps, deliberate mischaracterizations of events and communications, and unjustified abandonment of the forensic process demonstrate unequivocally that Plaintiff filed this lawsuit in bad faith for an improper purpose without evidentiary support. As such, Luther asks that the Court award him $16,200 in compensatory sanctions against Plaintiff and Plaintiff's counsel in reimbursement for the legal fees incurred in responding to this lawsuit so far (approximately 30 hours at $540/hour) and an additional $5,000 in punitive sanctions to deter future misconduct.

### VII.   PRAYER FOR RELIEF

Defendant requests the following relief:

1.      That the Court conduct an emergency judicial conference;

2.      That the Court stay this case and order Plaintiff to re-engage in the forensic analysis and data remediation process;

3.      That the Court award Defendant monetary sanctions against Plaintiff and Plaintiff's counsel; and

4.      That Defendant be awarded any other and further relief, at law or in equity, to which

he is justly entitled.

Respectfully submitted,

/s/ *Collin K. Brodrick*
Collin K. Brodrick
TX State Bar No. 24087212
OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
collin.brodrick@ogletree.com
8117 Preston Road, Suite 500
Dallas, TX  75225
214-692-0168 (phone)
214-987-3927 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, a true and correct copy of the foregoing document was served via the Court's ECF system on the following:

David S. Almeling
dalmeling@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111

Kristin C. Cope
kcope@omm.com
Patrick V. Plassio
pplassio@omm.com
O'MELVENY & MYERS LLP
2801 North Harwood Street, Suite 1600
Dallas, Texas 75201

/s/ *Collin K. Brodrick*
Collin K. Brodrick

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CESIUMASTRO, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 1:24-CV-314** |
| | § | |
| **ERIK LUTHER and ANYSIGNAL, INC.,** | § | |
| | § | |
| *Defendants.* | § | |

## DECLARATION OF ERIK LUTHER

1.      My name is Erik Luther. I am over 21 years of age, of sound mind, and otherwise competent to make this Declaration.

2.      I am currently the Head of Marketing at Saleae, Inc. I accepted an offer of employment from Saleae on August 20, 2021, and started on September 5, 2023. Saleae does not engage in any business activities that compete with CesiumAstro. In fact, Saleae is a supplier of CesiumAstro.

3.      I started working for CesiumAstro as its "Director of Business Development, Commercial Programs" in February 2021. I was eventually given the title of "Vice President of Product." My roles centered on marketing and business development. In carrying out my duties and responsibilities on CesiumAstro's behalf, my team and I routinely used flash drives and other mobile storage devices as we attended events and gave presentations. I also took photos of our marketing activities for the website and other purposes. I was told by the company to use my personal cell phone for work purposes. To the extent I used my personal electronic and data storage devices for work, it was solely to carry out my duties and responsibilities as a CesiumAstro employee to benefit the company.

1

4.      During my employment at CesiumAstro, I did not ever intentionally copy or retain any information, documents, files, or other materials belonging to CesiumAstro, or use my personal email or cloud accounts, for any purpose other than to carry out my duties and responsibilities as a CesiumAstro employee and for the company's benefit.

5.      During and following my employment at CesiumAstro, I have complied with all of my obligations under the Proprietary Information and Inventions Agreement ("PIIA") and other legal obligations in good faith to the best of my ability, including refraining from any communications with several longtime friends and contacts in the industry or any communications with CesiumAstro customers, employees, investors or potential investors, to avoid even the appearance of impropriety. I have never intentionally violated any of my contractual or legal obligations to CesiumAstro. I have never, at any point during or after my employment at CesiumAstro, in any form or fashion, directly or indirectly, knowingly disclosed any of CesiumAstro's proprietary information or trade secrets to any CesiumAstro competitor, or used any of CesiumAstro's proprietary information or trade secrets to benefit my personal interests, benefit a CesiumAstro competitor, or in any way harm CesiumAstro.

6.      I resigned my position at CesiumAstro on August 21, 2023. In my resignation letter, I stated that my last day of employment would be on September 1, 2023. CesiumAstro instead told me my employment would end immediately. I was not prepared for such a rapid exit from the company. I had been working hard late on Friday, August 18 and early on August 21 to quickly complete outstanding tasks, including updating an investor pitch presentation, and to organize files and actions to assist my team with the transition. I performed these tasks solely to benefit CesiumAstro.

7.      At CesiumAstro's request on August 21, I made several trips home to retrieve my

company laptop (which I primarily used outside the office because I had a desktop computer in the office) and any other property that belonged to the company. Before returning my company iPad—which, to my knowledge, did not contain any locally-stored company data—I reset the iPad solely in order to ensure my AppleID was disconnected and to protect my personal data. I returned everything that belonged to CesiumAstro that I knew of on that day and could reasonably discover given the rush.

8.     I asked CesiumAstro to narrow the language of the non-competition restrictive covenant in the PIIA not because I wanted to work for a competitor, but because—per the advice of an attorney I consulted—the covenant's language is so broad that it could potentially encompass even companies that merely supply components for products that are competitive with CesiumAstro's products. I did not at any point seriously consider going to work for a competitor. Upon CesiumAstro's refusal to narrow the language, I immediately abandoned pursuit of any potential jobs to which the non-competition covenant could reasonably apply. Again, I wanted to avoid even the appearance of impropriety.

9.     Immediately following my resignation, I attempted to exercise an option to purchase shares of CesiumAstro stock per my Stock Purchase Agreement and other related contracts with CesiumAstro. I sent CesiumAstro the necessary paperwork and the requisite $11,000 check in late August 2023. My attorney and I followed up with CesiumAstro many times regarding the status of the option transaction without any response. CesiumAstro finally sent me a letter on November 17, 2023, in which CesiumAstro stated that, because of supposed "misconduct," it would refuse to process my option transaction, thereby depriving me of stock potentially worth hundreds of thousands of dollars to which I am rightfully entitled.

10.     After receiving a letter from Michael Royal at Littler Mendelson dated August 31,

2023, I attempted to cooperate in good faith with CesiumAstro to return/remediate any files or other property belonging to CesiumAstro that might have been in my possession, custody, or control, while also attempting to assert my right to exercise my stock option and protect my personal data. As such, I immediately conducted an initial search of my emails, photos, and other locations and, upon discovering data that may belong to the company, I sent a letter on September 5, 2023, to Mr. Royal disclosing them and asking for next steps. Upon retaining counsel, and after Mr. Royal sent a list of data storage devices that had allegedly been connected to my company laptop, I performed another search in October 2023 and discovered three data storage devices that I had inadvertently overlooked during my initial search. I did not find any physical documents that belong to CesiumAstro in my searches. My understanding is that my attorney offered to remit the devices to CesiumAstro for analysis by a third-party forensic examiner in conjunction with a sworn declaration attesting to the diligent searches and repeatedly demanded that CesiumAstro process my stock purchase. CesiumAstro refused these offers instead demanding that I turnover *all* of my personal electronic devices for analysis and ignored my and my attorney's repeated demands to process my stock purchase. CesiumAstro eventually curtailed its outrageous demand and agreed to only analyze the devices and accounts that contained potential company data, which led to the agreed forensic protocol. While I accessed my electronic devices, email/cloud accounts and various file folders therein as part of my searches, I have not accessed any of the files themselves since resigning from CesiumAstro. To the extent I accessed any of the files prior to my resignation, it was solely to carry out my duties and responsibilities as a CesiumAstro employee to benefit the company.

11.     In compliance with the forensic protocol that CesiumAstro agreed to, I sent my attorney every electronic device in my possession, custody, or control that contained files that

might belong to CesiumAstro, which my attorney turned over to TransPerfect—the third-party forensic analysis firm engaged by CesiumAstro. I also gave TransPerfect access to every email account that might contain files belonging to CesiumAstro. To the best of my knowledge, TransPerfect is currently in possession of, or has access to, every electronic device and database that might contain files belonging to CesiumAstro.

12.     It is my understanding that, pursuant to the forensic protocol that CesiumAstro agreed to, TransPerfect analyzed all of the devices and data that I turned over. CesiumAstro's attorneys then reviewed the data to evaluate which files, in their opinion, belonged to CesiumAstro. Based on my initial review of the files that CesiumAstro's attorneys identified, the majority were marketing-related photos, footage for an investor promotional video, or emails and videos exchanged with my teenage son as part of his company-approved volunteer support of CesiumAstro as an on-site photographer and video editor, none of which contained proprietary information or trade secrets.

13.     During my employment, I was instructed by the CEO, Shey Sabripour, to send proprietary information to my personal mobile device on more than one occasion because he regularly used text messages to send attachments with confidential and proprietary markings to third parties. For example, the file entitled CesiumAstro_FORD_March_2023-Proprietary.pdf was sent from my work email to my personal email on April 22, 2023, at his specific and urgent request (while he was sitting next to me), enabling me to send him the file as a 'text message attachment' so that he in turn could send it on to a third party via text message. I did this on very rare occasions and only to the benefit of CesiumAstro with explicit or tacit knowledge and approval.

14.     I am aware that CesiumAstro identified through forensic analysis multiple electronic devices that were connected to my company laptop at some point that are now

unaccounted for. I do not know where they are, what they are, or if they were ever in my possession, custody, or control. I can only speculate that the missing devices were flash drives or camera memory cards that were used by me and/or another employee with access to my computer to facilitate the many marketing events and presentations that my team and I conducted. For all I know, the devices are currently in the possession of CesiumAstro or its employees.

15.     CesiumAstro's allegations of illegal conduct against me related to AnySignal are entirely fabricated and lack any legitimate basis. In August 2023, I exchanged limited communications and had a meeting with John Malsbury—the CEO of AnySignal, Inc. whom I have known for many years and had not talked to in at least 12 months—and others at AnySignal. Prior to the meeting, I did not know anything about John's new venture. All of the emails I exchanged with AnySignal have been turned over to TransPerfect and were reviewed by Littler prior to this lawsuit. AnySignal did not at any point share with me any proprietary information or trade secrets regarding AnySignal's business plans or research and development efforts, except to insist that AnySignal did not plan to compete with CesiumAstro's products or services. Nor did I at any point, in any form or by any method, directly or indirectly knowingly disclose or otherwise communicate any CesiumAstro confidential, proprietary, or trade secret information to anyone associated with AnySignal. I have not communicated with anyone associated with AnySignal since August 20, 2023. I have never performed any work or taken any actions whatsoever on behalf of or to benefit AnySignal.

16.     CesiumAstro's overzealous enforcement of the PIIA and false accusations have caused me and my family immense emotional distress, including loss of sleep and other physical symptoms. CesiumAstro's actions have also forced me to incur more than $17,000 in legal expenses, which has caused extreme strain on my family's finances.

17.     It is my belief, based on my experiences at CesiumAstro and countless interactions with Mr. Sabripour, that CesiumAstro is pursuing me so aggressively, not for any legitimate purpose, but to exact vengeance for my leaving the company, to bully me, and to find any excuse possible to intimidate its competitors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __3/29/2024_____.

DocuSigned by:

*Erik Luther*

4CE89D5F8D374A1...

ERIK LUTHER

# EXHIBIT B



**Littler Mendelson P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931

Michael P. Royal
214.880.8160 direct
214.880.8100 main
214.593.4141 fax
mroyal@littler.com

August 31, 2023

***Via Email (eluther22@hotmail.com) and FedEx***

Mr. Erik Luther
3902 Valley View
Round Rock, TX 78681

Re:     Post-Employment Legal Obligations to CesiumAstro, Inc.

Dear Mr. Luther:

This firm represents your former employer, CesiumAstro, Inc. ("**Cesium**").  We are writing to you because it has come to Cesium's attention that you may have engaged in conduct that would constitute a direct violation of your contractual, statutory and/or common law obligations to Cesium.

On or about December 27, 2020, you entered into a Proprietary Information and Inventions Agreement with Cesium (the "**Agreement**").  I have enclosed a copy of your Agreement for your convenience.

As you are aware, your Agreement includes multiple binding post-employment contractual promises and agreements by you, *i.e.*, your agreement:

  • to hold Cesium's Proprietary Information and Third Party Information (as those phrases are defined in the Agreement) in the "strictest confidence," and not to use or disclose such information (*See* Section 2); and

  • to return all of Cesium's Proprietary Information, Third Party Information, Inventions and all other Cesium property to it at the time of your termination of employment (*See* Section 7); and

  • for a period of twelve (12) months after your termination of employment from Cesium, to avoid engaging in certain acts of solicitation of, and/or interference with, a Customer (as that term is defined in the Agreement) of Cesium (*See* Section 5.2); and

Mr. Erik Luther
August 31, 2023
Page 2

    • for a period of twelve (12) months after your termination of employment from Cesium, to avoid engaging in the articulated acts of solicitation of, and/or interference with, certain employees and contractors of Cesium (*See* Section 5.3); and

    • for a period of twelve (12) months after your termination of employment from Cesium, to avoid engaging in certain acts of competition with Cesium (*See* Section 5.4); and

    • for a period of twelve (12) months after your termination of employment from Cesium, to promptly disclose any new employment to Cesium in writing, and to provide any new employer with a copy of the Agreement (*See* Section 5.4).

In connection with your resignation of employment, it is my understanding you requested certain modifications of the post-employment contractual restrictions in your Agreement, which Cesium denied.  In order to ensure absolute clarity on this issue, please be advised  Cesium has **not** agreed to modify any of the terms of the Agreement and intends to vigorously enforce all post-employment contractual promises and agreements made by you, to the full limits of applicable laws.  Stated alternatively, Cesium expects your full compliance with all of the terms and conditions of your Agreement, as well as your common law and statutory obligations to Cesium.

Cesium also demands that you immediately return all Cesium Proprietary Information, Third Party Information, Inventions, and other Company Property (as discussed in Section 7 of the Agreement) that are in your custody, possession or control, including any in electronic form.  If you have any Cesium documents or information in hard copy form, please immediately make arrangements to deliver them to my attention at the Littler Mendelson P.C. office located at One Congress Plaza, 100 Congress Ave. Suite 1400, Austin, Texas 78701 during business hours.  If you have any Cesium documents or information in electronic form, please immediately advise me where and how the documents or information are stored, so that we can address a procedure for providing copies to Cesium and then deleting them from your devices or accounts. Please **do not delete** any Cesium documents or information until we have agreed on a process for doing so, as deleting potentially relevant documents could be considered a violation of the legal duty to preserve evidence.  Please provide this information and documentation to me by no later than **5:00 p.m. on Wednesday, September 6, 2023**, or confirm in writing by no later than **5:00 p.m. on Wednesday, September 6, 2023**, that you are not in possession, custody, or control of such documents or information and you have not yet—and will not—disclose or use any Proprietary Information of Cesium in violation of your Agreement.

**Lastly, you are hereby requested and put on notice of your obligation to not destroy, conceal, or alter any relevant paper or electronic files, communications, documents and/or any other relevant data or information (including, but not limited to, all letters, emails, electronic messages, papers, files, notes, diaries, calendars, records, lists, cloud storage, etc.):**

    **(1) relating to your employment with Cesium (or resignation therefrom);**

Mr. Erik Luther
August 31, 2023
Page 3

**(2) obtained by you during your employment with Cesium;**

**(3) relating to your recruitment or employment by Saleae, Inc.;**

**(4) relating to your recruitment or employment by any competitor of Cesium;**

**(5) related in any way to the business, product, services, ownership or management activities you have performed on behalf of or for Saleae, Inc.;**

**(6) related in any way to the business, product, services, ownership or management activities you have performed on behalf of or for any competitor of Cesium;**

**(7) related to or constituting your contacts/communications to/from any Cesium employee, prior to and/or after the resignation of your employment relationship with Cesium;**

**(8) related to or constituting your contacts/communications to/from any of Cesium's Customers (as that term is defined in your Agreement) prior to and/or after the resignation of your employment relationship with Cesium;**

**(9) related to or constituting your contacts/communications to/from Saleae, Inc. prior to and/or after the resignation of your employment relationship with Cesium, and/or**

**(9) related to or constituting your contacts/communications to/from any competitor of Cesium prior to and/or after the resignation of your employment relationship with Cesium.**

**You are likewise instructed to <u>IMMEDIATELY DISABLE ALL AUTOMATIC DELETION AND ARCHIVE SETTINGS</u> on your computer(s), tablet(s), phone(s) and other electronic devices to ensure all texts, emails, electronic messages, and other electronic information are preserved. Applicable law prohibits the destruction of paper or electronic evidence that may be relevant to anticipated litigation or that may lead to the discovery of admissible evidence. Should this matter result in litigation, and should you fail to comply with this notice, you may be subject to severe sanctions, which would be imposed by a court of competent jurisdiction upon a finding that you had engaged in an act of spoliation of evidence.**

This letter does not waive or relinquish any right, remedy or privilege Cesium may have, at law or in equity, against you and/or others for any unlawful conduct. To the contrary, Cesium intends to vigorously enforce and protect all of its rights and interests. In this regard, while we would like to trust that you will honor your obligations to Cesium, please consider this letter as clear notice that, if necessary, Cesium will pursue all remedies available to it upon the first indication of your violation of any of the terms of the Agreement. Therefore, if you fail or refuse to timely respond

Mr. Erik Luther
August 31, 2023
Page 4

to this letter, and fail or refuse to cease and desist any unlawful activities, then Cesium is prepared to file a lawsuit against you and perhaps others seeking a restraining order to enjoin such unlawful activities, and to recover actual and punitive damages, as well as Cesium's attorneys' fees.

We look forward to hearing from you regarding the return of Cesium's Company Property and Proprietary Information, as well as the other issues addressed above regarding your continuing obligations to Cesium under the Agreement.  Your prompt attention to this matter is appreciated.

Sincerely,

Michael P. Royal
Shareholder

MPR/ps
Enclosure

4890-2643-9037.1 / 120778-1002

## CesiumAstro Inc.

## PROPRIETARY INFORMATION AND INVENTIONS AGREEMENT

As a condition of my employment with CesiumAstro Inc., a Texas corporation, its subsidiaries, affiliates, successors or assigns (collectively, the "*Company*"), I hereby agree to the terms and conditions of this Proprietary Information and Inventions Agreement (this "*Agreement*").

1.      *Definitions*.

1.1     "*Company Inventions*" means all Inventions that (i) relate to the business or proposed business of the Company and that are discovered, developed, created, conceived, reduced to practice, made, learned or written by me, either alone or jointly with others, during my Service; (ii) utilize, incorporate or otherwise relate to Proprietary Information; or (iii) are discovered, developed, created, conceived, reduced to practice, made, or written by me using Company time, property or equipment.

1.2     "*Intellectual Property Rights*" means all intellectual property and industrial property rights of any kind whatsoever throughout the world, including but not limited to patent rights, copyrights (including but not limited to mask work rights), trademark rights, trade secret rights, and, if recognized, Moral Rights (where "*Moral Rights*" means all rights related to paternity, integrity, disclosure, and withdrawal), whether or not patentable or registrable under copyright or similar statutes.

1.3     "*Inventions*" means discoveries, developments, improvements, trade secrets, processes, formulas, data, lists, software programs, and all other works of authorship, mask works, ideas, concepts, know-how, designs, methodologies and techniques, whether or not any of the foregoing is or are patentable or registrable under copyright or any other intellectual property laws or industrial property laws in the United States or elsewhere.

1.4     "*Ownership Rights*" means all rights, title and interest (including but not limited to Intellectual Property Rights) in property, whether that property is tangible or intangible.

1.5     "*Proprietary Information*" means all information of any kind (tangible and intangible, written and oral, and including information contained or transmitted through any electronic medium) owned by the Company or licensed from third parties or that otherwise relates to the Company's actual or proposed business, which is not publicly available, including, without limitation, (i) research, development, technical data, trade secrets or know-how, drawings, engineering, hardware configuration information, products and product plans, services, marketing, selling and business plans, budgets, unpublished financial statements, licenses, prices, costs, contracts and other agreements, suppliers, customers (including, but not limited to, the Company's customers on whom I called or with whom I became acquainted during the term of my engagement) and customer lists, and other business information; (ii) information related to the Company's customers, including needs, preferences, terms, conditions, decision-maker and influencer identities, the Company's marketing strategies, and the Company's strategies as to individual customers, products, segments, and industries; (iii) identity, personal data, skills and compensation of employees, contractors, and consultants; (iv) specialized training; (v) information

related to Inventions owned by the Company or licensed from third parties; and (vi) other non-public information relating to the Company that is not readily ascertainable. Proprietary Information also includes compilations of information that relate to the Company's actual or proposed business and are not made public, even if underlying information or subsets of the underlying information are public. Proprietary Information may or may not be labeled or marked "proprietary" or "confidential."

1.6 *"Service"* means the period during which I am engaged as an employee of the Company, including any services I've performed prior to the date hereof.

1.7 *"Third Party Information"* means confidential or trade secret information that the Company may from time to time receive from third parties or information related to Inventions of third parties, which is subject to a duty on the Company's part to maintain the confidentiality of such Third Party Information and to use it only for certain limited purposes.

2. ***Protecting Information and Goodwill.***

2.1 ***Company Proprietary Information and Goodwill*** I agree Company has invested significant time, money, and expertise in developing the Proprietary Information and in developing the goodwill and relationships it enjoys with actual and potential customers, employees, vendors, and independent contractors. As a result of my Service, I agree I will receive Proprietary Information and Third Party Information and be associated with the Company's goodwill. Accordingly, during my Service and thereafter, I will hold in strictest confidence and not use, except for the benefit of the Company, any Proprietary Information and will not disclose, make available, discuss, transmit, use, lecture upon, or publish any Proprietary Information, except as such disclosure, availability, discussion, transmission, use, or publication may be expressly authorized by the Company's Board of Directors or Chief Executive Officer. In addition, during my Service I also will not use my association with the goodwill of the Company for the benefit of any person or entity other than the Company and after my service I will not use my association with the goodwill of the Company for any purpose.

2.2 ***Third Party Information***. At all times during my Service and thereafter, I will hold Third Party Information in the strictest confidence and not use it except as necessary in carrying out my work for the Company consistent with the Company's agreement with such third party, and will not disclose, make available, discuss, transmit, use, lecture upon, or publish any Third Party Information, except as such disclosure, availability, discussion, transmission, use, or publication may be required in connection with my Service, or unless the Chief Executive Officer or the Board of Directors of the Company expressly authorizes such in writing.

2.3 ***Former Employer Information***. I shall not use or incorporate into any Company Invention any proprietary or confidential information or trade secrets of any former employer, any person or entity for whom I provided services, or any other person or entity, unless I have obtained all consents, licenses, or other rights necessary to allow me to provide the Company with the assignments and licenses set forth herein and the Company has expressly consented thereto in writing. I represent and warrant that during my Service I shall not improperly use or disclose any proprietary or confidential information or trade secret, if any, of any former employer or any other person or entity to whom I have an obligation of confidentiality, and I will not bring onto the premises of the Company any unpublished documents or any property belonging to any

former employer or any other person or entity unless expressly consented to in writing by that former employer, person, or entity. I further represent I am not a party to any agreement that could potentially have any bearing on my ability to accept my engagement with the Company, and that the Company has instructed me that I am not to perform any action, directly or indirectly, in the course of any duties or responsibilities that I may have at any time for it, that would violate the terms of any agreement to which I am a party.

2.4     ***Immunity Notice.*** Notwithstanding the foregoing nondisclosure obligations, pursuant to 18 U.S.C. § 1833(b), I understand I shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that is made: (i) in confidence to a Federal, State, or local government official, or to an attorney; and (ii) for the sole purpose of reporting or investigating a suspected violation of law. I also understand that I have the right to disclose trade secrets in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Nothing in this agreement is intended to conflict with 18 U.S.C. § 1833(b).

2.5     ***Notice of Unauthorized Disclosure***. If I lose or make unauthorized disclosure of any Proprietary Information, I will immediately notify the Company and take all reasonable steps necessary to retrieve the lost or improperly disclosed Proprietary Information.

2.6     ***No Cloud Services or Non-Company Storage.*** I will not store or backup, in whole or in part, any Proprietary Information or Third Party Information on or using any service or device not owned by the Company, unless expressly authorized to do so.

3.     ***Assignment***.

3.1     ***Assignment of Ownership Rights***. I hereby irrevocably assign to and vest all title, interest, and right in the Company any Ownership Rights I may have or acquire in any Proprietary Information and acknowledge that all Proprietary Information shall be the sole property of the Company and that the Company shall be the sole owner of all Ownership Rights in connection therewith. I hereby irrevocably assign to and vest all title, interest, and right in the Company all my Ownership Rights in and to any and all Company Inventions and acknowledge that all Company Inventions shall be the sole property of the Company and that the Company shall be the sole owner of all Ownership Rights in connection therewith. I understand and agree that the decision whether or not to commercialize or market any Company Invention is within the Company's sole discretion and for the Company's sole benefit and that no royalty will be due to me as a result of the Company's efforts to commercialize or market any such Company Invention. Without limiting the generality of the foregoing, I acknowledge that, to the extent I provided services to the Company prior to the date of this Agreement, and that, in connection therewith, as consideration (the receipt and sufficiency of which is hereby forever acknowledged) for, among other things, the Company's disclosure of or agreement to disclose certain Proprietary Information, any compensation to be paid to me, and/or the issuance of shares of Common Stock or other equity securities to me (each as applicable), I hereby confirm that I intended to and did, and hereby irrevocably confirm that I do, assign to the Company all Company Inventions and Proprietary Information prior to the date of this Agreement, except as may be expressly provided pursuant to Section 3.2 below.

3.2     ***Retained Inventions***. To preclude any possible uncertainty over the ownership of any Inventions, I have, to the best of my knowledge, set forth on **Exhibit A** attached hereto a complete list of all Inventions that I have, alone or jointly with others, prior to commencement of my Service, discovered, developed, created, conceived, reduced to practice, made, learned, or written, or caused to be discovered, developed, created, conceived, reduced to practice, made, learned, or written, that I consider to be my property or the property of third parties (collectively, "***Retained Inventions***"). I will advise the Company promptly in writing of any Invention that I believe constitutes a Retained Invention and is not otherwise disclosed on **Exhibit A**. If disclosure of any such Invention on **Exhibit A** would cause me to violate any prior confidentiality agreement, I understand that I am not to list such Inventions in **Exhibit A** but am to inform the Company that all Inventions have not been listed for that reason. I agree that I will not incorporate, or permit to be incorporated, any Retained Inventions without the Company's prior written consent. Notwithstanding the foregoing sentence, if, in the course of my Service, I incorporate any Retained Inventions into a Company Invention, product or service or rely upon any Retained Invention in discovering, developing, creating, conceiving, or reducing to practice any Company Invention, I hereby unconditionally grant to the Company a non-exclusive, perpetual, irrevocable, worldwide, royalty-free, fully paid, assignable, right and license, with the right to sublicense through multiple levels of sublicensees, (i) to reproduce, create derivative works of, distribute, publicly perform, publicly display, digitally perform, transmit and display, and otherwise use such Retained Invention in any medium or format, whether now known or hereafter discovered, as part of or in connection with such Company Invention, product or service, (ii) to use, make, have made, sell, offer to sell, import, and otherwise exploit such Retained Invention as part of or in connection with such Company Invention, product or service, and (iii) to exercise any and all other present or future rights in such Retained Invention as part of or in connection with such Company Invention, product or service.

3.3     ***Exception to Assignments***. I understand that the provisions of this Agreement requiring assignment of Company Inventions to the Company do not apply to any Invention that I have developed entirely on my own time without using the Company's equipment, supplies, facilities, trade secret information or Proprietary Information (an "***Other Invention***") except for those Other Inventions that either (i) relate at the time of conception or reduction to practice of such Other Invention to the business or proposed business of the Company, or actual or demonstrably anticipated research or development of the Company or (ii) result from any work that I performed for the Company. I will advise the Company promptly in writing of any Invention that I believe constitutes an Other Invention and is not otherwise disclosed on **Exhibit A**. I agree that I will not incorporate, or permit to be incorporated, any Other Invention owned by me or in which I have an interest into a Company Invention, product or service without the Company's prior written consent. Notwithstanding the foregoing sentence, if, in the course of my Service, I incorporate an Other Invention owned by me or in which I have an interest into a Company Invention, product or service or rely upon any such Other Invention in discovering, developing, creating, conceiving, or reducing to practice any Company Invention, I hereby unconditionally grant to the Company a non-exclusive, perpetual, irrevocable, worldwide, royalty-free, fully paid, assignable, right and license, with the right to sublicense through multiple levels of sublicensees, (i) to reproduce, create derivative works of, distribute, publicly perform, publicly display, digitally perform, transmit and display, and otherwise use such Other Invention in any medium or format, whether now known or hereafter discovered, as part of or in connection with such Company Invention, product or service, (ii) to use, make, have made, sell, offer to sell, import, and otherwise

exploit such Other Invention as part of or in connection with such Company Invention, product or service, and (iii) to exercise any and all other present or future rights in such Retained Invention as part of or in connection with such Company Invention, product or service.

3.4   ***Maintenance of Records***. I agree to keep and maintain adequate and current written records of all Company Inventions made by me (solely or jointly with others) during my Service. The records will be in the form of notes, sketches, drawings, and any other format that may be specified by the Company. The records will remain the sole property of the Company.

3.5   ***Works of Authorship***. I acknowledge and agree that any work of authorship that is made by me (either alone or jointly with others) during my Service comprising Company Inventions shall be deemed to be a ***"work made for hire,"*** as that term is defined in the United States Copyright Act (17 U.S.C. § 101), and shall be the sole and complete property of the Company. To the extent that any such work of authorship may not be deemed to be a work made for hire, I hereby irrevocably assign and vest all title, interest, and right of all my Ownership Rights in and to such work to the Company. If any such work of authorship cannot be assigned, I hereby grant to the Company an exclusive, assignable, irrevocable, perpetual, worldwide, sublicenseable (through one or multiple tiers), royalty-free, unlimited license to use, make, modify, sell, offer for sale, reproduce, distribute, create derivative works of, publicly perform, publicly display and digitally perform and display such work in any media now known or hereafter known. Outside the scope of my Service, whether during or after my engagement with the Company, I agree not to (i) modify, adapt, alter, translate, or create derivative works from any such work of authorship or (ii) merge any such work of authorship with other Inventions. To the extent Moral Rights may not be assignable under applicable law and to the extent the following is allowed by the laws in the various countries where Moral Rights exist, I hereby irrevocably waive such Moral Rights and consent to any action of the Company that would violate such Moral Rights in the absence of such consent.

3.6   ***No License to Company Inventions***. I acknowledge and agree that nothing in this Agreement shall be deemed to grant, by implication, estoppel or otherwise, (i) a license from the Company to me to make, use, license, or transfer in any way a Company Invention or (ii) a license from the Company to me regarding any of the Company's existing or future Ownership Rights.

3.7   ***Inventions Assigned to the United States***. I agree to assign to the United States government all my right, title, and interest in and to any and all Inventions whenever such full title is required to be in the United States by a contract between the Company and the United States or any of its agencies.

3.8   ***Incorporation of Software Code***. I agree that I will not incorporate into any Company software or otherwise deliver to Company any software code licensed under the GNU General Public License or Lesser General Public License or any other license that, by its terms, requires or conditions the use or distribution of such code on the disclosure, licensing, or distribution of any source code owned or licensed by Company except as expressly authorized by the Company or in strict compliance with the Company's policies regarding the use of such software.

4.   ***Enforcement of Rights***.

4.1   **_Further Assurances_**. I will assist the Company in every proper way to obtain and from time to time enforce Ownership Rights relating to Company Inventions in any and all countries. To that end I will execute, verify, and deliver such documents and perform such other acts (including appearances as a witness) as the Company may reasonably request for use in applying for, obtaining, perfecting, evidencing, sustaining, and enforcing such Ownership Rights and the assignment thereof. In addition, I will execute, verify, and deliver assignments of such Ownership Rights to the Company. My obligation to assist the Company with respect to Ownership Rights relating to such Company Inventions in any and all countries shall continue beyond the termination of my Service, but the Company shall compensate me at a reasonable rate after such termination for the time actually spent by me at the Company's request on such assistance.

4.2   **_Attorney-in-Fact_**. In the event the Company is unable for any reason, after reasonable effort, to secure my signature on any document needed in connection with the actions specified in the preceding paragraph, I hereby irrevocably designate and appoint the Company's and its assigns' duly authorized officers and agents as my agent and attorney-in-fact, to act for and in my behalf to execute, verify, and file any such documents and to do all other lawfully permitted acts to further the purposes of the preceding paragraph thereon with the same legal force and effect as if executed, verified, and filed by me. I hereby waive and quitclaim to the Company any and all claims, of any nature whatsoever, that I now or may hereafter have for infringement of any Ownership Rights assigned hereunder to the Company.

4.3   **_Obligation to Keep Company Informed_**. During my Service, I will promptly disclose to the Company fully and in writing and will hold in trust for the sole right and benefit of the Company any and all Company Inventions. In addition, during the first year after termination of my Service, I will provide the Company with a complete copy of each patent application and copyright registration application (including but not limited to any mask work registration application) filed by me or that names me as an inventor, co-inventor, author, co author, creator, co-creator, developer, or co-developer. I will provide the Company with a copy of such applications within ten (10) days from the filing date of such applications.

5.   **_Non-Competition; Non-Solicitation_**.

5.1   **_Provision of Confidential Information_**. I understand and agree the Company's willingness to provide me with access to the Proprietary Information and Third Party Information and to associate me with the Company's goodwill is based in material part on my agreement to the provisions of this <u>Section 5</u> and that any breach of the provisions of this <u>Section 5</u> will materially damage the Company. I also acknowledge the nature of the Proprietary Information and Third Party Information to which I will be given access would make it difficult, if not impossible, for me to work for a competing company in a position where my duties are similar to those I perform for the Company without disclosing or utilizing the Proprietary Information and Third Party Information.

5.2   **_Interference with Customer Relationships_**. During the course of my Service and for a period of twelve (12) months immediately following the end of my Service for any reason, I will not, directly or indirectly, except as required to perform my duties for Company: (i) solicit any Customer for business involving Competitive Products or Services; (ii) communicate with any Customer, or communicate with another person regarding any

Customer, for the purpose of causing or enabling the Customer to terminate, diminish, or alter in a way that is disadvantageous to the Company its business relationship or potential business relationship with the Company; (iii) provide any Customer with Competitive Products or Services; or (iv) assist any other person or entity in accomplishing any of the foregoing. For purposes of this Section 5, "**Customer**" shall mean any customer or prospective customer of the Company with whom I had contact on behalf of the Company, for whom I had responsibility on behalf of the Company, or about whom I had Proprietary Information, in each instance during the last 12 months of my Service. Likewise, for purposes of this Section 5, "**Competing Products or Services**" shall mean products and services that compete with the products and services being offered, marketed, researched, or developed by the Company at the time of the end of my employment, to the extent I had any knowledge of, responsibility for, or dealings with those products or services in connection with my Service.

5.3     ***Non-Solicitation***.   I acknowledge the Company's employees and contractors are a valuable resource of the Company. I agree that during my Service, and for a period of twelve (12) months immediately following the end of my Service for any reason, I will not, directly or indirectly, except as required to perform my duties for the Company: (i) communicate with any other person or entity for the purpose of enabling, facilitating, or causing any employee or contractor to leave, end, or diminish his or her employment or engagement with Company or obtain employment or engagement with any other person or entity, (ii) encourage (or assist another in encouraging) any employee or contractor to leave, end, or diminish his or her employment or engagement with the Company; (iii) interview or assess any employee or contractor of the Company for potential employment or engagement with any other person or entity; or (iv) assist any other person in attempting to hire any employee or contractor of the Company.

5.4     ***Covenant Not to Compete***.

(a)     I agree that during the course of my Service, and for a period of twelve (12) months immediately following the end of my Service for any reason, I will not, either directly or indirectly, (i) act in or oversee, or agree to act in or oversee, any role that is similar in one or more ways to my role for the Company, whether as an advisor, agent, consultant, director, employee, officer, partner, proprietor or otherwise of, or (ii) participate in the organization, operation, management or control of, any person, corporation, firm, or other entity that competes with, or that is planning to compete with, the Company's business in the Territory (A) as conducted by the Company during the course of my engagement with the Company or (B) planned to be conducted by the Company pursuant to a product or business plan developed prior to the end of my engagement with the Company. "**Territory**" shall mean (i) all counties in the State of Texas, (ii) all other states of the United States of America, (iii) the European Union, (iv) Asia, and (v) all other countries of the world in which the Company is then engaged in business. Provided, however, "**Territory**" shall only include such aforementioned geographic areas in which (I) the Company's products and services are then deployed, (II) the Company then has a customer or (III) the Company then has operations or otherwise targets sales and marketing activities.

(b)     I acknowledge my fulfillment of the obligations contained in this Agreement are necessary to protect the Company's Proprietary Information and to preserve the Company's value and goodwill. I further acknowledge the time, geographic and scope limitations

of my obligations under Section 5.4(a) above are reasonable, especially in light of the Company's desire to protect its Proprietary Information, and that I will not be precluded from gainful employment if I am obligated not to compete with the Company as described above.

(c)     The covenants contained in Section 5.4(a) above shall be construed as a series of separate covenants, one for each city, county and state of any geographic area in the Territory. Except for geographic coverage, each such separate covenant shall be deemed identical in terms to the covenant contained in Section 5.4(a). If, in any judicial proceeding, a court refuses to enforce any covenant (or any part thereof), then such unenforceable covenant (or such part) shall be reformed so as to be enforceable or, if incapable of reformation, eliminated from this Agreement to the extent necessary to permit the remaining covenants (or portions thereof) to be enforced. In the event the provisions of Section 5.4(a) above are deemed to exceed the time, geographic or scope limitations permitted by applicable law, then such provisions shall be reformed to the maximum time, geographic or scope limitations, as the case may be, then permitted by such law.

(d)     I understand the terms of this Section 5 and understand it will limit my ability to compete in my chosen field. If I wish to perform any activity prohibited by this Section 5, or if I am later uncertain about the prohibitions contained in this Section 5, I will first notify the Company in writing and meet with a Company representative and a neutral mediator (if the Company elects to retain one at its expense) to discuss my request for a modification or clarification of the terms of this Section 5, recognizing the Company is under no obligation whatsoever to reduce the terms of this Section 5, and to attempt resolve any disputes regarding the terms of this Section 5. I will provide this notification at least fourteen (14) days before I engage in any activity that could reasonably and foreseeably violate the terms of this Section 5. All rights of both parties will be preserved if this requirement is complied with even if no agreement is reached in the conference.

(e)     During the term of the restrictions in this Section 5, I shall promptly disclose to the Company in writing any new employment or other engagement I enter into, whether as an employee, contractor, or otherwise, with such disclosure to include the name of the new employer or other party, a description of the services to be provided, and an explanation of how the new employment or other engagement complies with the provisions of this Section 5. If the new employer or other party is a competitor or potential competitor of the Company, I will communicate my obligations under this Agreement to such party, which shall include providing such party with a copy of this Agreement.

6.     ***No Conflicting Obligations***. I represent that my performance of all the terms of this Agreement and my Service does not and will not breach any agreement between me and any other employer, customer, person or entity. I have not entered into, and I agree I will not enter into, any agreement either written or oral in conflict herewith. I agree that, unless expressly consented to in writing by the Company's Chief Executive Officer or (in the case I hold that office) the Company's Board of Directors, during the course of my Service I will not (i) engage in any other employment, occupation or consulting related to the business in which the Company is now involved or becomes involved during the course of my Service, nor (ii) engage in any other activities that conflict with my obligations to the Company.

7. ***Return of Company Property***. When my Service is completed or at the Company's request at any time, I will immediately deliver to the Company (and will not keep in my possession, recreate or deliver to anyone else) all drawings, records, data, notes, reports, proposals, lists, correspondence, blueprints, sketches, materials, equipment, memoranda, specifications, devices, formulas, and other documents (whether written, printed, or otherwise reproduced or recorded), together with all copies and derivations thereof, including copies or derivations stored in any electronic medium, and any other material containing, constituting, or disclosing any Company Inventions, Third Party Information, or Proprietary Information. I will also immediately deliver all Company property, including but not limited to, laptops, pagers, cell phones, corporate credit cards, keys and/or access cards. I further agree that all property situated on the Company's premises and owned, leased, or licensed by the Company, including disks and other storage media, filing cabinets or other work areas, is subject to inspection by personnel of the Company at any time with or without notice. I understand that all social media and related accounts, including all log-in credentials therefor, used by me on behalf of the Company are the property of the Company, and that upon my termination of Service I will fully cooperate in the transfer of access and control of all such accounts to authorized representatives of the Company. In the event of the termination of my Service, I agree to sign and deliver the "***Termination Certification***" attached hereto as **Exhibit B**.

8. ***Legal and Equitable Remedies***.

8.1 ***Generally***. I acknowledge and agree that any breach or threatened breach of any term of this Agreement will result in immediate and irreparable harm to the Company and will cause damage to the Company in amounts difficult to ascertain and that monetary damages alone will not provide an adequate remedy to the Company. Accordingly, I agree the Company shall be entitled, without bond and without prejudice to any other rights and remedies the Company may have for a breach or threatened breach of this Agreement, to a temporary restraining order, and to a preliminary and/or permanent injunction. I acknowledge the remedies contained in this paragraph are reasonably related to the injuries the Company may sustain as a result of my breach or threatened breach of my obligations under the Non-Compete and Non-Solicitation Agreement and are not a penalty.

8.2 ***Non-Compete Remedy***. Notwithstanding any provision to the contrary, in the event an enforcement remedy is sought under <u>Section 5</u>, the time periods provided for in that Section shall be extended by one day for each day I fail to comply with the restriction at issue. In the event of breach or threatened breach by me of any provision of <u>Section 5</u> of this Agreement, the Company shall be entitled to (i) injunctive relief by temporary restraining order, temporary injunction, and/or permanent injunction, (ii) recovery of all attorneys' fees and costs incurred by the Company in obtaining such relief, and (iii) any other legal and equitable relief to which the Company may be entitled, including without limitation any and all monetary damages which the Company may incur as a result of said breach or threatened breach. An agreed amount for the bond to be posted if an injunction is sought by the Company is Five Hundred Dollars ($500). The Company may pursue any remedy available, without limitation, including declaratory relief, concurrently or consecutively in any order as to any breach, violation, or threatened breach or violation, and the pursuit of one such remedy at any time will not be deemed an election of remedies or waiver of the right to pursue any other remedy.

9.     **Technology Audit Rights**.  The technology audit rights set forth in this Section apply solely to the extent the Company has provided me access to Company-owned technology and services in the course of my engagement, and not to any technology, services, or data that are my sole property and not used for Company purposes ("**Personal Property**"); *provided* that with respect to Personal Property used by me in the course of performing services for the Company, (i) such audit rights shall be limited solely to applications and information that are related to the Company's operations, and (ii) I will be entitled to reasonable notice and the right to be physically present during any review of such Personal Property.

9.1     **Company Ownership of Technology, Data**. I acknowledge that I have no reasonable expectation of privacy in any computer, technology system, email, handheld device, phone, voicemail, or documents that are used to conduct the business of the Company. All information, data, and messages created, received, sent, or stored in these systems are, at all times, the property of the Company. As such, the Company has the right to audit and search all such items and systems, without further notice to me, to ensure that the Company is licensed to use the software on the Company's devices in compliance with the Company's software licensing policies, to ensure compliance with the Company's policies, and for any other business-related purposes in the Company's sole discretion. I understand that I am not permitted to add any unlicensed, unauthorized, or non-compliant applications to the Company's technology systems, including, without limitation, open source or free software not authorized by the Company, and that I shall refrain from copying unlicensed software onto the Company's technology systems or using non-licensed software or websites. I understand that it is my responsibility to comply with the Company's policies governing use of the Company's documents and the internet, email, telephone, and technology systems to which I will have access in connection with my employment.

9.2     **Right to Review**. I am aware that the Company has or may acquire software and systems that are capable of monitoring and recording all network traffic to and from any computer I may use. The Company reserves the right to access, review, copy, and delete any of the information, data, or messages accessed through these systems with or without notice to me and/or in my absence. This includes, but is not limited to, all e-mail messages sent or received, all website visits, all chat sessions, all news group activity (including groups visited, messages read, and postings by me), and all file transfers into and out of the Company's internal networks. The Company further reserves the right to retrieve previously deleted messages from e-mail or voicemail and monitor usage of the Internet, including websites visited and any information I have downloaded. In addition, the Company may review Internet and technology systems activity and analyze usage patterns, and may choose to publicize this data to assure that technology systems are devoted to legitimate business purposes.

10.     **Notices**. Any notices required or permitted hereunder shall be given to the appropriate party at the party's last known address. Such notice shall be deemed given upon personal delivery to the last known address or if sent by certified or registered mail, three days after the date of mailing.

11.     **General Provisions**.

11.1     **Governing Law**. THIS AGREEMENT WILL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS WITHOUT REGARD FOR CONFLICTS OF LAWS PRINCIPLES.

11.2   *Exclusive Forum*. COMPANY AND I HEREBY IRREVOCABLY AGREE THAT THE EXCLUSIVE FORUM AND VENUE FOR ANY SUIT, ACTION, OR OTHER PROCEEDING ARISING OUT OF OR IN ANY WAY RELATED TO THIS AGREEMENT SHALL BE IN THE STATE OR FEDERAL COURTS IN TRAVIS COUNTY, TEXAS. I ACKNOWLEDGE THAT, IN THE PERFORMANCE OF MY DUTIES, I WILL MAINTAIN SIGNIFICANT CONTACTS WITH TRAVIS COUNTY, TEXAS, INCLUDING, WITHOUT LIMITATION, TELEPHONE AND EMAIL CONTACTS WITH COMPANY PERSONNEL, ACCESS TO COMPANY RECORDS, INFORMATION, DATABASES, OR NETWORKS LOCATED IN TRAVIS COUNTY, TEXAS, AND ATTENDANCE AT CERTAIN MEETINGS IN TRAVIS COUNTY, TEXAS, WHETHER BY PHONE OR IN PERSON. I FURTHER ACKNOWLEDGE AND AGREE THAT MANY OF THE WITNESSES AND RECORDS THAT WOULD BE RELEVANT TO ANY DISPUTE BETWEEN THE PARTIES ARE LOCATED IN TRAVIS COUNTY, TEXAS, AND THAT TRAVIS COUNTY, TEXAS, WOULD NOT BE AN INCONVENIENT FORUM OR VENUE FOR THE RESOLUTION OF ANY DISPUTE BETWEEN THE PARTIES. I HEREBY WAIVE ANY OBJECTION TO TRAVIS COUNTY, TEXAS, AS A FORUM AND VENUE FOR THE HEARING OF ANY DISPUTE BETWEEN THE COMPANY AND ME, INCLUDING BUT NOT LIMITED TO ANY OBJECTION BASED ON CONVENIENCE.

11.3   *Entire Agreement*. This Agreement, and any offer letter, employment agreement or similar agreement signed concurrently herewith, sets forth the entire agreement and understanding between the Company and me relating to the subject matter hereof and supersedes and merges all prior and contemporaneous discussions or representations between us, including, but not limited to, any representations made during my interview(s) or relocation negotiations, whether written or oral, and any previously executed proprietary information agreements. No agent has authority to make any modification of or amendment to this Agreement, nor any waiver of any rights under this Agreement, on behalf of the Company other than the Chief Executive Officer of the Company and that the Chief Executive Officer has such authority only when acting in a writing signed by the Chief Executive Officer. Moreover, if I am serving as the Company's Chief Executive Officer at such time, no agent has such authority except as specifically and explicitly named and approved by the Company's Board of Directors in writing for the purpose of making the modification or waiver. Any subsequent change or changes in my duties or compensation will not affect the validity of this Agreement.

11.4   *Severability*.

(a)   I acknowledge and agree that each agreement and covenant set forth herein constitutes a separate agreement independently supported by good and adequate consideration and that each such agreement shall be severable from the other provisions of this Agreement and shall survive this Agreement.

(b)   I understand and agree this Agreement is to be enforced to the fullest extent permitted by law. Accordingly, if a court of competent jurisdiction determines that the scope and/or operation of any section of this Agreement, including but not limited to, Sections 5.2, 5.3 and 5.4; is too broad to be enforced as written, the Company and I intend that the court should reform such provision to such narrower scope and/or operation as it determines to be enforceable, provided, however, that such reformation applies only with respect to the operation of such

-11-

provision in the particular jurisdiction with respect to which such determination was made. If, however, any section of this Agreement, including, but not limited to, Sections 5.2, 5.3 and 5.4; is held to be illegal, invalid, or unenforceable under present or future law, and not subject to reformation, then (i) such provision shall be fully severable, (ii) this Agreement shall be construed and enforced as if such provision was never a part of this Agreement, and (iii) the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance.

11.5   *Successors and Assigns*. This Agreement will be binding upon my heirs, executors, administrators, and other legal representatives and will be for the benefit of the Company and its successors and assigns. I expressly agree that the Company has the right to assign this Agreement.

11.6   *Survival*. The provisions of this Agreement shall survive the termination of my Service for any reason and the assignment of this Agreement by the Company to any successor in interest or other assignee.

11.7   *At-Will Relationship*. TO THE EXTENT I AM OR BECOME EMPLOYED BY THE COMPANY, I AGREE AND UNDERSTAND THAT, UNLESS OTHERWISE AGREED IN WRITING, MY SERVICE IS FOR AN UNSPECIFIED DURATION AND IS "*AT-WILL*", WHICH MEANS THAT EITHER I OR THE COMPANY MAY TERMINATE THE RELATIONSHIP AT ANY TIME, WITH OR WITHOUT PRIOR NOTICE AND WITH OR WITHOUT CAUSE. I ALSO UNDERSTAND THAT ANY REPRESENTATION TO THE CONTRARY IS UNAUTHORIZED AND NOT VALID UNLESS OBTAINED IN WRITING AND SIGNED BY THE COMPANY'S CHIEF EXECUTIVE OFFICER. I FURTHER AGREE AND UNDERSTAND THAT NOTHING IN THIS AGREEMENT SHALL CONFER ANY RIGHT WITH RESPECT TO CONTINUATION OF SERVICE, NOR SHALL IT INTERFERE IN ANY WAY WITH MY RIGHT OR THE COMPANY'S RIGHT TO TERMINATE MY SERVICE AT ANY TIME, WITH OR WITHOUT CAUSE OR ADVANCE NOTICE.

11.8   *Jury Waiver*. COMPANY AND I WAIVE A TRIAL BY JURY OF ANY AND ALL ISSUES ARISING IN ANY ACTION OR PROCEEDING BETWEEN US, INCLUDING BUT NOT LIMITED TO ANY ACTION OR PROCEEDING ARISING OUT OF, UNDER, RELATED TO, OR CONNECTED WITH THIS AGREEMENT OR THE SUBJECT MATTER OF ANY OF ITS PROVISIONS. THE COMPANY AND I UNDERSTAND THAT ANY CLAIM BETWEEN US WILL BE DECIDED BY A JUDGE RATHER THAN A JURY AS A RESULT OF THIS AGREEMENT.

11.9   *Waiver*. No waiver by the Company of any breach of this Agreement shall be a waiver of any preceding or succeeding breach. No waiver by the Company of any right under this Agreement shall be construed as a waiver of any other right. The Company shall not be required to give notice to enforce strict adherence to all terms of this Agreement.

11.10   *Construction*. The headings to each section or paragraph of this Agreement are provided for convenience of reference only and shall have no legal effect in the interpretation of the terms hereof. The language used in this Agreement will be deemed to by the language chosen

by the parties to express their mutual intent and no rules of strict construction will be applied against either party.

        11.11   ***Counterparts***. This Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement.

        11.12   ***Telecopy Execution and Delivery***. A facsimile, telecopy or other reproduction of this Agreement may be executed by one or more parties to this Agreement, and an executed copy of this Agreement may be delivered by one or more parties to this Agreement by facsimile or similar electronic transmission device pursuant to which the signature of or on behalf of such party can be seen, and such execution and delivery shall be considered valid, binding and effective for all purposes. At the request of any party to this Agreement, all parties to this Agreement agree to execute an original of this Agreement as well as any facsimile, telecopy or other reproduction of this Agreement.

* * * * *

[SIGNATURE PAGE FOLLOWS]

I UNDERSTAND THIS AGREEMENT AFFECTS MY RIGHTS TO INVENTIONS I MAKE DURING MY SERVICE, RESTRICTS MY RIGHT TO DISCLOSE OR USE PROPRIETARY INFORMATION AND THIRD-PARTY INFORMATION DURING OR SUBSEQUENT TO MY PERIOD OF SERVICE, PROHIBITS ME FROM COMPETING WITH THE COMPANY DURING AND FOR TWELVE (12) MONTHS AFTER MY SERVICE IS TERMINATED FOR ANY REASON, AND FROM SOLICITING EMPLOYEES AND CUSTOMERS OF THE COMPANY DURING AND FOR TWELVE (12) MONTHS AFTER MY SERVICE IS TERMINATED FOR ANY REASON.

I ACKNOWLEDGE AND AGREE TO EACH OF THE FOLLOWING ITEMS: (I) I AM EXECUTING THIS AGREEMENT VOLUNTARILY AND WITHOUT ANY DURESS OR UNDUE INFLUENCE BY THE COMPANY OR ANYONE ELSE; (II) I HAVE CAREFULLY READ THIS AGREEMENT; (III) I HAVE ASKED ANY QUESTIONS NEEDED FOR ME TO UNDERSTAND THE TERMS, CONSEQUENCES AND BINDING EFFECT OF THIS AGREEMENT AND FULLY UNDERSTAND THEM; AND (IV) I HAVE COMPLETELY FILLED OUT **EXHIBIT A** TO THIS AGREEMENT; AND (V) I SOUGHT THE ADVICE OF AN ATTORNEY OF MY CHOICE IF I WANTED TO BEFORE SIGNING THIS AGREEMENT.

This Agreement shall be effective as of the first day of my Service.

Dated: _December 27, 2020_

_Erik Luther_ (signature)
Signature

_Erik   Luther_
Print Name

Address:
_3902  Valley  Vw_
_Round  Rock,  TX   78681_

ACCEPTED AND AGREED TO:

**CesiumAstro Inc.**

By: _Shey Sabripour_ (signature)
Name: _Shey  Sabripour_
Title: _CEO_

PROPRIETARY INFORMATION AND INVENTIONS AGREEMENT
SIGNATURE PAGE

## EXHIBIT A

Ladies and/or Gentlemen:

Pursuant to the Proprietary Information and Inventions Agreement (the "*Agreement*") by and between me and CesiumAstro Inc., the following is a complete list of all Inventions (as such term is defined in the Agreement) that I desire to remove from the operation of the Agreement in accordance with Section 3.2 of the Agreement.

   ✓    I have no Inventions to disclose.

_____ I have Inventions which I have disclosed on the attached Invention Disclosure form(s).

_____
Signature

Erik    Luther
_____
Print Name

Dec 27, 2020
_____
Date

A-1

**CesiumAstro Inc.**

## AMENDMENT TO PROPRIETARY INFORMATION AND INVENTIONS AGREEMENT

THIS AMENDMENT TO PROPRIETARY INFORMATION AND INVENTIONS AGREEMENT ("Amendment") is made and entered into effective as of February 11, 2021 ("Amendment Effective Date"), by and between CesiumAstro Inc., a Texas corporation ("Company"), and Erik Luther ("Luther"). The parties may be referred to throughout this Amendment individually as a "Party" and collectively as the "Parties."

Whereas, the Company and Luther entered into that certain Proprietary Information and Inventions Agreement (the "Agreement") dated December 27, 2020, and

Whereas, the Parties desire to amend Section 2.3 of the Agreement in the manner reflected herein, and

Whereas, the Chief Executive Officer of the Company has approved the amendment of the Agreement in the manner reflected herein,

Now therefore, in consideration of the premises and mutual covenants and conditions herein, the Parties, intending to be legally bound, hereby agree as follows, effective as of the Amendment Effective Date:

1. Section 2.3 of the Agreement is hereby deleted and replaced in its entirety with the following (with all capitalized terms having the meaning originally ascribed thereto in the Agreement):

    "***Former Employer Information***. I shall not use or incorporate into any Company Invention any proprietary or confidential information or trade secrets of any former employer, any person or entity for whom I provided services, or any other person or entity, unless I have obtained all consents, licenses, or other rights necessary to allow me to provide the Company with the assignments and licenses set forth herein and the Company has expressly consented thereto in writing. I represent and warrant that during my Service I shall not improperly use or disclose any proprietary or confidential information or trade secret, if any, of any former employer or any other person or entity to whom I have an obligation of confidentiality, and I will not bring onto the premises of the Company any unpublished documents or any property belonging to any former employer or any other person or entity unless expressly consented to in writing by that former employer, person, or entity. I further represent I am not a party to any agreement that could potentially have any bearing on my ability to accept my engagement with the Company, and that the Company has instructed me that I am not to perform any action, directly or indirectly, in the course of any duties or responsibilities that I may have at any time for it, that would violate the terms of any agreement to which I am a party. Without limiting the foregoing, I hereby represent and warrant that I

am no longer bound to the restrictive covenants contained in Section 12(a) and Section 12(b) of that certain Employment Agreement between myself and X-Microwave, LLC dated January 22, 2018, and that X-Microwave, LLC has expressly acknowledged that my employment at Company shall not breach any contract between myself and X-Microwave, LLC."

2. This Amendment may be executed in one or more facsimile, electronic or original counterparts, each of which shall be deemed an original and both of which together shall constitute the same instrument.

3. All terms and provisions of the Agreement not amended hereby, either expressly or by necessary implication, shall remain in full force and effect. From and after the date of this Amendment, all references to the term "Agreement" in this Amendment or the original Agreement shall include the terms contained in this Amendment.

IN WITNESS WHEREOF, the Parties hereto have executed this Amendment to Proprietary Information and Inventions Agreement effective as of the Amendment Effective Date.

Dated: February 11, 2021.

Signature

Erik   Luther

Print Name

Address:
3902 Valley Vw
Round Rock, TX 78681

ACCEPTED AND AGREED TO:

**CesiumAstro Inc.**

By: _____

Name: Shey Sabripour

Title: Chief Executive Officer

# EXHIBIT C

September 5, 2023

Via Email (PSamuels@littler.com and MRoyal@littler.com)

Littler Mendelson P.C.
201 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931

Re: Response to Post-Employment Legal Obligations to CesiumAstro Inc.

Dear Mr. Royal:

As I indicated to CesiumAstro on multiple occasions: To my knowledge I have not violated the Proprietary Information and Inventions Agreement (the "PIIA") signed December 27, 2020.

It is not my intent to retain any CesiumAstro property, proprietary information, third party information, etc. I have done my best as an employee NOT to use personal storage (cloud or otherwise) for any confidential or sensitive information. This is driven both by CesiumAstro's interests and because we were serving sensitive government programs with regular briefings by the FBI.
For less sensitive information I did use my personal iPhone for taking photos and jotting down quick notes. A vast majority of this was done within CesiumAstro IT managed applications which were disabled and deleted by CesiumAstro IT upon my resignation.

Over the last two weeks I've continued to identify and remove ALL CesiumAstro content from my possession. Since receiving your letter, I have discovered residual electronic photos and related content that I would like to delete.  I marked these files but have NOT yet deleted them, following your "Please <u>do not delete…</u>" request.  Please let me know next steps.

These files consist of:
- 105 iPhotos, 22 Short Videos: (tradeshows, conferences, selfies, etc)
  - Placed in a CesiumAstro folder
- 21 iNotes: mostly consisting of todo-lists and reminders.
  - Placed in a CesiumAstro folder
- 2 "Received Emails" sent from CesiumAstro email account sent to Hotmail email account:
  - 1. FORD car company slides that Shey asked me to text message to him 4/22/23
  - 2. Excel list of employees used for nameplate labels for manpower plan 6/26/23
    - Both emails tagged CesiumAstro-DELETE in Hotmail
- ~83 "Sent Emails" sent from Hotmail email account to CesiumAstro email account:
  - Mostly expense reports (scanned receipts) from travel and forwarding photos to work email from the iPhone / iPhotos
  - I tagged them all CesiumAstro-DELETE in Hotmail

As it relates to the other parts of the letter.  I am surprised by the aggressiveness of the language. I have always taken my obligations to protect CesiumAstro interests seriously. Honestly, my biggest concern in exiting the company has been the company's reputation for using legal council to intimidate and bully past employees and 3rd parties, even when they may not have done nothing wrong. I do not have the financial resources to defend myself but fear I'm now experiencing this predatory behavior firsthand. I am not a lawyer and have not yet secured legal counsel up to this point. Please let me know if I need to secure legal counsel to defend myself from these abusive, predatory, or overly restrictive practices.

**As a next step, please let me know how we should execute file transfer and deletion of the files mentioned above.**

Thank you,

Erik Luther
512.680.1736
eluther22@hotmail.com

# EXHIBIT D-1

**Brodrick, Collin K.**

| | |
|---|---|
| **From:** | Brodrick, Collin K. |
| **Sent:** | Thursday, September 7, 2023 2:55 PM |
| **To:** | Royal, Michael |
| **Subject:** | Re: CesiumAstro, Inc. / Erik Luther [ODNSS-OGL.107736.000001] |

Tuesday at 2:00 would be better if that works?

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168


On Sep 7, 2023, at 12:37 PM, Royal, Michael <MRoyal@littler.com> wrote:


*[Caution: Email received from external source]*

---

Collin,

Hello.

I would welcome the opportunity to speak with you on Monday afternoon.  Among other issues, I would like to discuss is the retrieval of certain electronic data, which Eric has stated he is still in possession of.  Please let me know what time works best for you on Monday – perhaps 2:00 p.m.?  Please advise.

Thank you.

Michael

**Michael Royal**
Shareholder
214.880.8160 direct, 214.212.3681 mobile, 214.593.4141 fax

MRoyal@littler.com


<image001.png>


<image002.png>


Labor & Employment Law Solutions | Local Everywhere
2001 Ross Avenue, Suite 1500, Lock Box 116, Dallas, TX 75201-2931

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Thursday, September 7, 2023 9:52 AM
**To:** Royal, Michael <MRoyal@littler.com>
**Subject:** CesiumAstro, Inc. / Erik Luther [ODNSS-OGL.107736.000001]


**[EXTERNAL E-MAIL]**


Michael,

Ogletree Deakins represents Erik Luther in response to the cease and desist letter you sent on behalf of CesiumAstro, Inc. I am out of town this week, but I have fairly open availability next week if you want to have a call to discuss. Let me know what works for your schedule.

Best,


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio


*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

# EXHIBIT D-2

**Brodrick, Collin K.**

| | |
|---|---|
| **From:** | Brodrick, Collin K. |
| **Sent:** | Monday, October 30, 2023 11:26 AM |
| **To:** | Royal, Michael |
| **Subject:** | RE: CesiumAstro, Inc. / Erik Luther [ODNSS-OGL] |

Good morning Michael,

I wanted to follow up on my email below, as well as touch base on Mr. Luther's equity purchase. As I indicated during our initial call in early September, Mr. Luther sent the necessary paperwork and payment to exercise his equity purchase option at the end of August. That transaction still has not been processed nor has the check been cashed. Mr. Luther says other employees have seen their options purchases processed within two weeks. It has now been two months for Mr. Luther. I assume CesiumAstro will consummate the transaction soon given that any refusal to do so would violate the applicable contract and federal law.

Best,


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Brodrick, Collin K.
**Sent:** Monday, October 16, 2023 1:08 PM
**To:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: CesiumAstro, Inc. / Erik Luther [ODNSS-OGL.107736.000001]

If you mean the types of devices, Mr. Luther is prepared to hand over two USB flash drives and an external hard drive. After a diligent search, Mr. Luther located one drive that was on your prior list, which I believe you said were flash drives that had been plugged into Mr. Luther's company computer during an unspecified period of time prior to his resignation. He did not locate any of the other three flash drives, but speculates they may have been among the drives he turned in on his last day, may be camera memory cards, or could be drives used for storing the presentations his team gave on the road. Either way, he doesn't have them.

Mr. Luther also located an external hard drive with video files CesiumAstro was planning to use for a public-facing video and a flash drive with three files he had to print at Office Depot. He has not used either of these drives in more than six months.

Mr. Luther also searched for any other electronic devices and physical files, but did not locate anything belonging to CA. He also said he did not use any cloud-based systems like Google Drive for work given CesiumAstro's information security policies.

I also have a forensic protocol I use, but I'm happy to review your language.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Monday, October 16, 2023 10:10 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** RE: CesiumAstro, Inc. / Erik Luther [ODNSS-OGL.107736.000001]

**[Caution: Email received from external source]**

---

Collin,

Good morning.

Please send me the list of the electronic data sources that would be included in the forensic protocol.  We have a form of protocol that we use for these types of situations.  Thank you.

Michael

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Saturday, October 14, 2023 12:09 AM
**To:** Royal, Michael <MRoyal@littler.com>
**Subject:** Re: CesiumAstro, Inc. / Erik Luther [ODNSS-OGL.107736.000001]

Good evening Michael,

Following up on the below correspondence, Mr. Luther will voluntarily submit relevant devices he has located after a diligent search to a third-party forensic examiner pursuant to an agreed forensic protocol, so long as CesiumAstro agrees to pay for it. Let me know if this is agreeable and we can talk about next steps.

Best,

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168

On Oct 5, 2023, at 11:12 AM, Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com> wrote:

Michael,

1. Mr. Luther and I both understand our obligations to preserve evidence. I'm not sure why you felt the need to repeat them in such caustic terms, but I can confirm that Mr. Luther is not destroying evidence.

2. I don't appreciate you lodging unfounded accusations. The more this goes on, the more it appears Cesium is simply harassing Mr. Luther and trying to unnecessarily run up costs and/or find an excuse to file suit. It's not my practice to spend thousands of dollars forensically searching or imaging electronic devices unless absolutely necessary. Here, that is not necessary given the facts. As I said in my previous emails, I'm still working on Cesium's request to have his devices forensically analyzed at Cesium's expense. I have a call with him on Tuesday to discuss.

3. Mr. Luther has not stated any intent to compete with Cesium. In fact, he (and I) have repeatedly stated the opposite. Mr. Luther is currently working at an entity that in no way competes with Cesium, he has stated several times his intent to abide by his restrictive covenants and cooperate with Cesium (to the extent Cesium will be reasonable), and, as I've said repeatedly, he actually wants Cesium to succeed because of his equity interest. That he had conversations with other companies that ultimately went nowhere is not evidence of an intent to compete, but the opposite.

4. Not that it's any of your business, but Mr. Luther is paying my legal fees personally, which is why I'm doing my best to keep this matter as simple as possible. As with all clients, but especially Mr. Luther, I am very cognizant of costs. Your completely unfounded accusation that there's a third party paying only is further evidence of rampant paranoia on your side.

5. As we've said repeatedly, we are willing to cooperate because Mr. Luther has done absolutely nothing wrong. But Cesium needs to be reasonable in its demands and refrain from antagonizing rhetoric. You could file a lawsuit, but you and I both know that there are zero facts to support a TRO and Mr. Luther would have an argument to recover his attorneys' fees. Please dial down the counterproductive bombast so we can get this done as quickly and efficiently as possible.

Best,

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

3

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Thursday, October 5, 2023 8:51 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** RE: CesiumAstro, Inc. / Erik Luther [ODNSS-OGL.107736.000001]
**Importance:** High

*[Caution: Email received from external source]*

Collin,

Good morning.

A couple of observations:

First, Mr. Luther should **NOT** be deleting or destroying **ANY** information.  We expressly put him on notice of his obligation to avoid spoliation in the initial cease and desist letter to him (which duty he acknowledged an understanding of in his September 5, 2023, letter to me).  As you responded to my letter, you also recognized that, as his counsel, you too had a legal obligation to assist Mr. Luther in meeting his obligation to avoid acts of spoliation and/or to secure his documents and electronic data.  CesiumAstro may or may not have a copy such documents/information in its possession (*e.g.*, if Mr. Luther has the only copy or deleted same from CesiumAstro's computers), so it is imperative that this issue be addressed asap.  **Please immediately confirm that Mr. Luther has not, and will not, destroy or delete any potentially relevant data**.  **If he has done so, please provide me with a specific inventory of the exact information and documents that have been destroyed or deleted asap.**

Second, based on your response below, I am extremely concerned you have failed to take any steps to (1) identify and secure Mr. Luther's electronic devices, (2) make a forensic image of such electronic devices, (3) direct Mr. Luther to immediately disengage any auto-delete programs, and/or (4) even engage in the most basic of litigation-hold activities to avoid spoliation, *e.g.*, asking Mr. Luther to search for and turn over any hard-copies of documents he may have in his possession to you.  If accurate, your failure to engage in these basic litigation-hold steps could obviously result in liability for you and your firm, *e.g.*, if we subsequently learn Mr. Luther has continued to utilize the referenced electronic devices (which likely overwrites certain data and meta-data every time Mr. Luther uses the devices).

Third, shortly after you sent me this email (at 2:22pm), you sent me a separate email in which you stated you hoped CesiumAstro "can find a way to dial down the paranoia."  Such a disparaging comment is not only offensive and unprofessional, but will likely result in harm to your client's interests.  In this matter, Mr. Luther expressly stated he intends to compete with CesiumAstro and/or may already be doing so (PER YOUR STATEMENT – Mr. Luther had multiple interviews with and/or offers of employment from multiple competitors of CesiumAstro at the time of his resignation – which would have directly violated his non-compete), and Mr.

Luther has already admitted (in his September 5, 2023 letter to me) he is in possession of CesiumAstro business information.  We also are aware Mr. Luther is in possession of additional CesiumAstro business information, beyond the information he admitted to possessing in his September 5, 2023, letter to me.  Moreover, in his correspondence Mr. Luther stated, "I do not have the financial resources to defend myself."  So, the mere fact that Mr. Luther was able to retain a firm such as yours, which he would not have the financial resources to pay for, indicates a competitor (or some other entity who desires to misappropriate CesiumAstro's proprietary information) has agreed to pay for Mr. Luther's legal expenses, *i.e.*, to ensure it is able to utilize the CesiumAstro business information retained by Mr. Luther to unfairly compete.

In light of the foregoing, at this juncture, Mr. Luther has two options.  Option one, work collegially with us to identify, secure and **fully** remediate **all** CesiumAstro business information in his possession (in hard-copy and electronic form) and ensure his **strict** compliance with **all** of the terms of his agreement with CesiumAstro.  Option two, we will sue Mr. Luther, request an immediate restraining order, and engage in the necessary forensic discovery activities as part of the lawsuit.

Please let me know as soon as possible whether Mr. Luther desires to pursue the collegial or adversarial route to a resolution of these issues.  If Mr. Luther is willing to engage in a collegial effort to resolve these issues, then I will arrange a call with one of my e-Discovery partners, who can guide us through this process.  If we do not hear back from you this week, or if Mr. Luther is not willing to voluntarily participate in the requested remediation activities, then we will understand we have no choice but to sue Mr. Luther to protect CesiumAstro's interests.

Thank you for your prompt attention to these issues.

Michael

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Wednesday, October 4, 2023 2:11 PM
**To:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: CesiumAstro, Inc. / Erik Luther [ODNSS-OGL.107736.000001]


**[EXTERNAL E-MAIL]**


Hi Michael,

I'll discuss the flash drives with Mr. Luther and get back to you. I'm sure there's an innocent explanation. As for a third-party forensic analysis of his devices, that's completely unnecessary on these facts. Again, as I mentioned on our prior call, Mr. Luther is willing to conduct a diligent search for confidential information and destroy, or in the case of electronic data permanently delete, everything he finds, and sign a sworn declaration. If Mr. Luther is persuaded to allow the analysis, CesiumAstro would obviously have to pay for it.

Best,

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Tuesday, October 3, 2023 11:45 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** CesiumAstro, Inc. / Erik Luther

*[Caution: Email received from external source]*

---

Collin,

Good morning.

I'm following up on our discussions regarding Mr. Luther's departure from CesiumAstro.  Our forensic analysis revealed that over the final weeks of his employment, Mr. Luther attached the following devices to his CesiumAstro issued laptop computer:

- NORELSYS 1081CS0 USB Device:  Serial #: 0123456789ABCDE&0
- USB DISK 3.0 USB Device:  Serial #: 070D1A97EA450E48&0
- USB DISK 3.0 USB Device:  Serial #: B429E380D147EA&&0
- Generic Flash Disk USB Device:  Serial #: D59648DC&0

Unfortunately, at the end of his employment with CesiumAstro, he did not return any of these USB devices.  Accordingly, we ask that they immediately be returned to me for a forensic review.  Once you have the USB devices in your possession, I will send a runner to retrieve them from your office.

Additionally, please let us know what steps have been taken to preserve these devices, as well as any other computers and cloud-based accounts used by Mr. Luther.

Finally, we need to discuss with you a forensically sound manner to remove CesiumAstro files from Mr. Luther's computer(s), email account(s) and USB drives.  We envision retaining a third-party, neutral forensic expert to assist us with this process.  The forensic expert would need access to Mr. Luther's devices and accounts to search for and permanently delete CesiumAstro's information.  Further, we envision that this process would occur pursuant to a mutually agreeable protocol between the parties.  Please let me know when you would be available to discuss the proposed protocol in greater detail.

Thank you.

Michael

**Michael Royal**
Shareholder
214.880.8160 direct, 214.212.3681 mobile, 214.593.4141 fax
MRoyal@littler.com

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
2001 Ross Avenue, Suite 1500, Lock Box 116, Dallas, TX 75201-2931

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

# EXHIBIT D-3

**Brodrick, Collin K.**

| | |
|---|---|
| **From:** | Brodrick, Collin K. |
| **Sent:** | Wednesday, October 4, 2023 2:22 PM |
| **To:** | Royal, Michael |
| **Subject:** | RE: CesiumAstro/Erik Luther (LinkedIn activity) [ODNSS-OGL.107736.000001] |

Liking a LinkedIn post does not come close to a violation of the non-solicitation clause. Mr. Luther is well aware of his legal obligations and has refrained from any activity that may even *appear* like he *might* be violating his agreement. As I stated on our call, far from a desire to hurt CesiumAstro or give them any excuse whatsoever to file what would be a frivolous (and sanctionable) lawsuit, Mr. Luther wants them to succeed so that his stock continues to increase in value. I hope your client can find a way to dial down the paranoia.


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Tuesday, October 3, 2023 12:04 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** CesiumAstro/Erik Luther (LinkedIn activity)

*[Caution: Email received from external source]*

---

Collin,

Hello.

I wanted to address an issue that recently came to our attention.  Specifically, it appears Mr. Luther has been interacting with one of CesiumAstros' customers on a business platform in a manner that is intended to maintain and/or expand upon the goodwill he was exposed to while employed by CesiumAstro, to CesiumAstro's competitive detriment.  As you are aware, Section 5 of Mr. Luther's Proprietary Information and Inventions Agreement precludes such activities.  Mr. Luther's actions are particularly troubling, as our investigation in to whether Mr. Luther is currently competing with CesiumAstro and/or is using or has disclosed its confidential information is ongoing.

We respectfully request that Mr. Luther comply with both the express letter and intent of his PIIA agreement.  If we become aware of any additional issues such as this, we will not hesitate to take all necessary actions legally available to the company to protect its interests.

Michael

**Michael Royal**
Shareholder
214.880.8160 direct, 214.212.3681 mobile, 214.593.4141 fax
MRoyal@littler.com



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
2001 Ross Avenue, Suite 1500, Lock Box 116, Dallas, TX 75201-2931

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

# EXHIBIT D-4

**Brodrick, Collin K.**

| | |
|---|---|
| **From:** | Brodrick, Collin K. |
| **Sent:** | Monday, November 13, 2023 4:50 PM |
| **To:** | Royal, Michael |
| **Subject:** | RE: CesiumAstro/Luther [ODNSS-OGL.107736.000001] |

Michael,

Following up on our emails below, Mr. Luther will agree to turn over his personal electronic devices and allow access to his personal email and cloud-storage accounts to a third-party forensic examiner on the following conditions:

1. The parties reach a mutually-agreeable forensic protocol that protects the confidentiality of Mr. Luther's personal data.
2. CesiumAstro pays for all expenses related to the examination, including the vendor and shipping.
3. The parties enter into a confidential settlement agreement that includes:
   a. A general release by CesiumAstro of all claims, known or unknown, that it may have against Mr. Luther.
   b. A covenant by CesiumAstro not to sue Mr. Luther for any claims arising out of his employment agreement so long as he is in compliance.
   c. A notice and cure provision that requires CesiumAstro to notify Mr. Luther in detail of the basis for any potential claim it may have against him and to attempt to resolve the dispute in good faith before filing suit.
   d. A non-disparagement covenant by CesiumAstro.
4. CesiumAstro must process Mr. Luther's stock purchase transaction (in keeping with its contractual and ERISA obligations) and provide proof of same by 11/17. Notably, I've asked you about this several times without any response.

These conditions are necessary to bring this dispute to a conclusion and so that Mr. Luther can be assured that CesiumAstro will not continue to unreasonably increase its demands or file suit despite the lack of evidence and his cooperation. I also want to add the following to my response to some of your assertions:

- Mr. Luther never interviewed with any of CesiumAstro's competitors. If CesiumAstro's belief on this front is due to something I mistaken said during our initial communications, then I take responsibility. In any event, I sought clarification and Mr. Luther stated he was cautious to only interview with companies that were performing non-competitive work and asked CesiumAstro to waive his non-compete just to make doubly sure. He took the job at Salae to ensure CesiumAstro would have no basis for thinking he was violating his restrictive covenants.
- You alleged in your prior email that Mr. Luther sent proprietary information from his work email to his personal email. To the extent this assertion is based on Mr. Luther's letter dated September 5, 2023, none of his disclosures could be used as a basis for suit given that Mr. Luther has been open about the information in his possession and consistent in his stated desire to delete the information.
- Mr. Luther did not AT ANY POINT tell CesiumAstro that he planned to compete. So far as we can tell, CesiumAstro is either deliberately mischaracterizing his communications or making this up out of whole cloth.

Given this, and given that Mr. Luther is working at a company and in a role that is not competitive with CesiumAstro, Mr. Luther has not had any contact with any of CesiumAstro's customers or employees and Mr. Luther has not used or disclosed any of CesiumAstro's confidential or proprietary information, any lawsuit

would be entirely meritless. I again suggest that CesiumAstro dial down the paranoia and its take-it-or-leave-it threats and agree to a reasonable resolution so the parties can go their separate ways.

Best,


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Brodrick, Collin K.
**Sent:** Thursday, November 9, 2023 8:46 PM
**To:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: CesiumAstro/Luther [ODNSS-OGL.107736.000001]

- As I've stated repeatedly, Mr. Luther would be happy to sign a sworn declaration regarding his diligent search and its results, along with his past and continued compliance with his restrictive covenants. He's also willing to provide additional information regarding his current employment.
- He hasn't failed to return any USB devices. He doesn't know what devices the company is referring to, he didn't find those devices or any other devices containing company information despite a diligent search, and you have no evidence that the devices belong to Mr. Luther. They're probably in a drawer somewhere in CesiumAstro's office. In any event, the mere fact that he plugged USB devices into his computer (which he did routinely as part of his employment) is not evidence of wrongdoing much less a sufficient basis to file suit.
- I'm not sure what you're talking about when you say "he expressly told the company he intends to compete in the near future." Please clarify.
- As I've also repeatedly stated, Mr. Luther is willing to comply with the company's reasonable demands and I will take your request to him and get back to you. However, in my estimation, your demand that he turn all of his personal electronic devices is not reasonable and no court would order him to turn them over (and any such order would violate multiple SCOTX decisions).
- If you file suit on these facts and this evidence, and despite Mr. Luther's reasonable cooperation, I'll not only oppose the TRO (and win) but also seek Rule 13 sanctions.


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Samuels, Patricia <PSamuels@littler.com> **On Behalf Of** Royal, Michael
**Sent:** Thursday, November 9, 2023 6:03 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; Royal, Michael <MRoyal@littler.com>
**Subject:** RE: CesiumAstro/Luther [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Collin:

The company has no confidence in Mr. Luther's assertions that he has not engaged in any inappropriate conduct. He interviewed with competitors (despite the fact he had a noncompete), he asked the company to immediately waive his noncompete obligations, he sent proprietary company information from his work email to his personal email, he has failed to return three USBs (which were plugged in to his work computer near the end of his employment), he has former coworkers and friends who have recently started a competing satellite communications company, and he expressly told the company he intends to compete in the near future.

If Mr. Luther has nothing to hide, then the remediation process proposed should not be any reason for alarm. Stated alternatively, we have no intention to debate these issues with Mr. Luther; therefore, there are two ways for this process to occur. Option 1: the easy way – where Mr. Luther agrees immediately to cooperate with the company's efforts to ensure the security of its information. Option 2: if Mr. Luther refuses to cooperate, then the company intends to initiate litigation immediately and obtain this same information, and more from relevant third parties, through the discovery process.

Please let me know by November 17 which option Mr. Luther desires to pursue. If he will fully cooperate with us, then I will send you a proposed forensic examination protocol for your review.

MR

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Monday, November 6, 2023 8:41 PM
**To:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: CesiumAstro/Luther [ODNSS-OGL.107736.000001]

# [EXTERNAL E-MAIL]

Michael,

- I'm not sure which USB device Mr. Luther found. I have the devices on my desk, but I'd rather not plug them into my computer to find out since it'll create confusing metadata.
- I will not turn the devices over until we've agreed to a forensic protocol. I believe I asked for a draft in one of my prior emails, but never received one.

- To my knowledge, Mr. Luther did not use any of his other devices for company business. As I've said previously, he took his data security obligations very seriously given the sensitive work CesiumAstro performs. Even so, just to be sure, he searched his devices, his cloud accounts and email accounts, for any company-related data and didn't find anything. Therefore, there is no reason for him to turn over his other devices or to give a forensic analyst access to his personal accounts.

Please give me an update on CesiumAstro's efforts to process Mr. Luther's exercise of his stock purchase option. He sent the paperwork and check in August and we have confirmation of delivery from USPS on September 2.

Best,


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Saturday, November 4, 2023 2:32 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** CesiumAstro/Luther

*[Caution: Email received from external source]*

---

Collin,

Hello.

I wanted to follow up on the remediation issues.  From your email, it sounds like Mr. Luther has (i) two USB flash drives (one of which is on the list below), and (ii) an external hard drive, which have the company's information on them.  Please identify which one of the USB flash drives listed below is still in Mr. Luther's possession.

- NORELSYS 1081CS0 USB Device:  Serial #: 0123456789ABCDE&0
- USB DISK 3.0 USB Device:  Serial #: 070D1A97EA450E48&0
- USB DISK 3.0 USB Device:  Serial #: B429E380D147EA&&0
- Generic Flash Disk USB Device:  Serial #: D59648DC&0

Also, please let me know if you have the three referenced devices at your office (or whether Mr. Luther still has possession of them). We would like to send a runner to retrieve the three devices on Monday.

We likewise need to obtain a forensic image of Mr. Luther's personal electronic devices, cloud storage, and personal email, which he owned or used during his employment with the company, in order to verify whether any of the company's information remains in Mr. Luther's possession as of this date (and if so, to permanently delete such information). This is especially important because the USB drive returned by Mr. Luther at the end of his employment (with a volume serial number of 6CDA4891 and a physical serial number of 0E7329102050) was never plugged into either of the computers he used while at CesiumAstro.

As a first step, we need you to identify the personal electronic devices, cloud storage, and personal email, which Mr. Luther owned or used during his employment with the company, at your earliest convenience. Once we understand the type/quantity of electronic data sources, we will coordinate with the forensic vendor to image same and perform applicable searches. The company will obviously pay for the forensic work addressed herein.

Thank you for your prompt attention to these issues.

Michael

**Michael Royal**
Shareholder
214.880.8160 direct, 214.212.3681 mobile, 214.593.4141 fax
[MRoyal@littler.com](mailto:MRoyal@littler.com)



Labor & Employment Law Solutions | Local Everywhere
2001 Ross Avenue, Suite 1500, Lock Box 116, Dallas, TX 75201-2931

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

# EXHIBIT D-5

**From:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Sent:** Monday, February 5, 2024 3:12 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

Tiffany is coming by this afternoon to pick up the devices. We're working on a scheduling a call for tomorrow to give her access to the email and iCloud accounts.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Brodrick, Collin K.
**Sent:** Monday, February 5, 2024 11:31 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

I emailed Tiffany. Haven't heard yet.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Monday, February 5, 2024 11:30 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

I'm fine either way Collin. Please let me know when you've spoken with TransPerfect as this was all supposed to have happened by last Friday.

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

**Littler**
Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Monday, February 5, 2024 11:25 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Collin, I'll have a courier come over this morning to get the drives. Will you be in the office? If not, who should the courier ask for?

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

**Littler**
Fueled by ingenuity. Inspired by you.

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Friday, February 2, 2024 6:09 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** Re: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

It's after 5:00 and I'm not in the office. I will not be getting the drives to her today. Tiffany's response did not indicate she was ready to execute the protocol. I will communicate with her Monday. Have a great weekend.

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168

> On Feb 2, 2024, at 4:59 PM, Myers, Donald W. <DWMyers@littler.com> wrote:
>
> *[Caution: Email received from external source]*
>
> Collin, under the protocol, the materials needed to be delivered today. Please have Mr. Luther deliver the materials.
>
> Sent from my iPhone
>
> > On Feb 2, 2024, at 4:54 PM, Brodrick, Collin K. <collin.brodrick@ogletree.com> wrote:
> >
> > The only communication I've had from or with TransPerfect is the email Tiffany sent us on Wednesday saying she'd review the protocol and revert with any questions.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Wednesday, January 31, 2024 10:09 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Collin, let me know after you speak with TransPerfect.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Tuesday, January 30, 2024 6:48 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** Re: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

TransPerfect can contact me and I'll coordinate.

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168

On Jan 30, 2024, at 5:28 PM, Myers, Donald W. <DWMyers@littler.com> wrote:

*[Caution: Email received from external source]*

Collin, please see that attached, and let me know what you'd like to do about adding 1(e) to Paragraph 5?

Also, I can put you and Mr. Luther in touch with TransPerfect to work out the logistics of getting the devices and access over to them this week.  Just let me know what is easiest.

I know you're traveling, but I am generally around this week if we need to have a quick call on logistics.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>
Best,

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Monday, January 29, 2024 5:25 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

Don,

Attached is the final protocol for execution by your side. Erik and I have signed it. I made two related corrections as reflected in the attached Word doc and accepted all other changes.

Best,

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Friday, January 26, 2024 11:37 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** Re: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

Sunday 1:00 CT?

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168

On Jan 26, 2024, at 4:28 PM, Myers, Donald W. <DWMyers@littler.com> wrote:

[Caution: Email received from external source]

Collin, any chance we can catch up today?  Or over the weekend?  I'm in court all day Monday and in the air for most of the day Tuesday.

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Thursday, January 25, 2024 7:00 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** Re: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

I'll be in mediation tomorrow so my schedule will be unpredictable. I could call you during a break or if it ends early, or we can talk on Monday any time after 9:30 CT.

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168

On Jan 25, 2024, at 5:24 PM, Myers, Donald W. <DWMyers@littler.com> wrote:

[Caution: Email received from external source]

Collin, are available for a short call today or sometime tomorrow morning?  If so, please let me know a good time to call you.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Thursday, January 25, 2024 8:26 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** Re: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

Tomorrow 9:30-10:30 and 11:00-5:00 CT.

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168

On Jan 24, 2024, at 2:03 PM, Myers, Donald W. <DWMyers@littler.com> wrote:

[Caution: Email received from external source]

Collin, when are you free for a quick call?

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Wednesday, January 24, 2024 2:06 PM

**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

Mr. Luther wants assurance that the harassment will end and Cesium won't file suit anyway even though he's cooperating. Anything you can on that front?

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Wednesday, January 24, 2024 9:29 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

> [Caution: Email received from external source]

Collin, thanks for taking a look at this. We're generally fine with the changes you added to Paragraph 5; however, we moved them to Paragraph 6 and added in a logging requirement. We are also fine with a date restriction of February 10, 2021. However, our client will not accept the changes in Paragraph 8. If you'll agree to remove the language from Paragraph 8 that you inserted and provide access to the Materials by the end of the week, then we have a deal. Otherwise, our client will be forced to file suit against Mr. Luther.

Please let me know if you'd like to discuss this.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Monday, January 22, 2024 1:00 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

When can you talk?

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Thursday, January 18, 2024 8:23 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

> [Caution: Email received from external source]

Collin, I am following up on our conversation from yesterday morning regarding the remediation protocol. It sounds like we are finally in agreement regarding the terms of the protocol. However, you stated during our call that you would not turn any of the Materials over to TransPerfect for imaging and remediation, unless Cesium first processes Mr. Luther's exercise of his stock purchase options.

I passed your message along to the company. As you would expect, your precondition to the occurrence of the remediation activities did not go over well. The company asked me to remind you that Mr. Luther was contractually bound to immediately deliver all company property to CesiumAstro, upon the termination of his employment (which was long ago at this point), with no pre-conditions to such obligation. Mr. Luther's contractual duty to engage in this remediation is separate and apart from, and in no way conditioned on, a resolution of any issues Mr. Luther may perceive he has regarding the exercise of stock purchase options.

This process has gone on far too long. The company will offer Mr. Luther one last chance to promptly turn all the Materials over to (and provide the necessary login credentials, passwords, etc.) to TransPerfect. If Mr. Luther does not do so promptly, then he will leave the company with no other choice than to initiate a lawsuit against Mr. Luther to protect its interests.

I'm in meetings today and tomorrow. If you'd like to discuss this, please call my cell (215-284-1318) and I'll try to step out.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>
Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Tuesday, January 16, 2024 12:32 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

[Caution: Email received from external source]

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Thursday, January 4, 2024 11:39 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

Good morning Don,

Following up on our meeting yesterday, Mr. Luther is fine adding his son's email address, hluther07@icloud.com, back into the protocol considering his son was involved in editing the marketing video we've previously discussed. Assuming this is the last piece, please send me a final version for review.

Thanks,

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Wednesday, January 3, 2024 10:23 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

[Caution: Email received from external source]

Thanks Collin, I'll send an invite for 3:00 central this afternoon.

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Wednesday, January 3, 2024 10:32 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

Hi Don- I'm available today 11:00-5:00 CT and tomorrow 9:00-5:00 CT.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Wednesday, January 3, 2024 6:58 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

[Caution: Email received from external source]

Collin, I hope you were able to get some down time over the holidays.  Do you have time for a call about the revisions to the protocol today or tomorrow?  I'm generally around other than a few calls here and there.  Let me know what works for you and I can send an invite around.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Tuesday, December 19, 2023 8:46 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** Re: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

The hluther07 ID isn't his, it's his high school son's. The Hotmail email I replaced it with is Mr. Luther's Apple ID through which the examiner will be able to access the pictures.

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168

> On Dec 19, 2023, at 6:41 AM, Myers, Donald W. <DWMyers@littler.com> wrote:

> [Caution: Email received from external source]

> Collin, thanks for the quick turnaround.  Sorry about the iCloud reference in the first paragraph.  I was typing an email to you and it looks like it accidentally made its way into the document.

> Could you let me know about the change you made regarding the HLuther07@icloud.com?  Specifically, why has that email address been deleted?  And does Mr. Luther have an icloud.com email account and cloud storage?

> I'm generally around today if it's easier to have a quick call about this.  Let me know what works.

> Don

> **Donald W. Myers**
> Shareholder - eDiscovery Counsel
> 267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax

> Hi Don- Per the attached, I made one comment in the first paragraph and a correction in paragraph 1(d). Otherwise, it looks good.

> Michael- Where's Cesium on processing the equity purchase?

> **Collin K. Brodrick | Ogletree Deakins**
> 8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
> collin.brodrick@ogletree.com | www.ogletree.com | Bio

> **From:** Myers, Donald W. <DWMyers@littler.com>
> **Sent:** Sunday, December 17, 2023 7:29 PM
> **Sent:** Monday, December 18, 2023 10:56 PM
> **To:** Myers, Donald W. <DWMyers@littler.com>; Royal, Michael <MRoyal@littler.com>
> **Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

> [Caution: Email received from external source]

> Collin:

> Attached please find a revised draft protocol based on our last discussion.  I believe I made the changes you and I discussed, but please let me know if you disagree.

> Further, you'll see I added in a few additional search terms.  These are designed to uncover discussions about CesiumAstro information that do not contain any of the CesiumAstro terms we previously discussed.

> Finally, does Mr. Luther use an iCloud account?  We saw evidence of personal iCloud usage on Mr. Luther's computer.  Could we add in his iCloud account as one of the additional materials to be searched?

> Once you've reviewed this, could we schedule a call to go through it.  I have a fair amount of availability on Tuesday and Wednesday.

> Don

> **Donald W. Myers**
> Shareholder - eDiscovery Counsel
> 267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
> DWMyers@littler.com

> Pronouns: He/Him

> <image001.png>

> <image002.png>

> Labor & Employment Law Solutions | Local Everywhere
> Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

> > **From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
> > **Sent:** Thursday, December 7, 2023 11:23 AM
> > **To:** Myers, Donald W. <DWMyers@littler.com>
> > **Cc:** Royal, Michael <MRoyal@littler.com>
> > **Subject:** Re: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

> > Sorry, I didn't see this email earlier. Yes, 4:30 works. Thanks.

> > Collin K. Brodrick, Esq.
> > Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
> > 214-692-0168

> > > On Dec 7, 2023, at 6:36 AM, Myers, Donald W. <DWMyers@littler.com> wrote:

> > > [Caution: Email received from external source]

> > > Collin, I scheduled another call at 10:30 central.  Can you talk at 4:30 central today?
> > > Don

> > > **Donald W. Myers**
> > > Shareholder - eDiscovery Counsel
> > > 267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
> > > DWMyers@littler.com

Pronouns: He/Him

<image002.png>

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**From:** Myers, Donald W.  _____
**Sent:** Friday, December 1, 2023 6:46 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletree.com>; Royal, Michael <MRoyal@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

Collin,

Thanks for the email and we appreciate your _____
understood what you ____ smoak & Stewart, P.C.

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Wednesday, November 29, 2023 8:54 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

[Caution: Email received from external source]

Hi. I will verify with Don, but I think we can probably work with your proposed revisions to the protocol (with a few minor tweaks). I am waiting on further guidance/instructions from my client re: the stock, release, etc. issues.

Perhaps I misunderstood, but who owns the USBs and Hard Drive? Where did they come from? I thought you had communicated they were the company's property, but were still in the possession of Luther? Is that incorrect?

If you are asserting Luther purchased the USBs and Hard Drive, then what type of company information does Luther believe is on them? What did he use them for? Were they provided by a third party? Are they client bidding/technical specs? Used for downloading information from Company computers? Other?

Does Luther have information on the USBs and/or hard drive that is personal/nonbusiness?

We will need to have a better understanding of what may be on the USBs and Hard Drive, to be able to effectively remediate the information. Alternatively, we could just agree that only counsel for the parties is able to review (but not have a copy of) the complete information on the USBs and Hard Drive – to determine what is company business information vs. any personal/non-business information Luther may have saved on to the devices. The forensics team can make the information available through a share screen, which expressly precludes copying.

Please clarify these issues for us. Thank you.

Michael

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Tuesday, November 28, 2023 2:43 PM
**To:** Royal, Michael <MRoyal@littler.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

I understand that utilizing a forensic expert is Cesium's preferred process but it's not required under the rules, Texas law, or relevant precedent. Mr. Luther has repeatedly offered to perform a diligent search to identity relevant data, return/delete the data, and provide a supporting sworn declaration, which any judge would find reasonable given there's no wrongdoing, but Cesium is demanding a more robust process.

And, as I've said numerous times ad nauseam, Mr. Luther wants to cooperate in the forensic analysis if we can reach an agreement, which must include Cesium processing the stock purchase before we turn over the devices. The stock purchase has been a key issue since the beginning, but Cesium ignored it. Cesium cannot plausibly claim delay. The devices are safely secured in my office and Mr. Luther is well aware of his preservation obligations, so your urgency is manufactured. I think even you would agree I've been engaged and responsive, whereas Cesium didn't respond to my or Mr. Luther's inquiries about the stock purchase for more than two months, so I am not the cause of any supposed delay.

You and I both know that any lawsuit would be expensive and end in the same place, which isn't in either our client's best

You and I both know that any lawsuit would be expensive, and I'm in the same spot, where I'm in either our client's best interests, so let's work out a reasonable compromise quickly. As a show of good faith, attached is my redlined protocol. I tried to work within the confines of your draft and use the same terminology, so hopefully my changes make sense. I'm happy to discuss.

Collin K. Brodrick | Ogletree Deakins
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Tuesday, November 28, 2023 1:56 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Collin,

Hello.  I intend to speak with the company, in order to obtain the company's guidance regarding the collateral, non-remediation issues you included below.

In the interim, please immediately address the company's request for remediation.  If the protocol is not to your liking, feel free to immediately revise it or suggest another.  However, we will not accept any further delays.

Moreover, the process by which the electronic company information (from the 2 USBs, the external hard drive, the Hotmail account and the iCloud account, which are the only sources identified by Luther to date) is "returned" to the company must be forensically sound and in compliance with applicable rules of procedure and evidence.  It will not be sufficient for Luther to simply delete (as opposed to "return") the electronic information.  Instead, a forensic expert should be retained.  The expert should maintain a chain of custody log and make a forensic image of the electronic storage devices/accounts.  From that forensic image, the expert will create a forensically sound image of the responsive data (including its associated meta-data), which will (then be provided to counsel for the company.  After that point, the company data contained in the devices/accounts may be deleted, but the expert will maintain possession of the original, unaltered forensic images (in case same are needed again in the future).  This is the exact method utilized in every case involving the identification, retrieval and/or production of electronic data.

If we do not receive your proposed revisions to the protocol within the next day or so, or if such proposed revisions are not forensically sound and/or do not comply with applicable rules of procedure and evidence, then we will be required to take additional actions to secure the return of the company's information.

MR

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Monday, November 27, 2023 9:48 PM
**To:** Royal, Michael <MRoyal@littler.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

I've left several voicemails for you over the last several weeks and asked you to call me back, all to no avail.

In your response below, you refuse to engage on the stock transaction yet again. Please respond to all of the issues I raised, not just the ones you prefer to address.

You also (yet again) intentionally conflate Mr. Luther's obligation to return company property (which he has repeatedly agreed to do) with Cesium's demand that he remit his devices to a forensic examiner. Again, Mr. Luther has no legal obligation to turn over his devices and no court would order it on these facts. His potential willingness to cooperate with a forensic examination is a concession in exchange for which Cesium must process the stock purchase.

I acknowledge Cesium is now backing off its demand that Mr. Luther turn over all of his personal devices (thank you for clarifying), though your email leaves plenty of room for Cesium to renew its demand in the future. With that in mind, I will draft a covenant not to sue agreement with some language that Cesium should find reasonable, and redline the protocol. Meantime, let me know when Cesium will process the stock purchase.

Collin K. Brodrick | Ogletree Deakins
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Monday, November 27, 2023 5:40 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Collin,

Hi.  I am not certain how we are trying to avoid a verbal conversation, when we were the ones trying to schedule a call today.  But that is of no consequence.

For the current remediation, all we are requesting is that Mr. Luther comply with his contractual and common law obligations – as addressed hereafter.  If Luther does not intend to do so, please promptly convey that to us.

First, Luther must turn over the 2 USBs and the external hard drive (which he previously referenced as being in his possession) to us ASAP.  For clarity, we are not requesting to take a forensic image of any other electronic data devices at this time (as we will not agree to Luther's pre-conditions for such activity to occur, *e.g.*, full release, etc.).  However, Luther should continue to **avoid the spoliation** of any electronic data devices and/or other evidentiary sources in his custody, possession, or control – in the event this matter does result in litigation.

> **Will Luther agree to return the 3 electronic data devices (the 2 USBs and the external hard drive) to us ASAP or not?**

Second, Luther stated he is also in possession of company information in the two online and/or cloud-based accounts (his Hotmail account and an iCloud account).  Luther **should not delete or spoliate** any information in these accounts (or any other accounts potentially containing company information and/or evidence related to the parties` disputes).  The company information in the referenced Hotmail account and iCloud account must be remediated ASAP (*i.e.*, a forensic copy made of same by Transperfect, and only after such copy is made, the information will be permanently deleted off Luther's accounts).

> **Will Luther agree to remediate the company information contained in his Hotmail account and the iCloud account, as requested, ASAP?**

MR

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Monday, November 27, 2023 4:02 PM
**To:** Royal, Michael <MRoyal@littler.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

First, Mr. Luther has already repeatedly agreed to return, or in the case of electronic data permanently delete, anything that could be construed as CesiumAstro's property going back to his initial response letter on September 5. He even readily identified files that might even loosely qualify as company property and has conducted multiple searches since then to ensure he is not in possession of anything else. First, CesiumAstro demanded Mr. Luther turn over four USB drives and he reluctantly agreed. Now, CesiumAstro has greatly expanded its demand to include all of his personal electronic devices, which goes far beyond any legal obligation he might have and no court would order it. He, therefore, understandably wants assurance that making this extreme concession will mean the end of CesiumAstro's wanton harassment, which can only come through a global agreement along the lines of my prior email.

Second, the stock purchase is inextricably intertwined with this dispute given CesiumAstro appears to be denying the transaction based on alleged violations of his restrictive covenants. Therefore, it must be resolved in tandem with the other issues. As for your client's letter of November 17, it is not at all self-explanatory. Namely, the letter references language related to alleged "misconduct" without identifying it. Given that Mr. Luther was not terminated but resigned voluntarily, I can only assume CesiumAstro is referencing other "misconduct," which is defined in section N of the Appendix to the Stock Plan as various actions none of which apply to Mr. Luther (as you well know). CesiumAstro's denial of the stock purchase is wholly without merit and grounds for a claim.

I'll get back to you about the forensic protocol once we resolve these other issues. Upon first glance, it will need significant revisions.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Monday, November 27, 2023 2:33 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

**[Caution: Email received from external source]**

Hi. Don's specialty is eDiscovery. He was the author of the forensic protocol we sent to you and routinely works with the external vendors on these exact type of remediation projects. To the extent you have any questions regarding the protocol related activities, he is the man to speak with.

Are you not planning on discussing the remediation of the information remaining in Luther's possession? What other issues are there to speak about at this point?

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Monday, November 27, 2023 1:51 PM
**To:** Royal, Michael <MRoyal@littler.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

I see from Littler's website that Don's practice focuses exclusively on eDiscovery. Given that I'd like to more general issues, perhaps it would be better if you and I speak.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214 692 0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Monday, November 27, 2023 1:43 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

**[Caution: Email received from external source]**

Hi. Don is available at 4:30 central. Does that time work for you? Thank you.

Michael

**Michael Royal**
Shareholder
214.880.8160 direct, 214.212.3681 mobile, 214.593.4141 fax
MRoyal@littler.com

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
2001 Ross Avenue, Suite 1500, Lock Box 116, Dallas, TX 75201-2931

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Monday, November 27, 2023 10:51 AM
**To:** Royal, Michael <MRoyal@littler.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001]

Per the voicemail I just left on your direct line, please give me a call to discuss.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Monday, November 27, 2023 10:06 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession

**[Caution: Email received from external source]**

Collin,

Hello. I hope you had a pleasant holiday.

The company's letter re: stock issues was self-explanatory and is irrelevant to the issues we are currently attempting to address.

At this point, we need to focus on remediating Mr. Luther's retention of the company's information. We would like to initiate the protocol, identify him in correspondence to you, dated November 22, 2023, today. Please confirm we may image and collect the information from the USBs and other electronic storage devices held by you in your office. Also, please provide your availability this afternoon and tomorrow – to participate in a call with the forensic vendor (to discuss logistics, address log-in credentials for the Hotmail and iCloud accounts, etc.).

Thank you.

Michael

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Wednesday, November 22, 2023 1:37 PM
**To:** Royal, Michael <MRoyal@littler.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** Re: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession

What about the stock purchase? Erik received a letter that the transaction is being denied for supposed "misconduct." This is a clear ERISA violation.

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168

On Nov 22, 2023, at 12:31 PM, Royal, Michael <MRoyal@littler.com> wrote:

[Caution: Email received from external source]

Collin,

Good afternoon.

In accordance with Section 7 of Mr. Luther's Proprietary Information and Inventions Agreement with CesiumAstro (the "Agreement"), Mr. Luther agreed to immediately deliver all company property to CesiumAstro, upon the termination of his employment with CesiumAstro.

From our previous communications, it is our understanding Mr. Luther has certain company information in: (i) his Hotmail email and iCloud accounts; (ii) on 2 USBs; and (iii) on an external hard drive. We understand the USBs and external hard drive are currently being held by you in your office. If Mr. Luther has any other company information stored on any other electronic data storage devices (or hard copies), please identify same for us at your earliest convenience.

To aid the Parties in this recovery and remediation endeavor, we have drafted the attached forensic protocol. Considering the holiday this week, we would like to initiate this protocol early next week. We will contact you on Monday to discuss the logistics of the protocol. Thank you.

Michael

**Michael Royal**
Shareholder
214.880.8160 direct, 214.212.3681 mobile, 214.593.4141 fax
MRoyal@littler.com

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
2001 Ross Avenue, Suite 1500, Lock Box 116, Dallas, TX 75201-2931

----------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.
distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

----------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

----------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

----------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

----------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and deletes this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

<Cesium-Luther - Forensic Protocol - Fully Executed (need to add 1(e) to Paragraph 5) 4872-2729-9489 v.1.pdf>

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

-----------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------

on is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please sender by reply email and delete all copies of this message.

delson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

--------------

on is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.

may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please sender by reply email and delete all copies of this message.

delson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

# EXHIBIT D-6

**Brodrick, Collin K.**

| | |
|---|---|
| **From:** | Brodrick, Collin K. |
| **Sent:** | Wednesday, February 7, 2024 1:46 PM |
| **To:** | Brandon Button; Tiffany Wylie |
| **Cc:** | FTAC_TX; Myers, Donald W. |
| **Subject:** | RE: CesiumAstro Remediation [ODNSS-OGL.107736.000001] |

Thanks, Brandon.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Brandon Button <bbutton@transperfect.com>
**Sent:** Wednesday, February 7, 2024 1:41 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; Tiffany Wylie <twylie@transperfect.com>
**Cc:** FTAC_TX <FTAC_TX@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: CesiumAstro Remediation [ODNSS-OGL.107736.000001]

**[Caution: Email received from external source]**

---

Thank you for the call, Collin. The app-specific password has been revoked and I have signed out of the iCloud account.

Regards,

**Brandon Button**
Digital Forensics Examiner
**M** +1 214.608.7056





**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Wednesday, February 7, 2024 1:33 PM
**To:** Brandon Button <bbutton@transperfect.com>; Tiffany Wylie <twylie@transperfect.com>
**Cc:** FTAC_TX <FTAC_TX@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: CesiumAstro Remediation [ODNSS-OGL.107736.000001]

Thanks, Brandon. I'll get back to you.


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | https://link.edgepilot.com/s/a1b44f17/I01ElAusSk2-31mU1N4VmA?u=http://www.ogletree.com/ | Bio


**From:** Brandon Button <bbutton@transperfect.com>
**Sent:** Wednesday, February 7, 2024 1:16 PM
**To:** Tiffany Wylie <twylie@transperfect.com>; Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** FTAC_TX <FTAC_TX@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: CesiumAstro Remediation [ODNSS-OGL.107736.000001]

> *[Caution: Email received from external source]*

---

Hi Collin,

All three mailbox collections have completed. I have signed out of both Hotmail accounts.

For the iCloud account, I would like to remove the App-Specific Password "TransPerfect". However, I will need assistance with 2fa to access the security section to achieve this. Would Erik be able to relay a 2fa code? Alternately, I can provide the instructions for Erik/Hayden to remove this directly.

Please let me know if there are any questions.

2

Regards,

**Brandon Button**
Digital Forensics Examiner
**M** +1 214.608.7056





---

**From:** Tiffany Wylie <twylie@transperfect.com>
**Sent:** Wednesday, February 7, 2024 9:24 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Cc:** FTAC_TX <FTAC_TX@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: CesiumAstro Remediation [ODNSS-OGL.107736.000001]

Thank you, Collin.  Let's go with the 10:00 AM slot.  I will send a meeting invite.

Thanks again!

Tiffany Wylie | Senior Digital Forensics Examiner
t +1 214.744.4200 | m +1 214.784.9231

---

**From:** Brodrick, Collin K. [mailto:collin.brodrick@ogletree.com]
**Sent:** Wednesday, February 07, 2024 8:48 AM
**To:** Tiffany Wylie <twylie@transperfect.com>
**Cc:** FTAC_TX <FTAC_TX@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: CesiumAstro Remediation [ODNSS-OGL.107736.000001]

Erik and I are available today 10:00-11:00 and 1:00-3:00 CT. Let me know what works for you.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | https://link.edgepilot.com/s/c17867bb/aB4ut2HDDkmPCkguyFjrvA?u=http://www.ogletree.com/ | Bio

---

**From:** Brodrick, Collin K.
**Sent:** Tuesday, February 6, 2024 11:14 PM
**To:** Tiffany Wylie <twylie@transperfect.com>
**Cc:** FTAC_TX <FTAC_TX@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: CesiumAstro Remediation [ODNSS-OGL.107736.000001]

Great, thank you. I'll get back to you about a time for a follow-up call tomorrow.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | https://link.edgepilot.com/s/c17867bb/aB4ut2HDDkmPCkguyFjrvA?u=http://www.ogletree.com/ | Bio

---

**From:** Tiffany Wylie <twylie@transperfect.com>
**Sent:** Tuesday, February 6, 2024 4:17 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** FTAC_TX <FTAC_TX@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>
**Subject:** CesiumAstro Remediation

**_[Caution: Email received from external source]_**

---

Collin,

I had a phone conversation with Don Myers from Littler.  He advised that they are fine with proceeding without removing custodian access to the email accounts, so I believe we can move forward.  Please let me know if I understand correctly.

Collin, please let me know when we can reschedule the call with Mr. Luther for assistance

Tiffany Wylie
Senior Digital Forensics Examiner



1717 Main Street
Suite 3950
Dallas, TX  75201

**t +1 214.744.4200** | m +1 214.784.9231
https://link.edgepilot.com/s/a24a9a51/q4YPk1vJ5kKTVUUiHIirJg?u=http://www.transperfectlegal.com/

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

# EXHIBIT D-7

**Brodrick, Collin K.**

| | |
|---|---|
| **From:** | Brodrick, Collin K. |
| **Sent:** | Thursday, February 8, 2024 3:32 PM |
| **To:** | Stuart Claire |
| **Cc:** | Myers, Donald W.; mroyal@littler.com; Tiffany Wylie; Rattana Phansackdy |
| **Subject:** | Re: Cesium-Luther: Forensic protocol [ODNSS-OGL.107736.000001] |

Thank you, you too.

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168


On Feb 8, 2024, at 3:31 PM, Stuart Claire <sclaire@transperfect.com> wrote:


*[Caution: Email received from external source]*

---

Thank you.  I sent an invitation for 10:30AM ET on Monday.  Please let me know if there are any conflicts.

Enjoy the weekend.

**Stuart Claire, Esq.**
Senior Director
**M** +1 347.880.6581

**<image001.png>**

*For information about our personal data policy and your opt-out rights, please review our privacy policy or visit our opt-out portal*

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Thursday, February 8, 2024 3:59 PM
**To:** Stuart Claire <sclaire@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>; mroyal@littler.com
**Cc:** Tiffany Wylie <twylie@transperfect.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Subject:** RE: Cesium-Luther: Forensic protocol [ODNSS-OGL.107736.000001]

I'm available on Monday 10:00-11:30 and 2:00-5:00.


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | https://link.edgepilot.com/s/ebeff403/gY21GvwZ7UCJ57VLMFea9g?u=http://www.ogletree.com/ | Bio


**From:** Stuart Claire <sclaire@transperfect.com>
**Sent:** Thursday, February 8, 2024 1:55 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; Myers, Donald W. <DWMyers@littler.com>; mroyal@littler.com
**Cc:** Tiffany Wylie <twylie@transperfect.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Subject:** RE: Cesium-Luther: Forensic protocol

*[Caution: Email received from external source]*

Hi Collin, Don and Michael.

We would like to schedule a call for Monday to review next steps for this project.

Please let me know  whether you have time Monday between 10-11:30 or after 2:00.  Thank you.

Stuart

**Stuart Claire, Esq.**
Senior Director

**<image003.png>**

1500 Market Street 27th Floor
Philadelphia, PA 19102-2186
**M** +1 347.880.6581
https://link.edgepilot.com/s/68e4bb05/tzwpEcV-DEeEweGkd2exrA?u=http://www.transperfectlegal.com/

<image004.png>

*For information about our personal data policy and your opt-out rights, please review our privacy policy or visit our opt-out portal.*

---

**From:** Myers, Donald W. [mailto:DWMyers@littler.com]
**Sent:** Wednesday, January 31, 2024 8:00 AM
**To:** Tiffany Wylie <twylie@transperfect.com>
**Cc:** Brodrick, Collin K. <collin.brodrick@ogletree.com>; Royal, Michael <MRoyal@littler.com>
**Subject:** Cesium-Luther: Forensic protocol

Tiffany:

I hope you've been well.  We've worked out a protocol with Mr. Luther's counsel (Collin, copied here), a copy of which is attached.  You'll note that in Paragraph 5, we left out searching the materials listed in Paragraph 1(e).  The parties have agreed that the materials listed in Paragraph 1(e) will be searched under Paragraph 5.

Collin will reach out to you directly to get the materials over to you.  Please let us know if you have any questions.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image005.png>


<image006.png>


Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321



--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.



Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*



Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

# EXHIBIT D-8

**Brodrick, Collin K.**

| | |
|---|---|
| **From:** | Brodrick, Collin K. |
| **Sent:** | Thursday, February 29, 2024 1:41 PM |
| **To:** | Myers, Donald W. |
| **Subject:** | RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001] |

Ok, I'll take a look when I can, probably next week as I'm prioritizing the initial review.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Thursday, February 29, 2024 12:49 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

**[Caution: Email received from external source]**

Collin, below are the control numbers of the files we'd like you to downgrade to confidential.  Let me know if that works.

Don

CA_CTRL_ND00000004
CA_CTRL_ND00000005
CA_CTRL_ND00000006
CA_CTRL_ND00000007
CA_CTRL_ND00000008
CA_CTRL_ND00000009
CA_CTRL_ND00000645
CA_CTRL_ND00001266
CA_CTRL_ND00001267
CA_CTRL_ND00001268

CA_CTRL_ND00001269
CA_CTRL_ND00001270
CA_CTRL_ND00001522
CA_CTRL_ND00001523
CA_CTRL_ND00001524
CA_CTRL_ND00001525
CA_CTRL_ND00001628
CA_CTRL_ND00001629
CA_CTRL_ND00001730
CA_CTRL_ND00001735
CA_CTRL_ND00002361
CA_CTRL_ND00002362
CA_CTRL_ND00002363
CA_CTRL_ND00002364
CA_CTRL_ND00002365
CA_CTRL_ND00002366
CA_CTRL_ND00002367
CA_CTRL_ND00002368
CA_CTRL_ND00002369
CA_CTRL_ND00002370
CA_CTRL_ND00002371
CA_CTRL_ND00002372
CA_CTRL_ND00002374
CA_CTRL_ND00002375
CA_CTRL_ND00002376
CA_CTRL_ND00002377
CA_CTRL_ND00002378
CA_CTRL_ND00002379
CA_CTRL_ND00002380
CA_CTRL_ND00002381
CA_CTRL_ND00002382
CA_CTRL_ND00002383
CA_CTRL_ND00002384
CA_CTRL_ND00002385
CA_CTRL_ND00002386
CA_CTRL_ND00002387
CA_CTRL_ND00002388
CA_CTRL_ND00002394
CA_CTRL_ND00002395

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him



Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Thursday, February 29, 2024 10:48 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

At the moment, I don't see any reason to downgrade any files except the ones that are already marked confidential and the ones we eventually mutually agree should be remediated. Everything else is data solely owned by Mr. Luther and not any of Cesium's business. With that said, if there are particular files you want to discuss, I'm all ears.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Thursday, February 29, 2024 9:45 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

What are you seeing that is AEO?

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him



Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Thursday, February 29, 2024 10:44 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

I disagree, so no.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Thursday, February 29, 2024 9:30 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Collin, I took another look at the documents yesterday.  There is nothing in there that warrants AEO treatment.  Can we get these released today?

Don


**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com


Pronouns: He/Him



Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Wednesday, February 28, 2024 11:28 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

I need to walk through the review process/details and how Relativity works with Erik. I assume we can have it done no later than Monday, perhaps sooner.


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Tuesday, February 27, 2024 7:55 PM

**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Collin, yes, that is correct.  Let me know an ETA as to when you'll be done with the review.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Monday, February 26, 2024 5:22 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

I don't know, Don. I plan to communicate with Erik about it as soon as you answer my first question below.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Monday, February 26, 2024 3:22 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Thanks Collin, when will you be done with the review?

And I haven't shared anything with Cesium, nor has anyone else at Littler.  The only thig shared with Cesium are the files provided by TransPerfect.

Don


**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him



Labor & Employment Law Solutions | Local Everwhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321


**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Monday, February 26, 2024 1:32 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

TransPerfect finally fixed the technical issues, so I was able to review all of the "potentially privileged" files. Most of them are privileged, but a few are not. I've asked TransPerfect to give Littler access to the non-privileged materials. I'll send you a privilege log on everything else.

Next, Erik and I will turn to the other files. To confirm, you all marked the files you think belong to Cesium (and must be scrubbed) as "responsive" and everything else as "non-response," correct? I ask because I only see 160 files marked "responsive."

Finally, I want to follow up something you said on February 23. You said, "we've completed our review and we did not see anything privileged or that could not be reviewed by our client." To confirm, you haven't shared any of the data with Cesium except the emails with "@cesiumastro" in one of the recipient lines, correct? Except for emails that fall into that category, nothing should be shared with Cesium without Erik's permission.


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Brodrick, Collin K.
**Sent:** Monday, February 26, 2024 9:09 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** Re: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

No. TransPerfect is still working through a couple issues and I'm still catching up after traveling last week.

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168


On Feb 26, 2024, at 6:53 AM, Myers, Donald W. <DWMyers@littler.com> wrote:


*[Caution: Email received from external source]*

---

Collin, were you and Mr. Luther able to get through the documents?

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Friday, February 23, 2024 2:36 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Hopefully today. I'm working through some Relativity issues with TransPerfect.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Friday, February 23, 2024 1:32 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Thanks Collin.  When do you think you'll be through the privileged information?

Don


**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>


Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Friday, February 23, 2024 2:12 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

I didn't know y'all were done. I thought you were asking me about the attorney-client privileged stuff. I'll look at the database and communicate with Erik. He can probably go through everything this weekend depending on how much it is.


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Friday, February 23, 2024 11:14 AM

**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>
**Cc:** Royal, Michael <MRoyal@littler.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Thanks Collin (and dropping TransPerfect).  We've completed our review and we did not see anything privileged or that could not be reviewed by our client.  When do you think you'll be done with your review?

Also, we mass coded documents from the following email addresses as non-responsive:

1.  Any emails from @mwjournalemails.com
2.  Any emails from Pandora
3.  Any emails from Meg.Henley@etlsystems.com
4.  Any emails from @om.satellitetoday.com
5.  Any emails from @viasatellite.ims-stats.com
6.  Any emails from @privaterelay.appleid.com
7.  Any emails from @go.fiercewireless.com

If you do the same it will greatly speed up your review.

Don


**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Friday, February 23, 2024 12:02 PM
**To:** Myers, Donald W. <DWMyers@littler.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** Royal, Michael <MRoyal@littler.com>; Bryan Hatten <bhatten@transperfect.com>; TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

I need to follow up with TransPerfect about an issue to complete the review. I'll let you know when it's done.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Friday, February 23, 2024 7:49 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** Royal, Michael <MRoyal@littler.com>; Bryan Hatten <bhatten@transperfect.com>; TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

**[Caution: Email received from external source]**

---

Collin, I know you were out the past couple of days.  Please let me know the status of your review when you have a minute.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Myers, Donald W.
**Sent:** Wednesday, February 21, 2024 11:43 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletree.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** Royal, Michael <MRoyal@littler.com>; Bryan Hatten <bhatten@transperfect.com>; TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Collin, how are you coming on your review of the documents?

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Thursday, February 15, 2024 3:27 PM
**To:** Myers, Donald W. <DWMyers@littler.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** Royal, Michael <MRoyal@littler.com>; Bryan Hatten <bhatten@transperfect.com>; TeamRittenhouse
<TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Again, Cesium may view any emails on which an @cesiumastro.com email address is included as a sender or receiver. However, if there are emails (or documents for that matter) in which an @cesiumastro email address only appears in the body, Cesium may not view those without Mr. Luther's approval.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Thursday, February 15, 2024 2:23 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** Royal, Michael <MRoyal@littler.com>; Bryan Hatten <bhatten@transperfect.com>; TeamRittenhouse
<TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

Thanks Collin.  I need to get Relativity access for Will Rice and Peter Manternach at Cesium.  Under my read of the protocol, they currently can access the files hit on by the @cesiumastro.com search that came from one of the 3 email accounts (Paragraphs 1(c) – (e) of the Protocol).  Collin let me know if you disagree.

TransPerfect, could you set up in Relativity a separate folder that Will and Peter can access?  Here are their email accounts:

1. will.rice@cesiumastro.com
2. peter.manternach@cesiumastro.com

Please let me know if anyone has questions.

Don

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Thursday, February 15, 2024 3:17 PM
**To:** Rattana Phansackdy <rphansackdy@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>; Bryan Hatten <bhatten@transperfect.com>; TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

I just emailed Hajar Rahioui asking for credentials for Erik Luther. His email address is eluther22@hotmail.com.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

---

**From:** Rattana Phansackdy <rphansackdy@transperfect.com>
**Sent:** Thursday, February 15, 2024 11:00 AM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>; Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; Bryan Hatten

<bhatten@transperfect.com>; TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

---

Good Afternoon,

The documents have been promoted to Relativity.

Don has access to the existing Case Data folder and Non-Priv Remediation folder.  Please let us know if anyone else will need access.

<image003.png>

Collin has access to the Remediation non-priv and potentially priv documents.  Let us know if you would like to add a "Downgrade from Priv" tag or something similar.  So we can use that as the tag to determine what gets release. Please provide email address of anyone who will need access as well.

<image004.png>

We highlighted the search terms in magenta and the privilege terms in yellow.  Also, let us know if any update is needed on the coding layout and if you have any questions.

Thanks!


**Rattana Phansackdy**
Senior Project Manager
**M** +1 215.292.0139

<image005.png>

---

**From:** Rattana Phansackdy <rphansackdy@transperfect.com>
**Sent:** Wednesday, February 14, 2024 7:50 PM
**To:** Myers, Donald W. <DWMyers@littler.com>
**Cc:** Royal, Michael <MRoyal@littler.com>; Brodrick, Collin K. <collin.brodrick@ogletree.com>; Bryan Hatten <bhatten@transperfect.com>;

TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** Re: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Don,

We will work on getting the documents promoted to Relativity and will follow up once completed.

Thanks!

_____

Rattana Phansackdy | Project Manager
**TransPerfect Legal Solutions**
t +1 215.569.0508 x2130|m+1 215.292.0139

On Feb 14, 2024, at 6:06 PM, Myers, Donald W. <DWMyers@littler.com> wrote:

TransPerfect, when will Littler have access to the documents?

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

**From:** Royal, Michael <[MRoyal@littler.com](mailto:MRoyal@littler.com)>
**Sent:** Wednesday, February 14, 2024 5:21 PM
**To:** Brodrick, Collin K. <[collin.brodrick@ogletree.com](mailto:collin.brodrick@ogletree.com)>; Myers, Donald W. <[DWMyers@littler.com](mailto:DWMyers@littler.com)>; Bryan Hatten <[bhatten@transperfect.com](mailto:bhatten@transperfect.com)>; Rattana Phansackdy <[rphansackdy@transperfect.com](mailto:rphansackdy@transperfect.com)>
**Cc:** TeamRittenhouse <[TeamRittenhouse@transperfect.com](mailto:TeamRittenhouse@transperfect.com)>; Stuart Claire <[sclaire@transperfect.com](mailto:sclaire@transperfect.com)>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

That's fine.  Just want to push forward.  Thanks.

---

**From:** Brodrick, Collin K. <[collin.brodrick@ogletree.com](mailto:collin.brodrick@ogletree.com)>
**Sent:** Wednesday, February 14, 2024 4:10 PM
**To:** Myers, Donald W. <[DWMyers@littler.com](mailto:DWMyers@littler.com)>; Royal, Michael <[MRoyal@littler.com](mailto:MRoyal@littler.com)>; Bryan Hatten <[bhatten@transperfect.com](mailto:bhatten@transperfect.com)>; Rattana Phansackdy <[rphansackdy@transperfect.com](mailto:rphansackdy@transperfect.com)>
**Cc:** TeamRittenhouse <[TeamRittenhouse@transperfect.com](mailto:TeamRittenhouse@transperfect.com)>; Stuart Claire <[sclaire@transperfect.com](mailto:sclaire@transperfect.com)>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

I'm fine with that. I'm also equally fine with Littler sharing the non-privileged, Confidential documents with Cesium personnel as necessary to facilitate the review, while withholding the AEO docs from Cesium personnel unless/until we confer, per the protocol.


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
[collin.brodrick@ogletree.com](mailto:collin.brodrick@ogletree.com) | [https://link.edgepilot.com/s/7c91d468/z9D9vFKXeUKWbfiaHUr82w?u=http://www.ogletree.com/](https://link.edgepilot.com/s/7c91d468/z9D9vFKXeUKWbfiaHUr82w?u=http://www.ogletree.com/) |
[Bio](Bio)

---

**From:** Myers, Donald W. <[DWMyers@littler.com](mailto:DWMyers@littler.com)>
**Sent:** Wednesday, February 14, 2024 1:08 PM
**To:** Royal, Michael <[MRoyal@littler.com](mailto:MRoyal@littler.com)>; Bryan Hatten <[bhatten@transperfect.com](mailto:bhatten@transperfect.com)>; Brodrick, Collin K. <[collin.brodrick@ogletreedeakins.com](mailto:collin.brodrick@ogletreedeakins.com)>; Rattana Phansackdy <[rphansackdy@transperfect.com](mailto:rphansackdy@transperfect.com)>
**Cc:** TeamRittenhouse <[TeamRittenhouse@transperfect.com](mailto:TeamRittenhouse@transperfect.com)>; Stuart Claire <[sclaire@transperfect.com](mailto:sclaire@transperfect.com)>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

*[Caution: Email received from external source]*

I'm fine with that Michael.  Collin, is that OK with you?

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Wednesday, February 14, 2024 2:02 PM
**To:** Bryan Hatten <bhatten@transperfect.com>; Brodrick, Collin K. <collin.brodrick@ogletree.com>; Myers, Donald W. <DWMyers@littler.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Hello.

Don may know better, but I think:

Collin (only) will review the privileged documents and let you know what to do with docs – based on his review.

At the same time, Collin and Littler will be reviewing the non-privileged documents. AEO documents will **not** be withheld from Cesium, but will be included in the review set Litter is reviewing. I don't know what the protocol says, but if it makes things easier (and will keep us moving forward), then Cesium will agree to temporarily deem the entire non-privileged documents review set as AEO for the next few days (i.e., until next Wednesday) – so we can obtain a copy of the documents asap and Collin can have an opportunity to review the non-privileged documents prior to Cesium seeing them.

Michael

**Michael Royal**
Shareholder
214.880.8160 direct, 214.212.3681 mobile, 214.593.4141 fax
MRoyal@littler.com

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
2001 Ross Avenue, Suite 1500, Dallas, TX 75201-2931

**From:** Bryan Hatten <bhatten@transperfect.com>
**Sent:** Wednesday, February 14, 2024 11:32 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletree.com>; Myers, Donald W. <DWMyers@littler.com>; Royal, Michael <MRoyal@littler.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Understood

We will wait for the approval of the documents based on the logs being sent before we promote images to the database for your review.

Based on your last statement in the email from 12:02 EST re: to confidentiality, will AEO documents be withheld from Cesium review until the meet and confer is complete?

Bryan Hatten
Senior Director, Project Management
**<image003.png>**

m +1 917.748.7393

transperfectlegal.com

<image004.png>

<image005.png>

<image006.png>

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Wednesday, February 14, 2024 12:21 PM
**To:** Bryan Hatten <bhatten@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>; Royal, Michael <MRoyal@littler.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

As you say, Ogletree will be reviewing the potentially privileged documents while Littler is reviewing the non-privileged docs. However, I'd like viewing access to the non-privileged docs that Littler is reviewing. I'm fine with releasing the potentially privileged docs to Littler as I mark them non-privileged.

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | https://link.edgepilot.com/s/f43d0c70/9ftQj_zRW02NsghrLUnMgg?u=http://www.ogletree.com/ | Bio

---

**From:** Bryan Hatten <bhatten@transperfect.com>
**Sent:** Wednesday, February 14, 2024 10:59 AM
**To:** Myers, Donald W. <DWMyers@littler.com>; Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; Royal, Michael <MRoyal@littler.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

**[Caution: Email received from external source]**

---

Collin

We will also be providing the Confidential and AEO as a column in the logs, based on the paragraph 6 in the agreement.

What we do need clarification on is regarding the Relativity review of the forensically collected documents. Will Littler and Ogletree be simultaneously reviewing the documents in Relativity? In other words will Ogletree be reviewing the potentially privileged documents while Littler is reviewing non-privileged documents?

If this is the preferred method we can lock down certain views and as Ogletree determines if the documents are not privileged they can be released to the Littler review.

This would likely be the most efficient method but we will hold on this until the logs are approved.

Thank you

---

Bryan Hatten
Senior Director, Project Management
**<image003.png>**

m +1 917.748.7393

transperfectlegal.com

<image007.png>

<image005.png>

<image006.png>

---

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Wednesday, February 14, 2024 11:31 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletree.com>; Royal, Michael <MRoyal@littler.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Collin, I don't understand your concern. If the email or document has any of the presumptively privileged terms, they have been pulled from the documents that Littler can review.

**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Wednesday, February 14, 2024 10:59 AM
**To:** Royal, Michael <MRoyal@littler.com>; Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>; TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

How will we be able to tell between "confidential" vs. "attorneys eyes only" hits per paragraph 3 of section 6?

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | https://link.edgepilot.com/s/93da9fc8/k22Q938EaECfBOOqWrfuOw?u=http://www.ogletree.com/ |
Bio

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Wednesday, February 14, 2024 9:51 AM
**To:** Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>; Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** Re: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

**[Caution: Email received from external source]**

Great.  Thx.

Sent from my iPhone

> On Feb 14, 2024, at 9:46 AM, Rattana Phansackdy <rphansackdy@transperfect.com> wrote:

> Hi Michael,

> They will have a control number.

> Thanks

> **Rattana Phansackdy**
> Senior Project Manager
> **M** +1 215.292.0139

> <image001.png>

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Wednesday, February 14, 2024 10:39 AM
**To:** Rattana Phansackdy <rphansackdy@transperfect.com>
**Cc:** Myers, Donald W. <DWMyers@littler.com>; Brodrick, Collin K. <collin.brodrick@ogletree.com>; TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** Re: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Thank you.   Will the review set of documents have bates labels of some sort, i.e., so we can easily refer to a document in discussions amongst the group?

Sent from my iPhone

On Feb 14, 2024, at 9:36 AM, Rattana Phansackdy <rphansackdy@transperfect.com> wrote:


Good Morning Don,

Apologize for the delay.  The team is doing a final check and we should have a report over to you shortly.  There are 2,177 total documents that hit on search terms but not privilege terms from paragraph 6.

221 documents hit on privilege terms.


Thanks

**Rattana Phansackdy**
Senior Project Manager
**M** +1 215.292.0139

<image001.png>

---

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Wednesday, February 14, 2024 8:52 AM
**To:** Rattana Phansackdy <rphansackdy@transperfect.com>; Royal, Michael <MRoyal@littler.com>; Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Good morning Rattana.  Could you let us know if the documents hit on by the terms in Paragraph 6 have been removed?  And please let us know when we can review the remaining documents that were not hit on by the terms in Paragraph 6.

Don


**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image003.png>

<image004.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Rattana Phansackdy <rphansackdy@transperfect.com>
**Sent:** Tuesday, February 13, 2024 1:47 PM
**To:** Royal, Michael <MRoyal@littler.com>; Brodrick, Collin K. <collin.brodrick@ogletree.com>; Myers, Donald W. <DWMyers@littler.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

We are updating the report and will that over today.

**Rattana Phansackdy**
Senior Project Manager
**M** +1 215.292.0139

<image001.png>

---

**From:** Royal, Michael <MRoyal@littler.com>
**Sent:** Tuesday, February 13, 2024 1:11 PM
**To:** Brodrick, Collin K. <collin.brodrick@ogletree.com>; Rattana Phansackdy <rphansackdy@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

So, we need a new hit list that contains hits on the search terms, but that does <u>not</u> include the privileged terms in paragraph 6? Is that correct? When will we see that hit list? Thank you.

MR

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Tuesday, February 13, 2024 12:03 PM
**To:** Rattana Phansackdy <rphansackdy@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>; Royal, Michael <MRoyal@littler.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Thank you. And, to clarify because I misspoke, the hit log itself is not AEO just the hits/images/files themselves as described in section 6. I also want to reiterate that nothing before February 10, 2021, qualifies as a "hit."

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | https://link.edgepilot.com/s/3d4356d5/XuIUDI3t-UiSt3NBsngnkg?u=http://www.ogletree.com/ | Bio

---

**From:** Rattana Phansackdy <rphansackdy@transperfect.com>
**Sent:** Tuesday, February 13, 2024 11:59 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; Myers, Donald W. <DWMyers@littler.com>; Royal, Michael <MRoyal@littler.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

**[Caution: Email received from external source]**

---

Thanks Collin, makes sense. We will not run a separate search.

**Rattana Phansackdy**
Senior Project Manager
**M** +1 215.292.0139

<image006.png>

---

**From:** Brodrick, Collin K. <collin.brodrick@ogletree.com>
**Sent:** Tuesday, February 13, 2024 12:52 PM
**To:** Rattana Phansackdy <rphansackdy@transperfect.com>; Myers, Donald W. <DWMyers@littler.com>; Royal, Michael <MRoyal@littler.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report [ODNSS-OGL.107736.000001]

Stop. The hit report (which is AEO) includes the files located using only the search terms in section 5 even if they include privileged attorney-client communications (i.e., emails that include the email extensions listed in the second paragraph of section 6). TransPerfect will not run a separate search for attorney-client communications nor is Cesium's counsel allowed to see the attorney-client communications themselves without my approval. Does that make sense?

**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com |
https://link.edgepilot.com/s/1e63e31d/fYtEZm3TfkOzS7I0wUriDg?u=http://www.ogletree.com/ |
Bio

---

**From:** Rattana Phansackdy <rphansackdy@transperfect.com>
**Sent:** Tuesday, February 13, 2024 11:44 AM
**To:** Myers, Donald W. <DWMyers@littler.com>; Brodrick, Collin K. <collin.brodrick@ogletreedeakins.com>; Royal, Michael <MRoyal@littler.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report

*[Caution: Email received from external source]*

Thanks Don. We will run the privilege terms and sent over a hit report today.

**Rattana Phansackdy**
Senior Project Manager
**M** +1 215.292.0139

<image006.png>

---

**From:** Myers, Donald W. <DWMyers@littler.com>
**Sent:** Tuesday, February 13, 2024 12:35 PM
**To:** Rattana Phansackdy <rphansackdy@transperfect.com>; Brodrick, Collin K. <collin.brodrick@ogletree.com>; Royal, Michael <MRoyal@littler.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** RE: C2044033_Cesium-Luther_Search hit report

Rattana, thanks for sending this. I believe under the protocol, Paragraph 6 requires the privilege terms to be run. Has this occurred?

Collin, let me know if you disagree.

Don


**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him

<image003.png>


<image004.png>

Labor & Employment Law Solutions | Local Everywhere
Three Parkway, 1601 Cherry Street, Suite 1400, Philadelphia, PA 19102-1321

---

**From:** Rattana Phansackdy <rphansackdy@transperfect.com>
**Sent:** Tuesday, February 13, 2024 11:50 AM
**To:** Brodrick, Collin K. <collin.brodrick@ogletree.com>; Myers, Donald W. <DWMyers@littler.com>; Royal, Michael <MRoyal@littler.com>
**Cc:** TeamRittenhouse <TeamRittenhouse@transperfect.com>; Stuart Claire <sclaire@transperfect.com>
**Subject:** C2044033_Cesium-Luther_Search hit report

**[EXTERNAL E-MAIL]**

Good Afternoon,

Attached is the search term report.  There are 2,402 hits with family before deduplication. Let us know if you would like a complete filename listing and if you would like to review these Relativity.

Thanks
Rattana

**Rattana Phansackdy**
Senior Project Manager

<image007.png>

**M** +1 215.292.0139
https://link.edgepilot.com/s/c00c9475/9A6XueMeckic6rCPzRxEBw?u=http://www.transperfectlegal.com/

---------------------------

30

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

Links contained in this email have been replaced. If you click on a link in the email above, the

link will be analyzed for known threats. If a known threat is found, you will not be able to
proceed to the destination. If suspicious content is detected, you will see a warning.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended
recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are
not the intended recipient (or authorized to receive for the recipient), please contact the sender
by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates
worldwide through a number of separate legal entities.

Links contained in this email have been replaced. If you click on a link in the email above, the
link will be analyzed for known threats. If a known threat is found, you will not be able to
proceed to the destination. If suspicious content is detected, you will see a warning.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any
review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or
authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this
message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide
through a number of separate legal entities.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be
analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If
suspicious content is detected, you will see a warning.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review,
use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to
receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

-------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply

email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*


---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*


---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*


---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities.

# EXHIBIT D-9

**Brodrick, Collin K.**

---

**From:**        Brodrick, Collin K.
**Sent:**        Friday, March 1, 2024 10:55 AM
**To:**          Myers, Donald W.
**Subject:**     Cesium/Luther | TransPerfect [ODNSS-OGL.107736.000001]


Hi Don- I wanted to let you know that TransPerfect is gumming up the works. Specifically, they are refusing to make the "Littler tag" filter visible for me and Erik so we can see which documents you guys tagged as responsive. The filter was visible a few days ago and then disappeared. Without the filter, Erik and I can't drill down to the 160 or so documents that Cesium thinks should be remediated. Please contact them to get this moving.


**Collin K. Brodrick | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-0168
collin.brodrick@ogletree.com | www.ogletree.com | Bio

# EXHIBIT E

<u>**FORENSIC INSPECTION PROTOCOL AGREEMENT**</u>

CesiumAstro Inc. ("**Cesium**") and Erik Luther ("**Luther**"), collectively, the "Parties," jointly agree to this Forensic Inspection Protocol Agreement (the "**Protocol**"), which establishes the terms for the imaging, searching and inspection of the Materials (defined below).

TransPerfect Legal Solutions shall serve as the computer forensic examiner ("Forensic Examiner") in this forensic inspection. The Forensic Examiner has been engaged by Cesium to execute the directives contained within this Protocol. However, by entering into this Protocol, neither Party waives the right to seek other, further forensic examination of relevant documents and information through discovery in any future proceeding (and/or by further voluntary agreement of the Parties), and each Party specifically reserves the right to do so. Moreover, nothing in this Agreement waives any claims, objections and/or defenses of the Parties and all such rights and defenses are expressly reserved.

1.    <u>**Collection of the Materials**</u>

Luther, by and through his counsel, shall make available for forensic inspection to the Forensic Examiner the following Materials within three (3) business days of execution of this Protocol.

The Materials are defined as follows:

a.    The "two USB flash drives" referenced in the email forwarded from Collin K. Brodrick to Michael P. Royal on Monday, October 16, 2023, at 1:08 PM;

b.    The "external hard drive with video files CesiumAstro was planning to use for a public-facing video and a flash drive with three files he had to print at Office Depot," as referenced in the email forwarded from Collin K. Brodrick to Michael P. Royal on Monday, October 16, 2023, at 1:08 PM;

c.    Email account: Eluther22@hotmail.com

d.    Email account: trudant@hotmail.com

e.    Email account: hluther07@icloud.com

The Materials will be provided by Luther, by and through his counsel, to the Forensic Examiner with an accompanying chain of custody, if that chain of custody documentation exists. Luther, by and through his counsel, will provide the Forensic Examiner with usernames, passwords, two-factor authentication, applicable encryption keys, and/or other information needed to allow complete access by the Forensic Examiner.

The Materials and associated usernames, passwords, two-factor authentication, and/or other information needed to allow complete access by the Forensic Examiner shall be provided to the Forensic Examiner within three (3) business days of the execution of this Protocol. While in possession of the Materials, the Forensic Examiner shall retain and maintain the Materials in a secure, confidential environment and limit access to the Materials to staff assigned to work on this case assignment under this Protocol.

## 2. <u>Preparation for Inspection</u>

As part of the imaging and collection process, the Forensic Examiner shall take all necessary digital photographs and shall record the specifications, characteristics, serial numbers (physical and volume), along with the current physical condition and operability. Prior to imaging, the Forensic Examiner shall properly prepare suitable forensic storage media ("**Target Media**") for receipt of any forensic images created through the Forensic Examiner's execution of any directives under this Protocol.

## 3. <u>Collection and Remediation of  USB devices and External Hard Drive:</u>

The Forensic Examiner will utilize industry-standard forensic tools make a complete and forensically-sound collection of the storage devices.

The Forensic Examiner will preserve the collected data on a set of redundant, encrypted hard drives to prevent unintended access to custodian data and to prevent catastrophic data loss. The collected data will be stored offline in the forensic laboratory's secure evidence vault. Access to such vaults is restricted to Transperfect forensic personnel, and the vaults are secured behind three layers of keycard/PIN access. The evidence vault is located at the Transperfect Forensic Lab 1717 Main Street, Suite 3950, Dallas, Texas, 75201.

When data is requested by Client or Outside counsel to be exported for review, TLS will access one of the redundant encrypted hard drives:

a. The Forensic Examiner will parse the forensic image using a forensic tool.

b. Prior to the Forensic Examiner conducting any forensic analysis/examination (a "**Review**") of any forensic image created from the Materials, the Forensic Examiner shall ensure that all partitions are displayed/recovered and shall then execute the EnCase "Recover Folders" command (or similar command if using another forensic software tool), and shall save the results of the same for inclusion within the Review. The Forensic Examiner shall also include in the Review the "volume shadow copies" and the "Lost Files" category of documents, as defined by the Encase software documentation (or similar functionality if using another forensic software tool).

c. The Forensic Examiner will then ensure that all container files have been fully traversed and that all files, metadata and their contents are searchable. This would include, but is not limited to, technologies such as optical character recognition of all images and non-searchable PDF documents.

d. The Forensic Examiner will export/convert the requested data set(s) into a format that can be ingested to a Review Platform.

e. Counsel will identify items to be remediated and provide list to the Forensic Examiner. See Paragraph 7 below.

f. The Forensic Examiner will delete identified files and then overwrite the slack space on the devices with zeros.

g. The Forensic Examiner will re-image the devices post-remediation and inspect to ensure all identified items have been removed.

h. After the Materials identified in paragraphs 1(a) and 1(b) have been forensically imaged, the Forensic Examiner will securely store them at its premises until execution of the remediation and return procedures in Paragraph 7 below.

The Forensic Examiner shall document and record on an acquisition form: (i) a general description of the process and tools utilized to conduct the collection; (ii) the MD5 hash value of the original source of such Materials; and (iii) the MD5 hash value of the copy.

**4.    Collection and Remediation of Email Accounts:**

a. Counsel will provide the Forensic Examiner with credentials to the email accounts. Assistance with two-factor authentication may be needed from the custodian.

b. The Forensic Examiner will disable user access to the accounts.

c. The Forensic Examiner will utilize industry-standard forensic tools to make a complete and forensically-sound collection of the email accounts.

d. The Forensic Examiner will preserve the collected data on a set of redundant, encrypted hard drives to prevent unintended access to custodian data and to prevent catastrophic data loss. The collected data will be stored offline in the forensic laboratory's secure evidence vault. Access to such vaults is restricted to Transperfect forensic personnel, and the vaults are secured behind three layers of keycard/PIN access. The evidence vault is located at the Transperfect Forensic Lab 1717 Main Street, Suite 3950, Dallas, Texas, 75201.

e. The Forensic Examiner will export the requested data set(s) into an .eml or .pst format for ingestion into a Review Platform.

f. Counsel will identify items to be remediated and provide list to the Forensic Examiner. See Paragraph 7 below.

g. The Forensic Examiner will remove the items, empty the deleted items folder, and remove the items from the "Recoverable items" folder.

h. The Forensic Examiner will re-collect the email accounts post-remediation and inspect to ensure all identified items have been removed.

**5.    Search for Data**

For the Materials identified in Paragraphs 1(a), 1(b), 1(c) and 1(d) above, the Forensic Examiner shall conduct a search of the Materials for information that are hits to the following Data Search Terms: (i) "@cesiumastro.com" (ii) "cesium" (iii) "astro" (iv) "SDR," (v) "RF,"

3

(vi) "radio," (vii) "frequency," (viii) "signal," and otherwise comply with the following steps in this Protocol. The Forensic Examiner shall use and apply the Data Search Terms to the Materials identified in Paragraphs 1(a), 1(b), 1(c) and 1(d) above and determine if there are any responsive "hits" in documents, files, file names, and/or folder names in such Materials. Any "Hits" on Materials created before February 10, 2021, shall be excluded from this review and not provided to counsel for Cesium.

**6.** **Reporting Requirements**

The Forensic Examiner shall record in a log (the "**Hit Log**"), any items, files, folder names, and/or file names that were responsive to the Data Search Terms. Each entry in the Hit Log shall contain the responsive search term and a unique item reference number, e-mail/chat metadata (to, from, cc, bcc, subject, attachment/names, date sent, date received), File Name, File Signature, File Size, MD5 hash value, file metadata including the dates and times for File Created, Last Written, File Description (archive, file, folder, overwritten, deleted, etc.) Last Accessed, Entry Modified, date added and Full Path values.

After the Forensic Examiner has completed the tasks set forth in Paragraph 5, the Forensic Examiner shall create a forensically sound image of all "Hits" and provide a copy of same to counsel for Cesium and counsel for Luther, except as provided in the next sentence. The Forensic Examiner shall create a separate forensically sound image of all "Hits" that also include any of the following terms: "@ogletree.com," "@ogletreedeakins.com," "@jeffreygoldberglaw.com," and/or "@fultonjeang.com," and provide a copy of same ONLY to counsel for Luther. Counsel for Luther shall review these "Hits," determine whether any of the "Hits" contain privileged communications, and if so, list them on a privilege log. Any "Hits" on materials generated before February 10, 2021 need not be logged. If the "Hits" do not contain any privileged information or the privileged communication can be redacted (leaving only unprivileged communications/information), then counsel for Luther shall work with the Forensic Examiner to make same available to counsel for Cesium. The Forensic Examiner shall likewise maintain one copy of the forensic images of all such "hits."

All of the "Hits" provided to Counsel for Cesium and for Luther shall be designated in the following manner under the Confidentiality Agreement, which will be executed at the same time as this Protocol:

- The "Hits" from the Materials identified in Paragraphs 1(a) and 1(b) shall be designated as Attorney Eyes Only;

- For the Materials identified in Paragraphs 1(c), 1(d), and 1(e), any "Hits" generated by the term @cesiumastro.com shall be designated as Confidential; and

- The remaining "Hits" from the Materials identified in Paragraphs 1(c), 1(d), and 1(e) shall be designated as Attorney Eyes Only.

After counsel for the Parties complete their respective review of the "hits," they shall meet and confer in good faith to determine whether the confidentiality designation of any

"Hits" should be modified from Attorney Eyes Only to only Confidential, *i.e.*, because such document/information may contain Cesium's business information, which may be subject to return to and review by Cesium.

### 7.    Remediation and Return of Materials

Cesium's counsel and Luther's counsel will confer in good faith to identify which, if any, of the data on the Materials constitute Cesium business information or property. Once an agreement is reached, counsel for the Parties shall jointly draft and transmit to the Forensic Examiner a list of the files to be permanently deleted. The Forensic Examiner will confirm to Cesium's counsel and Luther's counsel in writing once the deletion is completed. The Forensic Examiner will return the physical Materials to Luther within one (1) business day of completing the deletion and re-enable custodian access to the email accounts. The Forensic Examiner will retain and maintain the confidentiality of all copies of the forensic images and all other data extracted from the Materials after returning the Materials to counsel Luther, unless jointly instructed otherwise by counsel for both Parties and/or by an order of a court of competent jurisdiction.

### 8.    No Waiver of Privilege and No Waiver of Rights and Defenses; Confidential Treatment of Materials

The Parties agree that the analysis to be conducted by the Forensic Examiner under this Protocol does not constitute a waiver of any privilege.  Nor does the Parties' agreement to proceed with the forensic examination contemplated by this Protocol constitute an admission of liability, or a waiver of any defense, including a defense to disclosure of documents and information, in these proceedings.

All reports, disclosures, documents and information contemplated by or referenced in this Protocol shall not be disclosed by the Forensic Examiner to any third party, except where the Parties may otherwise mutually provide or designate (or a Court orders) in the future.

### 9.    Cooperation

The Parties agree to cooperate in good faith with one another to complete all tasks set forth in this Protocol and to do their best to proceed quickly through all of the steps.

### 10.    Third Party Inquiries

If the Forensic Examiner is served with a subpoena or court order, which appears valid on its face and which seeks some or all of the Materials (and/or any images, documents or Reports generated under this Protocol), the Forensic Examiner shall promptly inform the Parties of such subpoena or order.  The Party whose information is the subject of the subpoena or order shall thereafter be responsible for preparing such objections and/or preparing and filing such motions or applications to limit or prevent disclosure of such information.

## 11. <u>Reservation of Right to Recover Fees and Costs</u>

All of the costs and expenses invoiced by the Forensic Examiner in connection with this Protocol shall be borne solely by Cesium.

/s/ Donald W. Myers

_____
Counsel for and on behalf of Cesium

_WHR_
_____
Corporate representative of Cesium

Title: __Chief of Staff__

/s/ *Collin K. Brodrick*

_____
Counsel for and on behalf of Luther

DocuSigned by:
*Erik Luther*
_____
4CE89B5F6D374A1...

Erik Luther

6

## Brodrick, Collin K.

| | |
|---|---|
| **From:** | Brodrick, Collin K. |
| **Sent:** | Tuesday, January 30, 2024 5:47 PM |
| **To:** | Myers, Donald W. |
| **Cc:** | Royal, Michael |
| **Subject:** | Re: Return and remediation of CesiumAstro property remaining in Mr. Luther's Possession [ODNSS-OGL.107736.000001] |

Agreement via email is fine with me.

Collin K. Brodrick, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
214-692-0168


On Jan 30, 2024, at 5:12 PM, Myers, Donald W. <DWMyers@littler.com> wrote:


**[Caution: Email received from external source]**

Collin, thanks for sending this over.  I'll sign and send back shortly.  I would note that under Paragraph 5, we both missed adding in Paragraph 1(e); however, Paragraph 1(e) is referenced in Paragraph 6.  Do you want to revise the protocol, or just agree via email that under Paragraph 5, the terms are to be run against Paragraph 1(e)?

Don


**Donald W. Myers**
Shareholder - eDiscovery Counsel
267.402.3041 direct, 215.284.1318 mobile, 267.285.2797 fax
DWMyers@littler.com

Pronouns: He/Him