UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CESIUMASTRO, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ERIK LUTHER and ANYSIGNAL, INC., <br><br> *Defendants*. | Case No. 1:24-cv-00314-RP |

**DECLARATION OF PATRICK V. PLASSIO IN SUPPORT OF CESIUMASTRO'S OPPOSED MOTION FOR AN ORDER PERMITTING
<u>EXPEDITED DISCOVERY AND SETTING BRIEFING SCHEDULE</u>**

I, Patrick V. Plassio, declare and state as follows:

1. I submit this Declaration in support of Plaintiff CesiumAstro, Inc.'s ("CesiumAstro's") Opposed Motion for an Order Permitting Expedited Discovery and Setting Briefing Schedule (the "Motion"). If called and sworn as a witness, I could and would testify competently hereto.

2. I am currently employed as Counsel at O'Melveny & Myers, LLP. My office address is 2801 North Harwood Street, Suite 1600 Dallas, Texas 75201. I am counsel of record for CesiumAstro in this action.

3. Attached hereto as Exhibit A is a true and correct copy of a draft set of Requests for Production that, via the Motion, CesiumAstro seeks to serve on Defendant Erik Luther ("Luther").

4. Attached hereto as Exhibit B is a true and correct copy of a draft set of

1

Interrogatories that, via the Motion, CesiumAstro seeks to serve on Luther.

5. Attached hereto as Exhibit C is a true and correct copy of a draft Notice of Deposition that, via the Motion, CesiumAstro seeks to serve on Luther.

6. Attached hereto as Exhibit D is a true and correct copy of the Forensic Inspection Protocol Agreement (the "Protocol") between Luther and CesiumAstro. It is my understanding that documents provided by Luther pursuant to the Forensic Protocol were not made available for review by CesiumAstro's counsel until mid-February 2024.

7. Attached hereto as Exhibit E is a true and correct copy of a March 26, 2024 letter that my colleague and counsel of record for CesiumAstro, Kristin C. Cope, sent to counsel of record for Luther, Collin Brodrick.

8. Following this letter, Mr. Brodrick met and conferred with Ms. Cope, myself, and David Almeling, another counsel of record for CesiumAstro, on March 27, 2024. Mr. Brodrick indicated on that call that he would get back to us regarding CesiumAstro's forthcoming request for expedited discovery, as set forth in Exhibit E. Ms. Cope followed up with Mr. Brodrick that evening, asking for a response to the expedited discovery proposal by March 29, 2024. Mr. Brodrick did not respond by that date and instead filed Luther's Emergency Request for Judicial Conference, Motion to Stay, and Motion for Rule 11 Sanctions (ECF No. 10) ("Luther's Motion").

9. Attached hereto as Exhibit F is a true and correct copy of an email bearing the internal Control Number CA_CTRL_NDD00000008 that Luther provided pursuant to the Protocol. Attached hereto as Exhibit G is a true and correct copy of a document that was attached to the email reflected in Exhibit F. Exhibit G was provided by Luther pursuant to the Protocol and bears the internal Control Number CA_CTRL_NDD00000009. Luther designated Exhibits F and G as "Attorney Eyes Only" under the Protocol.

10. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███

11. I met and conferred with Mr. Brodrick by email on April 1, 2024 and April 2, 2024, and by phone on April 2, 2024, to discuss whether Luther would agree to remove the "Attorney Eyes Only" and any other confidentiality designations on six documents that Luther provided under the Protocol so that they could be shared with CesiumAstro and could be filed without the need to seal them. Two of these six documents were those reflected in Exhibits F and G. Mr. Brodrick did not agree to recharacterize any "Attorney Eyes Only" or confidentiality designations on these documents.

12. Attached hereto as Exhibit H is a true and correct copy of a printout generated on April 4, 2024, from an Apple support page titled "Sign out of iCloud on your devices," available at https://support.apple.com/en-us/104958.

13. Attached hereto as Exhibit I is a true and correct copy of a printout generated on March 29, 2024, from the Wayback Machine's website. This page memorializes the "About" page of Saleae, Inc. ("Saleae") as it existed on March 28, 2024. The current Saleae "About" page is available at https://www.saleae.com/pages/about. The Wayback Machine page reflected in Exhibit I is available at https://web.archive.org/web/20240328031319/https://www.saleae.com/pages/about/.

14. Attached hereto as Exhibit J is a true and correct copy of a printout generated on

March 29, 2024, from the Saleae "About" page, available at https://www.saleae.com/pages/about.

15. CesiumAstro has been in touch with counsel for AnySignal since the filing of the Complaint in this action. CesiumAstro is simultaneously in discussions with AnySignal regarding a potential agreement for expedited discovery.

16. Based on estimates provided by TransPerfect Legal Solutions, who is serving as the computer forensic examiner under the Protocol, the typical process for imaging an iPhone can be completed in less than one day with an estimated cost of between $1,000 and $2,000.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 8th day of April, 2024.

By: */s/ Patrick V. Plassio*
Patrick V. Plassio