# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CESIUMASTRO, INC.,<br><br>    *Plaintiff*,<br><br>v.<br><br>ERIK LUTHER and ANYSIGNAL, INC.,<br><br>    *Defendants*. | Case No. 1:24-cv-00314-RP<br><br>**PLAINTIFF'S EXPEDITED DISCOVERY REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ERIK LUTHER** |

**PLAINTIFF CESIUMASTRO, INC.'S REQUESTS FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT ERIK LUTHER (NOS. 1-4)**

PROPOUNDING PARTY:   CESIUMASTRO, INC.

RESPONDING PARTY:   ERIK LUTHER

SET NUMBER:   1 (EXPEDITED DISCOVERY)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and order of the Court, Plaintiff CesiumAstro, Inc., ("CesiumAstro") hereby propounds the following Expedited Discovery Requests for Production on Defendant Erik Luther ("Luther"). CesiumAstro requests that Luther produce all responses to these Requests to the offices of O'Melveny & Myers LLP, 2801 North Harwood Street, Suite 1600 Dallas, Texas 75201, pursuant to the deadlines set by the Court in its order granting CesiumAstro leave to conduct expedited discovery.

The following definitions and instructions apply to these Requests.

## DEFINITIONS

Each word, term, or phrase defined below and used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Western District of Texas.

1. "CesiumAstro" means Plaintiff CesiumAstro, Inc.

2. "AnySignal" means Defendant AnySignal, Inc. and all officers, employees, or agents, including anyone acting on AnySignal's behalf, which includes, but is not limited to, John Malsbury, Jeffrey Osborne, and Ricardo Medina.

3. "Luther" means Defendant Erik Luther.

4. "You," "Your," or "Luther" shall mean and refer to Defendant Erik Luther, and any other Person or entity acting or purporting to act on his behalf.

5. "Document" and "documents" is used in the broadest sense of that word as interpreted under the Federal Rules of Civil Procedure, and includes, but is not limited to, items within Your actual or constructive possession, custody, or control, whether such items are typed, printed, recorded, stored in a computer, stored on a hard drive, physical media, or flash drive, reproduced by any mechanical process, copied or written by hand, including, but not limited to,

written correspondence, memoranda, e-mails, Slack messages, instant messages, text messages, summaries and/or records of telephone conversations; summaries and/or records of personal conversations, minutes and/or records of meetings and conferences, photographs, drawings, databases, and log files.

6.  "Communicate" and "communication(s)" mean every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise) between individuals or companies whether oral, written, electronic or otherwise, including through e-mail, Slack messaging, instant messaging, and text messaging; whether in-person or telephonic; whether direct or through an intermediary.

7.  "CesiumAstro Information" refers to any information this is confidential and/or proprietary to CesiumAstro, that originated from CesiumAstro, that derived from work conducted on behalf of CesiumAstro, that was acquired by any Luther in the course of his employment at CesiumAstro, or that is contained in or acquired from any non-public document that bears CesiumAstro branding or otherwise facially belongs to or originates from CesiumAstro. "CesiumAstro Information" includes, but is not limited to "Trade Secrets," as that term is defined in paragraph 16 of CesiumAstro's Complaint (ECF No. 1).

8.  "PIIA" means the Proprietary Information and Inventions Agreement between CesiumAstro and Luther, dated December 27, 2020, and as amended on February 11, 2021.

**INSTRUCTIONS**

These Requests for Production incorporate, without limiting the scope of the Federal Rules of Civil Procedure, the following instructions:

1.  If a document or portion of a document is withheld for any reason, indicate the following information for each such withheld document, or portion thereof:

(1) the date of the document;

(2) the nature of document (i.e., letter, memorandum, notes, or minutes, etc.);

(3) the identity of the person in possession of the document;

(4) the identity of the author of the document;

(5) the identity of the recipient(s) or holder of the document; and

(6) the reason, including, but not limited to, any legal obligation or privilege, for withholding the document or portion thereof.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1:**

All Documents and Communications regarding or referencing AnySignal, as defined above.

**REQUEST FOR PRODUCTION 2:**

All Communications between You and AnySignal, as defined above.

**REQUEST FOR PRODUCTION 3:**

Full and complete forensic images, using an industry standard tool such as FTK or EnCase, of the following devices: (i) an external storage device with the serial number 0E7329102050; (ii) an external storage device with the serial number BL190557610W; (iii) an external storage device with the serial number WCJ0WZBG; (iv) an external storage device with the serial number D59648DC; and (v) Your personal cell phone, to include any and all personal cell phone devices that were used by You for the time period of June 2023 until present.

**REQUEST FOR PRODUCTION 4:**

Documents or Communications reflecting any discussions relating to Your request to CesiumAstro to "narrow the language of the non-competition restrictive covenant in the PIIA," as

defined above, because, as You have alleged, "per the advice of an attorney I consulted[,] the covenant's language is so broad that it could potentially encompass even companies that merely supply components for products that are competitive with CesiumAstro's products."

**REQUEST FOR PRODUCTION 5:**

All Documents in your possession, custody, or control containing or reflecting any CesiumAstro Information.

Dated:  April 8, 2024

Respectfully submitted,

O'MELVENY & MYERS LLP

*/s/ Kristin C. Cope*
David S. Almeling (*pro hac vice*)
dalmeling@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111
Telephone:  +1 415 984 8700
Facsimile:  +1 415 984 8701

Kristin C. Cope *(pro hac vice)*
kcope@omm.com
Patrick V. Plassio
Texas Bar No. 24102362
pplassio@omm.com
2801 North Harwood Street, Suite 1600
Dallas, Texas 75201
Telephone:  +1 972 360 1900
Facsimile:  +1 972 360 1901

***Attorneys for Plaintiff CesiumAstro, Inc.***