# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CESIUMASTRO, INC.,<br><br>　　*Plaintiff*,<br><br>　　v.<br><br>ERIK LUTHER and ANYSIGNAL, INC.,<br><br>　　*Defendants*. | Case No. 1:24-cv-00314-RP<br><br>**PLAINTIFF'S EXPEDITED DISCOVERY INTERROGATORIES TO DEFENDANT ERIK LUTHER** |

**PLAINTIFF CESIUMASTRO, INC.'S**
**INTERROGATORIES TO DEFENDANT ERIK LUTHER (NOS. 1-6)**

PROPOUNDING PARTY:　　CESIUMASTRO, INC.

RESPONDING PARTY:　　ERIK LUTHER

SET NUMBER:　　1 (EXPEDITED DISCOVERY)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff CesiumAstro, Inc. ("CesiumAstro") requests that Defendant Erik Luther ("Luther) answer the following Interrogatories separately and fully, in writing under oath pursuant to the deadlines set by the Court in its order granting CesiumAstro leave to conduct expedited discovery and in accordance with the following Definitions and Instructions.

## **DEFINITIONS**

Each word, term, or phrase defined below and used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Western District of Texas.

1. "CesiumAstro" means Plaintiff CesiumAstro, Inc.

2. "AnySignal" means Defendant AnySignal, Inc. and all officers, employees, or agents, including anyone acting on AnySignal's behalf, which includes, but is not limited to, John Malsbury, Jeffrey Osborne, and Ricardo Medina.

3. "Luther" means Defendant Erik Luther.

4. "You," "Your," or "Luther" shall mean and refer to Defendant Erik Luther, and any other Person or entity acting or purporting to act on his behalf.

5. "Document" and "documents" is used in the broadest sense of that word as interpreted under the Federal Rules of Civil Procedure, and includes, but is not limited to, items within Your actual or constructive possession, custody, or control, whether such items are typed, printed, recorded, stored in a computer, stored on a hard drive, physical media, or flash drive, reproduced by any mechanical process, copied or written by hand, including, but not limited to, written correspondence, memoranda, e-mails, Slack messages, instant messages, text messages, summaries and/or records of telephone conversations; summaries and/or records of personal

1

conversations, minutes and/or records of meetings and conferences, photographs, drawings, databases, and log files.

6. "Communicate" and "communication(s)" mean every manner or means of disclosure, transfer, or exchange of information (in the form of facts, ideas, inquiries, or otherwise) between individuals or companies whether oral, written, electronic or otherwise, including through e-mail, Slack messaging, instant messaging, and text messaging; whether in-person or telephonic; whether direct or through an intermediary.

7. "CesiumAstro Information" refers to any information this is confidential and/or proprietary to CesiumAstro, that originated from CesiumAstro, that derived from work conducted on behalf of CesiumAstro, that was acquired by any Luther in the course of his employment at CesiumAstro, or that is contained in or acquired from any non-public document that bears CesiumAstro branding or otherwise facially belongs to or originates from CesiumAstro. "CesiumAstro Information" includes, but is not limited to "Trade Secrets," as that term is defined in paragraph 16 of CesiumAstro's Complaint (ECF No. 1).

## INSTRUCTIONS

1. In each instance in which an Interrogatory calls for the identification of a person, communication, or document:

    a. When referring to a natural person, state: (i) his or her full name; (ii) present or last known home address; (iii) present or last known business affiliation, and business address; and (iv) position and business affiliation at the time relevant to the interrogatory involved.

    b. When referring to a communication, state: (i) when and where it was made; (ii) the identity of each person making the communication, each person to whom the

      communication was made and, if an oral communication, each other person present; and (iii) the means of communication (e.g., face-to-face meeting, telephone, letter, email).

    c. When referring to a document, state: (i) when and where it was made; (ii) the identity of each person who authored the document, each person to whom the document was shared with was made; and (iii) the means of how the document was shared or disseminated (e.g., face-to-face meeting, telephone, letter, email).

    d. When referring to a corporation or other entity, state: (i) its legal name; (ii) the name(s) under which it does business; (iii) its principal office; and (iv) the addresses of any other offices relevant to the interrogatory involved.

2. If, in answering these Interrogatories, you claim that you have no knowledge related to the answer, you shall identify the Person who has such knowledge.

## INTERROGATORIES

**INTERROGATORY 1:**

Identify all devices and accounts (including email and cloud data storage accounts) on which You have downloaded, copied, or viewed CesiumAstro Information, and identify what CesiumAstro Information resided on those devices and accounts after August 12, 2023.

**INTERROGATORY 2:**

Identify all Documents containing CesiumAstro Information that, from August 12, 2023 to present, have ever been in Your possession, custody, or control that contain or reflect CesiumAstro Information.

**INTERROGATORY 3:**

For each Document identified in Your response to Interrogatory No. 2, state when you accessed it and what use you made of it.

**INTERROGATORY 4:**

Identify each person with whom you have had any Communications regarding or referencing AnySignal, as defined above.

**INTERROGATORY 5:**

Describe all facts regarding your interactions with AnySignal, as defined above, including when those interactions began and the identity of people involved in those interactions.

**INTERROGATORY 6:**

Describe any and all payments, fees, credits, compensation, equity, or consideration, in any form, that You have received, will receive, or have been offered, directly or indirectly, from AnySignal, as defined above.

| | |
|---|---|
| Dated:  April 8, 2024 | Respectfully submitted,<br><br>O'MELVENY & MYERS LLP<br><br>*/s/ Kristin C. Cope*<br>David S. Almeling (*pro hac vice*)<br>dalmeling@omm.com<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, California 94111<br>Telephone:  +1 415 984 8700<br>Facsimile:  +1 415 984 8701<br><br>Kristin C. Cope *(pro hac vice)*<br>kcope@omm.com<br>Patrick V. Plassio<br>Texas Bar No. 24102362<br>pplassio@omm.com<br>2801 North Harwood Street, Suite 1600<br>Dallas, Texas  75201<br>Telephone:  +1 972 360 1900<br>Facsimile:  +1 972 360 1901<br><br>***Attorneys for Plaintiff CesiumAstro, Inc.*** |