UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CESIUMASTRO, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ERIK LUTHER and ANYSIGNAL, INC., <br><br> *Defendants*. | Case No. 1:24-cv-00314-RP |

### JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Plaintiff CesiumAstro, Inc. ("CesiumAstro"), Defendant Erik Luther ("Luther") and Defendant AnySignal, Inc. ("AnySignal," and collectively with CesiumAstro and Luther, the "Parties") conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on May 10, 2024.

Pursuant to that Rule, Local Rule CV-16(b), and Appendix N to the Local Rules, the Parties hereby submit this Joint Report.

1. ***What are the causes of action, defenses, and counterclaims in this case?  What are the elements of the cause(s) of action, defenses, and counterclaims pled?***

CesiumAstro's Complaint (ECF No. 1) alleges the following causes of action:

*First Cause of Action*:  Misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, against both defendants.  The elements of this claim are:  (1) a trade secret existed, (2) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means, and (3) the defendant used the trade secret without authorization from the plaintiff.  *CAE Integrated, L.L.C. v. Moov Techs., Inc.*, 44 F.4th 257, 262 (5th Cir. 2022).

*Second Cause of Action*:  Misappropriation under the Texas Uniform Trade Secrets Act ("TUTSA"), Tex. Civ. Prac. & Rem. Code § 134A, against both defendants.  The elements of this

1

claim are: (1) the information is a trade secret; (2) the defendant acquired the secret through improper means; and (3) the defendant's use of the secret resulted in harm to the plaintiff. *Miner, Ltd. v. Anguiano*, 383 F. Supp. 3d 682, 702 (W.D. Tex. 2019).

*Third Cause of Action*: Breach of contract against Luther relating to his Proprietary Information and Inventions Agreement with CesiumAstro (the "PIIA"). The elements of this claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Conn Credit I, L.P. v. TF LoanCo III, L.L.C.*, 903 F.3d 493, 500 (5th Cir. 2018).

*Fourth Cause of Action*: Breach of fiduciary duty and duty of loyalty against Luther. The elements of this claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant. *Belliveau v. Barco, Inc.*, 987 F.3d 122, 132 n.9 (5th Cir. 2021).

*Fifth Cause of Action*: Tortious interference with contract against AnySignal in relation to the PIIA between CesiumAstro and Luther. The elements of this claim are: (1) the existence of a contract subject to interference, (2) the occurrence of an act of interference that was willful and intentional, (3) the act was a proximate cause of the plaintiff's damage, and (4) actual damage or loss occurred. *Nix v. Major League Baseball*, 62 F.4th 920, 934 (5th Cir.), *cert. denied*, 144 S. Ct. 165 (2023).

2. **Are there any outstanding jurisdictional issues?**

    There are no outstanding jurisdictional issues.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

    All parties have been served.

4. ***Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?***

    CesiumAstro and Luther agree to the following undisputed facts:

    1.    Luther was employed by CesiumAstro from February 2021 until August 21, 2023.

    2.    Luther and CesiumAstro entered into the PIIA on December 27, 2020.

5. ***Are there any legal issues in this case that can be narrowed by agreement or by motion?***

    CesiumAstro and Luther have reached the following agreements regarding the three motions presently before the Court, as outlined in the Joint Status Report Between CesiumAstro and Luther (ECF No. 20):

    1.    CesiumAstro has withdrawn its Motion for Order Permitting Expedited Discovery and Setting Briefing Schedule (ECF No. 14).

    2.    CesiumAstro has withdrawn its Motion for Leave to File Documents Under Seal (ECF No. 15).

    2.    Luther has not withdrawn his Emergency Request for Judicial Conference, Motion to Stay, and Motion for Rule 11 Sanctions (ECF No. 10). Luther has agreed to extend CesiumAstro's deadline to file an opposition to said motion until the later of (a) 14 days after CesiumAstro files a motion for a preliminary injunction, if any, or (b) 21 days after the completion of the depositions contemplated in paragraph 10 of the Joint Status Report Between CesiumAstro and Luther (ECF No. 20) and any depositions of any AnySignal witnesses conducted during the expedited discovery phase.

    There are no other legal issues that the Parties presently anticipate narrowing by agreement or by motion, but all Parties reserve their rights to file motions and will cooperate in good faith to

reach agreements at later stages in the case to accomplish the same.

6. *Are there any issues about preservation of discoverable information?*

Beyond CesiumAstro's allegations regarding the spoliation of evidence (ECF No. 1, ¶¶ 1, 44, 45, 58), which Luther denies (ECF No. 9, ¶¶ 1, 44, 45, 58), there are presently no additional issues about the preservation of discoverable information.

7. *Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?*

There are presently no issues about disclosure or discovery of electronically stored information ("ESI"). The parties have reached the following agreements regarding the production of electronically stored information:

1. Except as otherwise noted herein, CesiumAstro and AnySignal agree that for their productions:

   (a) All Documents will be provided with comma delimited Load Files (*i.e.*, .OPT and .DAT files) compatible for litigation support software (*e.g.*, Relativity, etc.) using standard delimiters. Load Files shall be produced showing the Bates number of each page and approximate unitization of the Documents, contain one row per TIFF image, and shall logically group all corresponding images, text and data together in a directory structure with a common key to load the data. The image key shall be named the same as the Bates number of the page. Metadata Load Files shall contain the metadata fields listed in Appendix A to this Joint Report, if available, and include a field with the full path and filename to files produced in native format, if applicable. Image and Metadata Load Files shall be named to mirror the delivery volume, and volume names shall be consecutive for each production. Metadata Load Files must also contain the relative location of the OCR

Text File. For documents and ESI that do not conform to the metadata listed in Appendix A the Parties will meet and confer as to the appropriate metadata fields to be produced.

(b) Except for documents that are to be produced in native format, documents shall be produced in the format of single-page, black and white, 300 DPI, Group IV Tagged Image File Format ("TIFF") images with corresponding extracted full text or text generated via optical character recognition "OCR," if extracted text is unavailable and affiliated metadata described in this Order. Each TIFF image shall be branded with a Confidentiality designation (if any) and Bates number.

(c) All spreadsheets *(e.g.*, Microsoft Excel, xls, xlsx, csv, and other spreadsheet file extensions), presentations (*e.g.*, Microsoft PowerPoint and Keynotes), and media files shall be produced as native files named according to the first Bates number of the corresponding document, along with a corresponding slip sheet endorsed with a confidentiality designation (if any), a Bates number, and shall state, "Document Produced in Native."

3. Except as otherwise noted herein, CesiumAstro and Luther are continuing to meet and confer regarding the format of Luther's productions.

4. Regarding text messages, chats, and instant messages, the parties will continue to confer about the production format and finalize their agreement by May 31, 2024.

5. Parties will exchange privilege logs for any documents withheld on the basis of a claim of privilege which are dated before January 30, 2024.

**8. *What are the subjects on which discovery may be needed?***

The Parties have already agreed on narrow expedited discovery, which is currently ongoing, per the terms of the Parties' two Joint Status Reports (ECF Nos. 20 and 22), which are

detailed further below in response to Question 10.  The Parties expect that this expedited discovery process will clarify the scope and subjects of additional discovery needed, if any.

9. *Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?*

   The Parties have agreed to exchange initial disclosures by no later than May 24, 2024.

10. *What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?*

    The Parties reached agreements on expedited discovery, as memorialized in two Joint Status Reports (ECF Nos. 20 and 22).  This expedited discovery process is currently ongoing.  In short:  (1) CesiumAstro and Luther each served on the other expedited requests for production and interrogatories on April 30, 2024; (2) CesiumAstro and Luther provided written responses and objections to these requests for production and interrogatories by May 20, 2024; (3) CesiumAstro and Luther shall complete productions in response to these requests for production and exchange privilege logs with respect to any documents withheld on the basis of privilege by May 30, 2024; (4) AnySignal shall produce the documents identified in the Court's Order Granting Unopposed Motion for Entry of an Order Regarding Joint Status Report Between CesiumAstro and AnySignal (ECF No. 24) and serve any required privilege log by June 7, 2024, though CesiumAstro and AnySignal are currently discussing the timing of the privilege log deadline; (5) CesiumAstro may depose Luther for up to three hours on the record, with the deposition to occur no later than 14 days after Luther completes his productions in response to CesiumAstro's expedited requests for production; (6) Luther may depose a CesiumAstro representative pursuant to Fed. R. Civ. P. 30(b)(6) for up to three hours on the record regarding no more than five pre-designated topics, with the deposition to occur no later than 30 days after CesiumAstro completes its productions in response to Luther's expedited requests for production; (7) AnySignal will submit to a Fed. R. Civ.

P. 30(b)(6) deposition by written question under Rule 31 on the topics pre-designated in the Joint Status Report Between CesiumAstro and AnySignal (ECF No. 22, ¶ 11), with CesiumAstro to serve its written questions within 14 days of AnySignal completing its production of documents pursuant to item (4) above and AnySignal to provide substantive deposition answers within 14 days after receipt of the deposition questions.

The Parties expect that this expedited discovery process will clarify the scope and subjects of additional discovery needed, if any, including whether discovery may be further phased or limited.

### 11. *What, if any, discovery disputes exist?*

CesiumAstro and Luther are currently meeting and conferring regarding the scope, timing, and format of Luther's document productions pursuant to the expedited discovery process discussed above. These discussions may implicate potential issues related to AnySignal's confidential information and the Court's May 1, 2024 Order (ECF No. 24), which CesiumAstro would dispute.

### 12. *Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?*

The Court's Confidentiality and Protective Order (ECF No. 26. ¶¶ 13, 19) encompasses the substance of a proposed order pursuant to Federal Rule of Evidence 502, rendering a separate order unnecessary.

### 13. *Have the parties discussed early mediation?*

The Parties do not believe that early mediation will be productive. The Parties are willing to reevaluate the possibility of early mediation after completing the expedited discovery process outlined above.

### 14. *Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?*

The Court has already entered a Confidentiality and Protective Order, which was agreed upon by the Parties (ECF No. 26).

As discussed above, CesiumAstro may seek preliminary injunctive relief upon the completion of the expedited discovery phase of this litigation. CesiumAstro will file any such motion no later than 14 days after the completion of the depositions contemplated in paragraph 10 of the Joint Status Report Between CesiumAstro and Luther (ECF No. 20) and any depositions of any AnySignal witnesses conducted during the expedited discovery phase

| | |
|---|---|
| Dated:  May 24, 2024 | Respectfully submitted, |
| O'MELVENY & MYERS LLP | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| */s/ Kristin C. Cope* | /s/ *Collin K. Brodrick* |
| David S. Almeling (*pro hac vice*)<br>dalmeling@omm.com<br>Two Embarcadero Center<br>28th Floor<br>San Francisco, California 94111<br>Telephone:  +1 415 984 8700<br>Facsimile:  +1 415 984 8701 | Collin K. Brodrick<br>TX State Bar No. 24087212<br>OGLETREE, DEAKINS, NASH,<br>    SMOAK & STEWART, P.C.<br>collin.brodrick@ogletree.com<br>8117 Preston Road, Suite 500<br>Dallas, TX  75225<br>214-692-0168 (phone)<br>214-987-3927 (fax) |
| Kristin C. Cope *(pro hac vice)*<br>kcope@omm.com<br>Patrick V. Plassio<br>Texas Bar No. 24102362<br>pplassio@omm.com<br>2801 North Harwood Street, Suite 1600<br>Dallas, Texas  75201<br>Telephone:  +1 972 360 1900<br>Facsimile:  +1 972 360 1901 | ***Attorney for Defendant Erik Luther***<br><br>COOLEY LLP<br><br>/s/ *Phillip E. Morton* |
| ***Attorneys for Plaintiff CesiumAstro, Inc.*** | Phillip E. Morton (*pro hac vice* forthcoming)<br>pmorton@cooley.com<br>1299 Pennsylvania Ave NW Ste 700<br>Washington, DC 20004<br>Telephone: 202-728-7055<br><br>Adam Gershenson (*pro hac vice* forthcoming)<br>500 Boylston Street<br>14th Floor<br>Boston, MA 02116-3736<br>Telephone: +1 617 937 2300<br>Facsimile: +1 617 937 2400<br>agershenson@cooley.com<br><br>***Attorneys for Defendant AnySignal, Inc.*** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on May 24, 2024.

> */s/ Kristin C. Cope*
> Kristin C. Cope

## Appendix A—Metadata Fields

| FIELD | DESCRIPTION | SAMPLE DATA |
|---|---|---|
| **Bates Begin** | Bates number of the first page in the document. | ABC00000001 |
| **Bates End** | Bates number of the last page in the document. | ABC00000015 |
| **Family Begin** | Bates number of the first page in the document family. | ABC00000001 |
| **Family End** | Bates number of the last page in the document family. | ABC00000030 |
| **Page Count** | Number of pages produced. | 15 |
| **Custodian** | The name of the custodian of this document. | Doe, John |
| **All Custodians** | When documents have been globally deduplicated, the names of the other custodians who also possessed the document. | Smith, Mary; Jones, William; Brown, Jane |
| **From** | Author of the e-mail | Doe, John <jdoe@company.com> |
| **To** | Recipient(s) of the e-mail | Smith, Mary msmith@company.com; Jones, Williams jwilliams@company.com |
| **CC** | Copyees of the e-mail | Brown, Jane <jbrown@company.com> |
| **BCC** | Blind Copyees of the e-mail | Doe, John <jdoe@company.com> |
| **E-Mail Subject** | Subject of the e-mail message | RE: Our Project |
| **File Name** | Original file name of the document; may contain the subject of the e-mail for e-mails | RE Our Project.msg MyAttachment.xlsx |
| **File Extension** | Original file extension of the document when it was collected | Msg |
| **Author** | Value of the author field in the native file | Doe, John |
| **Date Sent** | Date e-mail was sent | 12/31/2013 |
| **Time Sent** | Time e-mail was sent | 14:54:27 |
| **Date Received** | Date e-mail was received | 12/31/2013 |
| **Time Received** | Time e-mail was received | 14:54:29 |
| **Date Created** | Date document was created | 12/30/2013 |
| **Time Created** | Time document was created | 18:50:20 |
| **Date Modified** | Date document was last modified | 12/31/2013 |
| **Time Modified** | Time document was last modified | 9:30:15 |
| **Source Path** | Original path to the folder or directory where the document was stored. | Inbox\MyFolder C:\Users\jdoe\My Documents |

| MD5 Hash | Unique identifier generated using the MD5 cryptographic hash function. | D564668821C34200FF3E32C9BFDCCC80 |
| --- | --- | --- |
| **Confidentiality** | The confidentiality designation requested for this document. | Highly Confidential-Attorneys Eyes Only |
| **Text File** | Location of the text file, relative to the root of the volume. | TEXT\000001\ABC00000001.TXT |
| **Native File** | For documents produced natively, a link to the location of the native file, relativity to the root of the volume. | NATIVE\000001\ABC00000015.XLSX |
| **Redacted File** | For redacted documents, identify if a document has redactions | Redaction-Yes or Redaction-No |