# EXHIBIT C

**Plassio, Patrick V.**

| | |
|---|---|
| **From:** | Plassio, Patrick V. |
| **Sent:** | Friday, June 7, 2024 4:32 PM |
| **To:** | Morton, Phillip; Almeling, David; Cope, Kristin |
| **Cc:** | Gershenson, Adam; Strauss, Samantha A; Collin K. Brodrick; Plassio, Patrick V. |
| **Subject:** | RE: CesiumAstro/AnySignal - Motion for Protective Order / Motion to Seal / Identity of "Customer A" and "Investor C" |

Phil,

Your message below is unclear.  You say you are moving to protect "portions of text messages outside the scope of the court's May 1 order."  First, the Court's May 1 order, addressing the discovery CesiumAstro can receive from AnySignal, has no relevance to what CesiumAstro can receive, by agreement, from Luther.  Second, we have not yet received any production of documents or any clear statement that would allow us to identify what materials are at issue here.  Again, it is your meet-and-confer obligation to explain the materials on which you intend to seek a protective order.

And in any event, as noted below, the agreement *with AnySignal* to extend Mr. Luther's production deadline for certain text messages to June 7 in exchange for your agreement not to prevent him from producing these documents was meant *precisely* to avoid motion practice.  Indeed, in the absence of our agreement, Mr. Luther's deadline to produce was May 30 (and thus any motion for protective order would have had to be filed by that day).  We did not agree to extend a deadline for you to file such a motion—we agreed to an extension of the production deadline and  on your agreement to a production, so that we could evaluate what is produced and see if we even have a dispute.  In that sense, your motion is premature, as—again—we do not even know what materials are at issue or what materials, if any, we would be seeking to compel.

You say that the identity of Investor C and Customer A have been at issue for weeks.  But you do not direct us to your objection to the treatment of their identities as Confidential under the Protective Order.  Please do so.  We have no choice but to oppose this portion of your motion as non-compliant with paragraph 11(a) of the Protective Order, which first requires the parties meet and confer regarding any such challenges, and then for the challenging party to issue a written objection to the designation.  You have done neither.  Instead, your attempt to short-circuit that

process by putting us on a three-hour timeline to resolve this issue is inappropriate.  We will oppose this portion of your motion accordingly.

Further, none of the links you have provided actually disclose the information in the complaint with respect to Customer A or Investor C that should not be made public.  For example, the articles about Vast do not disclose that CesiumAstro was involved in the bidding process, that CesiumAstro had a pre-existing relationship with Vast, or that CesiumAstro tasked Luther with developing a proposed partnership plan with a company that Vast later acquired.  Similarly, the links regarding Lavrock do not disclose Luther's connections or AnySignal's solicitations to Lavrock.  We will oppose this portion of your motion on this ground as well.

==In short, we think filing of your motion would be improper and premature, and that you have not provided sufficient information or properly conferred on it yet.==

Patrick V. Plassio
O: +1-972-360-1931
M: +1-717-979-3185
pplassio@omm.com

---

**From:** Morton, Phillip <pmorton@cooley.com>
**Sent:** Friday, June 7, 2024 3:26 PM
**To:** Plassio, Patrick V. <pplassio@omm.com>; Almeling, David <dalmeling@omm.com>; Cope, Kristin <kcope@omm.com>
**Cc:** Gershenson, Adam <agershenson@cooley.com>; Strauss, Samantha A <sastrauss@cooley.com>; Collin K. Brodrick <collin.brodrick@ogletree.com>
**Subject:** Re: CesiumAstro/AnySignal - Motion for Protective Order / Motion to Seal / Identity of "Customer A" and "Investor C"


[EXTERNAL MESSAGE]

Patrick-

The materials that are at issue in the motion are portions of the text messages outside the scope of the court's May 1 order.  We are intending to produce the text message string with redactions as previously agreed to and anticipate that Luther's counsel will produce the same.

Regarding your agreement with Mr. Luther, we were not a party to its negotiation and didn't even know you all had entered into an agreement until after we sent the email below.   Your agreement with Mr. Luther does not impact our right to seek the court's assistance in enforcing the May 1 order

The identity of Investor C and Customer A have been at issue for weeks.  If you'll agree by 6pm CT today that the identifies of Investor C and Customer A can be made public, we will not need to raise that issue

with the Court.  Here are just a few non-exclusive examples of public disclosures which show that any claim of confidential treatment of their identifies by CesiumAstro is meritless:

Customer A
https://www.businesswire.com/news/home/20240212202161/en/AnySignal-and-Vast-Space-Partner-on-Next-Generation-Space-Communication-Technologies
https://anysignal.medium.com/anysignal-and-vast-space-partner-on-next-generation-space-communications-5693053cd2ca

Investor C
https://lavrockvc.com/portfolio/cesium-astro/
https://www.businesswire.com/news/home/20220302005268/en/CesiumAstro-Secures-60-Million-in-Oversubscribed-Series-B-Funding
https://www.linkedin.com/posts/shey-sabripour-4b8033186_cesiumastro-secures-60-million-in-oversubscribed-activity-6904780111887917056-QnFx/

Regards,
Phil

---

**From:** Plassio, Patrick V. <pplassio@omm.com>
**Sent:** Friday, June 7, 2024 2:46 PM
**To:** Morton, Phillip <pmorton@cooley.com>; Almeling, David <dalmeling@omm.com>; Cope, Kristin <kcope@omm.com>
**Cc:** Gershenson, Adam <agershenson@cooley.com>; Strauss, Samantha A <sastrauss@cooley.com>; Collin K. Brodrick <collin.brodrick@ogletree.com>; Plassio, Patrick V. <pplassio@omm.com>
**Subject:** RE: CesiumAstro/AnySignal - Motion for Protective Order / Motion to Seal / Identity of "Customer A" and "Investor C"

**[External]**

---

Phil,

We are surprised by AnySignal's intention to move for a protective order today, as it is contrary to the extensive discussions between the parties.

- First, it is unclearly precisely what materials are at issue in your forthcoming motion; please identify them immediately.  We have a signed agreement on the scope of discovery between CesiumAstro and Mr. Luther.  We also have a signed agreement on the scope of discovery between AnySignal and CesiumAstro, with one issue therein finalized by the Court's ruling on our request.   As you know, we consented to both agreements on the basis of what each party was agreeing to

provide. It was not until after finalizing those agreements that AnySignal indicated a desire to limit *Mr. Luther's* production. The only documents in Mr. Luther's possession you have ever sought to prevent him from producing, consistent with the scope of discovery to which we agreed with him and with his discovery obligations, are text message communications between Mr. Luther and AnySignal's John Malsbury, which you have postured contain AnySignal's confidential information. We therefore assume and expect that your motion seeks only a protective order as to those communications, as those are the only ones you have mentioned and about which we have met and conferred. If you seek any further restrictions, we disagree that you have met and conferred on that issue. Therefore, we request you to identify precisely what materials are at issue in your proposed motion.

- Second, regarding the text messages, our position has always been (and Mr. Luther's counsel has agreed) that we are entitled to full discovery of the agreed scope of materials from Mr. Luther. We made known our position that we would have to move to compel production of any materials that are relevant and responsive under each of the different discovery agreements, that Mr. Luther at AnySignal's insistence chose to withhold. But AnySignal postured that if it was allowed to propose narrowly-tailored redactions of Mr. Luther's materials, we would be able to discern the content of the conversations. With the benefit of at least the redacted communications in hand, the parties could then assess the need for motion practice going forward (if any). In other words, you are aware that CesiumAstro did not agree that any redaction of those communications was proper; CesiumAstro agreed to allow redactions to happen as a first step, in exchange for extending Mr. Luther's deadline to produce these documents, for the *very purpose of avoiding motion practice* for the parties and the Court at this stage. Your sudden declaration of an intention to file a motion for protective order is contrary to our discussions and agreement, and completely nullifies the very purpose of our arrangement for an initial redaction step (and an extension of Mr. Luther's deadline to produce those texts) in the first place.

- Third, AnySignal committed just last week to producing those redacted copies of communications and coordinating with Mr. Luther so that his productions would include similar redactions at AnySignal's request. We expect AnySignal today to

abide by the agreement memorialized in Samantha's May 30, 2024 email (8:29PM CT):  "AnySignal agrees that it will produce redacted copies of the communications with Mr. Luther by June 7 and that it will coordinate with Mr. Luther to produce a mirror copy by June 7."  Please confirm.

We do not oppose your request to seal any portion of your motion.

We are unaware of any objection that AnySignal has made to the "Confidential" treatment of the identities of Customer A and Investor C under the Protective Order.  When we initially disclosed their identities under a "Highly Confidential – Attorney's Eyes Only" designation, you expressly *did not* challenge that treatment under paragraph 11 of the Protective Order.  *See* May 3, 2024 (6:43PM CT) email from Morton to Plassio, et al. ("Without prejudice to our right to challenge this confidentiality designation, please confirm that we may share this information with personnel at AnySignal.").  We agreed to downgrade this designation to "Confidential" so that you could share the identities with your client.  *See* May 7, 2024 (9:27AM CT) email from Plassio to Morton, et al.  We heard nothing further on this issue; in other words, this is the first time we have heard AnySignal object to the Confidential designation on these identities.  If AnySignal believes that the identities of Customer A and Investor C should be public, the proper avenue is through paragraph 11 of the Protective Order.  Your proposed path of bypassing the protective order and filing a motion on this issue without meeting and conferring is improper.  We would oppose on this ground and others.  Further, precisely because this is the first time you are raising this issue, we are unaware of the "materials in the public domain" to which you are referring.  Please identify those immediately as well.

Patrick V. Plassio

O: +1-972-360-1931

M: +1-717-979-3185

pplassio@omm.com

**From:** Morton, Phillip <pmorton@cooley.com>
**Sent:** Friday, June 7, 2024 9:45 AM
**To:** Plassio, Patrick V. <pplassio@omm.com>; Almeling, David <dalmeling@omm.com>; Cope, Kristin <kcope@omm.com>
**Cc:** Gershenson, Adam <agershenson@cooley.com>; Strauss, Samantha A <sastrauss@cooley.com>; Collin K. Brodrick <collin.brodrick@ogletree.com>
**Subject:** CesiumAstro/AnySignal - Motion for Protective Order / Motion to Seal / Identity of "Customer A" and "Investor C"

[EXTERNAL MESSAGE]

Patrick and David-

Following up on our earlier meet and confer, we explained that AnySignal may need to move for a protective order regarding the disclosure of information of AnySignal's that is outside the scope of the Court's May 1 Order. AnySignal intends to do so today. ==We consider our meet and confer complete on the topic, but if you believe a further meet and confer would be productive, please let us know.==

Additionally, we plan to move to seal portions of our motion for protective order that reference certain information in CesiumAstro's discovery responses to Mr. Luther, the identification of "Customer A" and "Investor C", and public materials referencing the parties that also identify "Customer A" and "Investor C". We presume you wish to keep this information under seal, but we are available to meet and confer if you believe it is necessary.

AnySignal maintains its objection to the confidential treatment of the identity of "Customer A" and "Investor C", as materials in the public domain identify relationships between AnySignal and "Customer A" and between "Investor C" and CesiumAstro. To date, CesiumAstro has not moved for an order maintaining the confidentiality of their identities. To ensure there is no ambiguity on whether AnySignal can publicly reference their identities and given the exigencies of expedited discovery, AnySignal's motion for protective order today will ask the Court to make the identity of "Customer A" and "Investor C" public.

Regards,

Phil

Phillip E. Morton

Cooley LLP

+1 202 728 7055 office

+1 703 298 2746 mobile

pmorton@cooley.com

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.